**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

SAINT-GOBAIN PERFORMANCE
PLASTICS EUROPE,

        Plaintiff,

     v.

BOLIVARIAN REPUBLIC OF
VENEZUELA; PETRÓLEOS DE
VENEZUELA, S.A.,

        Defendants.

Civil Action No.: _____

## COMPLAINT TO REGISTER AND ENFORCE ICSID ARBITRATION AWARD AS A FOREIGN JUDGMENT

Saint-Gobain Performance Plastics Europe ("Plaintiff" or "Saint-Gobain"), by and through its undersigned counsel, for its complaint (the "Complaint") hereby petitions this Court for an order pursuant to 22 U.S.C. § 1650a and 28 U.S.C. § 1738 registering as a foreign judgment an arbitral award ("the Award"), dated November 3, 2017 (Yanos Decl., Ex. 1),[1] and issued under the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270 (the "ICSID Convention" or the "Convention") in favor of Saint-Gobain and against Defendant the Bolivarian Republic of Venezuela ("Venezuela"), in a dispute arising from Venezuela's expropriation of Saint-Gobain's investment. Pursuant to 22 U.C.S. § 1650a, pecuniary obligations created by awards issued pursuant to the ICSID Convention "shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several

---

[1] As used in this Complaint, "Yanos Decl." refers to the December _, 2018, Declaration of Alexander A. Yanos in Support of Saint-Gobain's Complaint to Register and Enforce ICSID Arbitration Award as a Foreign Judgment.

1

States," while "[t]he Federal Arbitration Act (9 U.S.C. 1 et seq.) shall not apply to enforcement of awards rendered pursuant to the convention."

Therefore, 28 U.S.C. § 1738 requires that the Award be registered as a foreign judgment and granted full faith and credit in this district. Because this action involves a foreign sovereign, the registration of the Award as a foreign judgment must proceed following service pursuant to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602 *et seq.*

In support of its Complaint, Saint-Gobain further alleges as follows:

### Parties, Jurisdiction, and Venue

1.      Plaintiff Saint-Gobain is a corporation organized and existing under the laws of France. It is an indirect and wholly-owned subsidiary of Compagnie de Saint-Gobain and a member of the Compagnie de Saint-Gobain group of companies.

2.      Defendant Venezuela is a foreign state within the meaning of the FSIA.

3.      Defendant Petróleos de Venezuela S.A. ("PDVSA") is, as this Court has already found, an alter ego of Venezuela. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 1:17-mc-00151, 2018 U.S. Dist. LEXIS 138978, *71 (D. Del. Aug. 9, 2018) (finding that "PDVSA may be deemed the alter ego of Venezuela . . . ."). PDVSA is an instrumentality of Venezuela within the meaning of 28 U.S.C. § 1603(b) and does business in Delaware through its wholly owned subsidiary and a Delaware corporation, PDV Holding, Inc. ("PDVH"). *Id.*

4.      The Court has jurisdiction over Defendants pursuant to 28 U.S.C. §§ 1330(a) and 1605(a) and 22 U.S.C. § 1650a. In particular, Venezuela waived its immunity from the jurisdiction of this Court under 28 U.S.C. § 1605(a)(1) by becoming a party to the ICSID Convention and to the Treaty. Venezuela is likewise subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1605(a)(6)(B) because this action seeks confirmation of an award governed by a treaty in force in the United States calling for the recognition and enforcement of

2

arbitral awards, namely the ICSID Convention.  In addition, the Court has subject matter jurisdiction pursuant to 22 U.S.C. § 1650a because this Complaint seeks to enforce a pecuniary obligation created by an arbitral award rendered under the ICSID Convention.

5.      Venue in this District is proper under 28 U.S.C. § 1391(f)(3) because Defendant PDVSA is an instrumentality of Venezuela that does business in Delaware through PDVH. Venue is also proper under 28 U.S.C. § 1738 because the final judgment of a court of general jurisdiction of one of the several States is entitled to "full faith and credit" in "every court within the United States," while 22 U.C.S. § 1650a requires that an ICSID award must be "given the same full faith and credit" as "a final judgment of a court of general jurisdiction of one of the several States."

6.      The Court may exercise personal jurisdiction over Venezuela and its alter ego PDVSA pursuant to 28 U.S.C. § 1330(b).

## The ICSID Convention and the Treaty

7.      The ICSID Convention establishes a framework for the arbitration of investment disputes between "Contracting States" and nationals of other "Contracting States."  *See* Yanos Decl., Ex. 2 (the ICSID Convention).  The Convention also establishes the International Centre for Settlement of Investment Disputes ("ICSID"), a part of the World Bank, to administer arbitral proceedings governed by the ICSID Convention, including the arbitration yielding the Award.

8.      Article 25(1) of the ICSID Convention gives tribunals acting within the ICSID framework jurisdiction over "any legal dispute arising directly out of an investment, between a Contracting State . . . and a national of another Contracting State, which the parties to the dispute agree in writing to submit to the Centre."

9.      The ICSID Convention also obliges Contracting States to enforce ICSID awards. Article 54(1) of the Convention provides that:

> Each Contracting State shall recognize an award rendered pursuant to this Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that state.  A Contracting State with a federal constitution may enforce such an award in or through its federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state.

10.     The United States has been a Contracting State to the ICSID Convention since 1966.  The United States' obligations under Article 54(1) of the Convention are implemented in U.S. law at 28 U.S.C. § 1650a(a), which in relevant part states:

> An award of an arbitral tribunal rendered pursuant to chapter IV of the Convention shall create a right arising under a treaty of the United States. The pecuniary obligations imposed by such an award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States.

11.     Awards rendered under the ICSID Convention are not subject to the same review under the Federal Arbitration Act as other international arbitration awards and do not require confirmation in the manner prescribed by the Federal Arbitration Act.  This is established clearly at 28 U.S.C. § 1650a, which states "[t]he Federal Arbitration Act (9 U.S.C. 1 *et seq*.) shall not apply to enforcement of awards rendered pursuant to the Convention."  *See also Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 102 (2d Cir. 2017) ("Member states' courts are . . . not permitted to examine an ICSID award's merits, its compliance with international law, or the ICSID tribunal's jurisdiction to render the award; under the Convention's terms, they may do no more than examine the judgment's authenticity and enforce the obligations imposed by the award.").

12.     Instead, and by design, review of ICSID awards is encapsulated within the procedural framework of the ICSID Convention itself.  ICSID Awards may be annulled or set aside only by specially-constituted *ad hoc* committees appointed by the Chairman of the

4

Administrative Council of ICSID (*ex officio* the President of the World Bank) on specific grounds enumerated in the ICSID Convention. *See* Yanos Decl., Ex. 2 Arts. 52-53.

13.     The ICSID Convention entered into force for Venezuela on June 1, 1995. Venezuela formally withdrew from the ICSID Convention on January 25, 2012, with effect from July 25, 2012. Venezuela's withdrawal from the ICSID Convention has no bearing on this case. Under Article 72 of the ICSID Convention, a State's notice of withdrawal from the Convention "shall not affect the rights or obligations under th[e] Convention of that State . . . arising out of consent to the jurisdiction of [ICSID] given . . . before such notice was received." *Id.*, Ex. 2.

14.     Here, in Article 8 of the France-Venezuela Bilateral Investment Treaty dated April 30, 2004, France and Venezuela consented to submit disputes with one another's investors arising under the Treaty to ICSID. Saint-Gobain accepted Venezuela's offer to arbitrate Treaty disputes by notices of dispute sent to Venezuela July 4, 2011 and January 17, 2012. *See id.*, Ex. 1 ¶¶ 249, 253. Therefore, both parties consented to arbitrate this dispute before Venezuela's denunciation of the ICSID Convention.

15.     Indeed, Venezuela has never disputed the Tribunal's jurisdiction over Saint-Gobain's expropriation claims under the Treaty or the ICSID Convention.

**The Arbitration and the Award**

16.     On March 29, 2011, Venezuelan President Hugo Chávez decreed the expropriation of Saint-Gobain's 99.99% interest in NorPro Venezuela C.A., a company which manufactured ceramic proppants used during fracking to keep induced hydraulic fractures "propped" open. *See* Yanos Decl., Ex. 1 ¶¶ 245-47.

17.     Saint-Gobain filed a request for ICSID arbitration against Venezuela on May 25, 2012. In its Request, Saint-Gobain sought compensation for Venezuela's unlawful expropriation of its investment in Venezuela. *Id.* ¶¶ 5, 266.

18.     Saint-Gobain's request for arbitration was registered as ICSID Case Number ARB/12/13 on June 15, 2012.

19.     Consistent with the ICSID Convention and Arbitration Rules, a three-member Tribunal was constituted for the case.  Three eminent international lawyers constituted the Tribunal: Judge Charles N. Brower, a U.S. citizen and former judge of the Iran-U.S. Claims Tribunal, appointed by Saint-Gobain; Mr. Gabriel Bottini, an Argentine citizen and former Director of International Affairs and Disputes of the Treasury-Attorney General's Office of Argentina, appointed by Venezuela; and Prof. Dr. Klaus Sachs, a German citizen and noted international arbitrator, jointly selected by the parties as President of the Tribunal.

20.     Following the exchange of voluminous written submissions, the Tribunal held a four-day oral hearing at the World Bank from February 2 to 5, 2015.

21.     On December 30, 2016, the Tribunal rendered a Decision on Liability and the Principles of Quantum ("Decision on Liability").  *See* Yanos Decl., Ex. 3 (Decision on Liability). In the Decision on Liability, the Tribunal found that Venezuela had breached Article 5 of the Treaty by expropriating Saint-Gobain's investment without paying compensation.  *See id.* ¶ 908.

22.     The Decision on Liability also discussed, at length, the principles upon which the Tribunal would assess the quantum of compensation to be paid to Saint-Gobain.  *See id.* ¶¶ 566-905.  The Tribunal then gave the parties two months to attempt to reach agreement on the amount of compensation to be paid to Saint-Gobain, failing which it would hear further submissions on outstanding quantum issues.  *See id.* ¶ 907.

23.     Venezuela and Saint-Gobain were not able to reach agreement on the quantum of compensation to be paid.  The parties accordingly submitted further extensive pleadings and

expert testimony on the appropriate quantum of compensation for Venezuela's unlawful expropriation of Saint-Gobain's investment.

24.    Subsequently, on November 3, 2017, the Tribunal issued its Award pursuant to Chapter IV (Articles 48-49) of the ICSID Convention.  The Tribunal ordered Venezuela to pay Saint-Gobain compensation as follows:

(i)    US$ 29.6 million as the principal amount of compensation for the expropriation of Saint-Gobain's investment in Venezuela;

(ii)    US$ 4.8 million as pre-award interest from May 15, 2010 through March 31, 2017, with further pre-award interest through November 3, 2017 to be calculated at a rate equal to 2% over the average 6-month U.S. Treasury bill rate, compounded annually;

(iii)    Post-award interest on the principal amount of compensation at a rate equal to 2% over the average 6-month U.S. Treasury bill rate, compounded annually;

(iv)    The costs of the arbitration, in the amount of US$ 1,303.189.99;

(v)    Two-thirds of Saint-Gobain's legal fees and expenses in the amount of US$ 4,634,532.05; and

(vi)    Post-award interest on costs at a rate equal to 2% over the average 6-month U.S. Treasury bill rate, compounded annually.

*See* Yanos Decl., Ex. 1 ¶ 72.

25.    A detailed calculation of amounts payable under the Award (US$ 42,342,379.31 as of December 7, 2018) is attached.  *See* Yanos Decl., Ex. 4.

26.    The Award is binding on Venezuela and its alter ego PDVSA.  Pursuant to Article 53 of the ICSID Convention, Venezuela and its alter ego PDVSA are obligated to "abide by and

comply with the terms of the award" unless and "except to the extent that enforcement shall have been stayed" by an *ad hoc* committee constituted under Article 52 of the ICSID Convention.

27.    The Award has not been stayed.  To the contrary, an ICSID *ad hoc* committee constituted on June 7, 2018 at Venezuela's request has expressly *refused* to stay the Award.

28.    In a Procedural Order issued on October 24, 2018 (the "Procedural Order"), the *ad hoc* committee found "no circumstances that require the stay of enforcement of the Award." *See* Yanos Decl., Ex. 5 (Procedural Order, dated Oct. 24, 2018) ¶ 25.  The *ad hoc* committee also announced the suspension of its proceedings due to Venezuela's repeated failure to pay mandatory advances on costs.  *See id.* ¶¶ 27-30.

29.    Neither Venezuela nor its alter ego PDVSA have paid any of the amounts due under the Award.

## COUNT ONE

### For Registration of the Award as a Foreign Judgment
### Pursuant to 22 U.S.C. § 1650a

30.    Plaintiff Saint-Gobain restates and reincorporates all of the foregoing paragraphs of this Complaint as though fully set forth herein.

31.    The Award was rendered by an arbitral tribunal pursuant to the ICSID Convention.

32.    Article 54(1) of the ICSID Convention requires Contracting States to "recognize an award rendered pursuant to [the ICSID] Convention as binding and enforce the pecuniary obligations imposed by that award within its territories as if it were a final judgment of a court in that State."

33.     Article 54(1) is incorporated into U.S. law by 22 U.S.C. § 1650a, which requires that the Award "shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States."

34.     Finally, 28 U.S.C. § 1738 requires this Court to accord full faith and credit to the judgments of the several states.

35.     For all these reasons, the Court should register the Award as a Foreign Judgment.

## COUNT TWO

### For Enforcement of the Award Pursuant to 22 U.S.C. § 1650a

36.     Plaintiff Saint-Gobain restates and reincorporates all of the foregoing paragraphs of this Complaint as though fully set forth herein.

37.     22 U.S.C. § 1650a, requires that "[t]he pecuniary obligations imposed by" the Award "shall be enforced as if the award were a final judgment of a court of general jurisdiction of one of the several States."

38.     For all these reasons, the Court should enforce the pecuniary obligations of the Award.

## PRAYER FOR RELIEF

WHEREFORE, Saint-Gobain respectfully requests that the Award be registered in this Court and that such Judgment be made a final personal judgment of this Court in favor of Saint-Gobain and against Venezuela and its alter ego, PDVSA, and directing as follows:

A. Ordering Venezuela and PDVSA to pay to Saint-Gobain an amount equal to the pecuniary obligations of the Award (calculated at US$ 42,342,379.31 as of December 7, 2018), and comprising:

   a. US$ 29.6 million as the principal amount of compensation for the expropriation of Saint-Gobain's investment in Venezuela; plus US$ 4.8

million as pre-award interest from May 15, 2010 through March 31, 2017, with further pre-award interest through November 3, 2017 in the amount of US$ 542,189.80, and post-award interest rate of 2% over the average 6-month U.S. Treasury bill rate, compounded annually (equal to US$ 1,218,115.14 as of December 7, 2018);

b.  US$ 1,303,189.99 as the costs of the arbitration; and US$ 4,634,532.05 representing two-thirds of Saint-Gobain's legal fees and expenses, both subject to post-award interest through the date of satisfaction of the Award at a rate of 2% over the average 6-month U.S. Treasury bill rate, compounded annually (equal to US$ 244,352.32 as of December 7, 2018); and

B.  Granting such other and further relief against Venezuela and PDVSA as the Court may deem just and proper.

10

Dated: December 12, 2018     PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Laura Davis Jones*
Laura Davis Jones (Bar No. 2436)
Peter J. Keane (Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
E-mail: ljones@pszjlaw.com
   pkeane@pszjlaw.com

– and –

Alex Yanos, *pro hac vice pending*
Carlos Ramos-Mrosovsky, *pro hac vice pending*
Rajat Rana, *pro hac vice pending*
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: 202-210-9400
Fax: 212-210-9444
Email: alex.yanos@alston.com
   carlos.ramos-mrosovsky@alston.com
   rajat.rana@alston.com

*Counsel for Plaintiff Saint-Gobain Performance Plastics Europe*

11