# Exhibit 5

**INTERNATIONAL CENTRE FOR SETTLEMENT OF INVESTMENT DISPUTES**

**Saint-Gobain Performance Plastics Europe**
Respondent on Annulment

**v.**

**Bolivarian Republic of Venezuela**
Applicant on Annulment

**(ICSID Case No. ARB/12/13) – Annulment Proceeding**

**PROCEDURAL ORDER No. 2**

*Members of the Committee*
Prof. Ricardo Ramirez Hernandez, President of the *ad hoc* Committee
Ms. Olufunke Adekoya, Member of the *ad hoc* Committee
Prof. Lawrence Boo, Member of the *ad hoc* Committee

*Secretary of the Committee*
Mr. Francisco Grob

October 24, 2018

*Saint-Gobain Performance Plastics Europe v. Bolivarian Republic of Venezuela*
(ICSID Case No. ARB/12/13) – Annulment Proceeding

## I.    INTRODUCTION

1.    Pursuant to ICSID Arbitration Rules 19 and 53, this procedural order addresses the place of arbitration, the stay of enforcement of the Award and the suspension of the proceedings.

## II.    BACKGROUND TO THIS ORDER

2.    Venezuela submitted its Application for Annulment on March 5, 2018. It requested simultaneously that enforcement of the Award be stayed until the Application is decided.

3.    On March 12, 2018, the Acting Secretary-General registered Venezuela's Application and notified the parties that enforcement of the Award was provisionally stayed pursuant to Rule 54(2) of the ICSID Arbitration Rules.

4.    The Committee was constituted on June 7, 2018, and, on June 13, 2018, the Secretariat requested that the Applicant make a first advance payment of US$250,000, due thirty days later.

5.    On June 14, 2018, the Respondent on Annulment (Saint-Gobain) sent a letter arguing that, unless the Applicant (Venezuela) establish the circumstances that require the continuation of the stay of enforcement, the stay should terminate automatically within 30 days of the constitution of the Committee, i.e., by July 7, 2018.

6.    On June 27, 2018, Venezuela notified the Committee that it opposed Saint-Gobain's position and that it would seek to continue the stay of enforcement of the Award.

7.    By letter dated July 5, 2018, the Committee confirmed that the First Session was to be held at the World Bank Facilities in Paris on August 21, 2018; invited the parties to try to agree on a procedural timetable by July 9, 2018; and as contemplated by Arbitration Rule 54(2), decided to maintain the provisional stay on the enforcement of the Award until it had an opportunity to review the parties' submissions and to issue a further decision on the matter.

8.    On July 6, 2018, the parties notified the Committee of their agreed procedural calendar whereby the Applicant would file its Memorial in Support of a Continued Stay by July 25, 2018, and the Respondent on Annulment would file its Counter-Memorial by August 13, 2018.

9.    On July 11, 2018 and by instructions of the Committee, the Secretary of the Committee sent the parties a draft agenda for the First Session and a draft Procedural Order No. 1.

10.    On July 25, 2018, pursuant to the parties' agreed procedural calendar, the Applicant filed its Memorial in Support of a Continued Stay. On the same day, the parties were notified that ICSID had not yet received the first advance payment of US$250,000 as requested in its letter of June 13, 2018. The President of the Committee invited the Applicant to inform the Committee by July 30, 2018 of (a) the steps that it had taken in order to make the payment and (b) the estimated date by which ICSID should expect to receive it.

*Saint-Gobain Performance Plastics Europe v. Bolivarian Republic of Venezuela*
(ICSID Case No. ARB/12/13) – Annulment Proceeding

11.    On July 30, 2018, counsel for the Applicant notified the Committee that it was seeking instructions from Venezuela and that it would revert as soon as it had an answer.

12.    On August 1, 2018, the Committee urged Venezuela to provide additional information with regard to the steps taken to pay the first advance requested by ICSID in its letter of June 13, 2018. Unless payment was received by August 10, 2018, the First Session would have to be postponed.

13.    On the same day, Saint-Gobain requested that should Venezuela fail to make the payment before the deadline imposed by the Committee, the provisional stay of enforcement of the Award should be automatically lifted.

14.    On August 10, 2018, the Committee invited Venezuela to submit proof of having transferred the funds, as soon as possible and no later than by August 13th. In the same communication, the Committee informed the parties that the Hearing date in Paris was vacated until further notice.

15.    On August 13, 2018, Venezuela informed the Committee that the advance payment had not yet been made due to administrative reasons, and that the payment was being processed. On the same day, the Committee granted Venezuela's request to respond to Saint-Gobain's letter of August 1st. Also, on the same day, Saint-Gobain filed its Counter-Memorial in Opposition to a Continued Stay of Enforcement of the Award.

16.    On August 15, 2018, Venezuela filed a reply to Saint-Gobain's letter of August 1st. On August 17, 2018, Saint-Gobain submitted a response to Venezuela's letter. On August 20, 2018, Venezuela filed a response to Saint-Gobain's letter of August 17th, and reiterated its position detailed in its letter of August 15th.

17.    On August 21, 2018, the Committee held its first session via teleconference among its members in accordance with ICSID Arbitration Rule 13(1). The Committee discussed various procedural matters, which the parties have argued over in their written submissions. The Committee invited the parties to make a further submission addressing the stay of enforcement and each Party's proposal concerning the place of arbitration pursuant to section 10 of the draft Procedural Order No. 1. On the same day, ICSID invited either party to pay the outstanding amount of US$250,000, noting that failing to do so would lead to the suspension of the proceedings.

18.    On September 5, 2018, Venezuela filed a reply in Support of a Continued Stay of Enforcement. It also elaborated upon the reasons to propose Paris as the place of the proceedings.

19.    On September 14, 2018, Saint-Gobain filed a rejoinder in further opposition to a Continued Stay of Enforcement. It also discussed the reasons underlying its preference for Washington D.C. as the place of the proceedings.

*Saint-Gobain Performance Plastics Europe v. Bolivarian Republic of Venezuela*
(ICSID Case No. ARB/12/13) – Annulment Proceeding

20.    On September 28, 2018, the Committee issued Procedural Order No. 1 concerning various aspects of the organization of the proceedings.

21.    As no payment was received, on October 23 the Secretary-General of ICSID moved that this Committee stay the proceedings in the present case pursuant to Regulation 14 of the Centre's Administrative and Financial Regulations.

### III.    PLACE OF ARBITRATION

22.    Venezuela proposes that Paris, France should be the place of the proceedings. Paris is a world-renowned place of arbitration and is ideally located taking into account the geographical location of the parties and members of the *ad hoc* Committee. In addition, these considerations are relevant to cost implications and may impact the advance payments required, for which Venezuela would be responsible.

23.    Saint-Gobain submits that Washington, D.C. should be the place of the proceedings. The hearings in the underlying arbitration took place in Washington, D.C., which is also the presumptive place of ICSID proceedings absent agreement otherwise. Venezuela's decision to engage new counsel based in Paris provides no reason to increase Saint-Gobain's costs in this regard.

24.    The Committee notes that under Article 62 of the Convention, the proceedings "*shall* be held at the seat of the Centre" (emphasis added), which applies *mutatis mutandis* to the present annulment proceedings under Article 52(4). Although Article 63 provides an exception permitting the Committee to hold its proceedings on other places (*e.g.*, at the Permanent Court of Arbitration or elsewhere), this exception applies only "if the parties so agree". No such agreement has been reached in this case. The proceedings will be held, accordingly, at the seat of the Centre in Washington, D.C

### IV.    STAY OF THE AWARD'S ENFORCEMENT

25.    Having reviewed the parties' arguments and deliberated by different means, the Committee is of the view that there are no circumstances that require the stay of enforcement of the Award. The stay is therefore lifted.

26.    The Committee will provide its reasons in writing after payment of the outstanding advance is received.

### V.    SUSPENSION OF THE ANNULMENT PROCEEDINGS

27.    In accordance with Rule 14(3)(e) of ICSID's Administrative and Financial Regulations, an applicant on annulment bears sole responsibility for making advance payments for costs (without prejudice to a later decision by the Committee regarding the allocation of costs as between the parties). Such advance payments are necessary to defray the costs incurred by the Centre and to pay the fees and expenses of Committee members.

*Saint-Gobain Performance Plastics Europe v. Bolivarian Republic of Venezuela*
(ICSID Case No. ARB/12/13) – Annulment Proceeding

28.  In the present case, Venezuela has been asked to provide updates regarding the status of the advance payment. Venezuela has reiterated its disposition to make payment, but no funds have been received. Meanwhile, the Committee has held a First Session and issued two procedural orders including this one.

29.  The payment is now 14 weeks overdue, and the Secretary-General of ICSID has moved that this Committee stay the proceedings. The Applicant, on the other hand, has given no specific indication on which payment can be expected.

30.  Until payment is received, the Committee will therefore suspend the proceedings as provided for in Regulation 14 of the Centre's Administrative and Financial Regulations. It is not appropriate for the Centre to continue to incur costs and for the Committee members to continue to accrue fees under these circumstances.

## VI.  ORDER

31.  Accordingly, the Committee hereby selects Washington, D.C. as the place of the proceedings; lifts the stay of enforcement of the Award, effective today, October 24, 2018, and stays the proceedings until payment of the advance requested on June 13, 2018, is received.

On behalf of the Committee,

_____
Ricardo Ramírez Hernández
President of the Committee