## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SAINT-GOBAIN PERFORMANCE
PLASTICS EUROPE,

       Plaintiff,

      v.

BOLIVARIAN REPUBLIC OF
VENEZUELA; PETRÓLEOS DE
VENEZUELA, S.A.,

       Defendants.

Civil Action No.: 1:18-cv-01963-LPS

### DECLARATION OF ALEXANDER A. YANOS

      I, ALEXANDER A. YANOS, declare as follows:

1.  I am an attorney of record for Plaintiff and Arbitration Award Creditor Saint-Gobain Performance Plastics Europe ("Plaintiff" or "Saint-Gobain") in this case.  I make this declaration based on my personal knowledge in support of Saint-Gobain's request for the Clerk to enter default against the Bolivarian Republic of Venezuela ("Venezuela") and its alter-ego Petróleos de Venezuela S.A. ("PDVSA") (collectively "Defendants").

2.  On May 25, 2012, Saint-Gobain commenced an arbitration against Venezuela by filing a request for arbitration with the International Centre for Settlement of Investment Disputes ("ICSID") seeking compensation for Venezuela's unlawful expropriation of its investment in Venezuela.  D.I. # 1, ¶ 17.  The request for arbitration was registered by the Secretary-General of ICSID on June 15, 2012, and a three-member arbitral tribunal (the "Tribunal") held a four-day oral hearing at the World Bank from February 2 to 5, 2015.  *Id.*, ¶¶ 18-20.

3.  On December 30, 2016, the Tribunal rendered a Decision on Liability and the Principles of Quantum.  D.I. # 3, Ex. 3.

1

4. On November 3, 2017, the Tribunal issued its Award ordering Venezuela to pay compensation to Saint-Gobain.  D.I. # 3, Ex. 1.

5. A worksheet detailing the calculation of compensation and cost awarded by the arbitral tribunal to Saint-Gobain as of April 24, 2019 (US$ 42,967,000.10) is attached as Exhibit 1.

6. On December 12, 2018, Saint-Gobain commenced this action to enforce the pecuniary obligations of and give full faith and credit to the arbitration award.  D.I. # 1.

7. On December 14, 2018, in compliance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial matters (the "Hague Service Convention"), Saint-Gobain couriered: (*i*) duly-executed USM-94 "Request for Service Abroad of Judicial or Extrajudicial Documents" in duplicate English and Spanish versions addressed to each of Venezuela and its alter-ego PDVSA, together with duplicate English and Spanish copies of: (*ii*) the summons and Complaint in this action, (*iii*) five supporting exhibits, and (i*v*) notice of right to consent to trial before a magistrate judge, to the Central Authority designated by Venezuela for international service of process pursuant to the Hague Service Convention.  A true and correct copy of the documents transmitted by Saint-Gobain to Venezuela's Central Authority for service on Venezuela and its alter ego, PDVSA, are attached as Exhibits 2 and 3.

8. Deliveries to Venezuela's Central Authority were made on December 21 and December 27, 2018 and signed for by T. Flores and I. Ruiz, employees of the Central Authority, respectively.  A true and correct copy of the proofs of delivery are attached as Exhibits 4 and 5.

9. Venezuela's "Central Authority," however, is the Office of Consular Relations of Venezuela's Ministry of the Popular Power for External Relations (*Ministerio del Poder Popular para Relaciones Exteriores*) (the "Foreign Ministry").  A true and correct copy of information

2

relating to Venezuela's Central Authority provided by Venezuela to the Hague Conference on Private International Law is attached as Exhibit 6.

10. Service on Venezuela was thus complete no later than December 27, 2018 because Venezuela was *itself* the party to be served and no further action by the Venezuelan Foreign Ministry was required to complete service.  Likewise, service on Venezuela's alter-ego, PDVSA, was complete no later than December 27, 2018 because the Foreign Ministry's acceptance of duly-executed USM-94 form and accompanying documents addressed to Venezuela's alter ego, PDVSA, effectuated service on PDVSA.

11. Venezuela and PDVSA have not responded within 60 days of their acceptance of Saint-Gobain's Complaint as required under 28 U.S.C. § 1608(d); no pleading has been filed and none served upon the attorney for the plaintiff; no extension has been given and the timing for filing has expired; and Defendants are neither an infant nor an incompetent persons.

12. The Clerk is requested to enter a default against Venezuela and its alter ego, PDVSA.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York

April 24, 2019

Alex Yanos
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel:    212-210-9400
Fax:    212-210-9444
alex.yanos@alston.com

3