ABRAMS & BAYLISS LLP
20 MONTCHANIN ROAD, SUITE 200
WILMINGTON, DE  19807
MAIN:  302-778-1000
FAX:  302-778-1001

A. THOMPSON BAYLISS

DIRECT DIAL NUMBER
302-778-1033
BAYLISS@ABRAMSBAYLISS.COM

November 22, 2019

**VIA ELECTRONIC FILING AND HAND DELIVERY**

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware  19801-3555

> Re:    *Saint-Gobain Performance Plastics Europe* v. *Bolivarian Republic of Venezuela and Petróleos de Venezuela, S.A.*, C.A. No. 18-cv-01963-LPS

Dear Chief Judge Stark:

We represent the Bolivarian Republic of Venezuela (the "Republic") and Petróleos de Venezuela, S.A. ("PDVSA") in the above-referenced matter, in which plaintiff Saint-Gobain Performance Plastics Europe ("Plaintiff") seeks to register and enforce an arbitral award rendered against the Republic.   PDVSA was not a party to the underlying arbitration.   Plaintiff seeks to enforce the arbitral award against the Republic by having the Court enter a judgment and, further, to obtain a judgment imposing primary liability on PDVSA for the arbitral award based on an alter ego theory.   Plaintiff's pending motion for a default judgment against the Republic and PDVSA, and defendants' motion to vacate the Clerk's order of default, are scheduled to be argued before Your Honor on December 5.

We write to bring three recent developments to the Court's attention.  First, on November 21, 2019, Venezuelan Sanctions Regulations (the "Amendments") were issued by the Office of Foreign Assets Control ("OFAC") that prohibit Plaintiff from enforcing any judgment in this matter without first obtaining a specific license from OFAC.  A copy of the Amendments, which were published and are effective today, is attached.

Specifically, the Amendments make clear that the prohibitions under OFAC's Venezuelan Sanctions Regulations apply to property and interests in property blocked pursuant to Executive Orders 13850 and 13884, which the President issued after this Court's decision in *Crystallex I*.  The Executive Orders provide that the property and interests in property of PDVSA and the Republic "may not be transferred," and the Regulations define "transfer" with extraordinary breadth:  "The term *transfer* means any … act … the purpose … of which is to … create … transfer, or alter … any right … power, privilege, or interest with respect to any property."  31 C.F.R. § 519.310.

The Honorable Leonard P. Stark
November 22, 2019
Page 2

Therefore, there is no question that OFAC's prohibition on "the issuance, docketing or filing" of a "judgment, decree, attachment" or "garnishment" of blocked property applies to the property blocked by Executive Orders 13850 and 13884, namely all property of the Republic and PDVSA in the United States.

We also note that on November 21, the Third Circuit denied the pending petitions for panel and *en banc* rehearing in *Crystallex International Corp.* v. *Bolivarian Republic of Venezuela*, Nos. 18-2797 & 18-3124 (3d Cir. Nov. 21, 2019).  *See* Order Sur Pet'n for Reh'g, No. 18-2797 (3d Cir. Nov. 21, 2019).  As discussed at the conference before the Court in this matter on November 13, the Republic and PDVSA intend to seek Supreme Court review of the Third Circuit's decision on the basis that the Third Circuit's *Crystallex* decision conflicts with decisions of other Courts of Appeals on two separate grounds.

Finally, on November 8, the U.S. District Court for the Southern District of New York granted motions to transfer venue in two actions to enforce arbitration awards against Italy.  *See Greentech Energy Sys. A/S v. Italian Republic*, Case No. 19-cv-03444 (S.D.N.Y.); *CEF Energia, B.V. v. Italian Republic*, Case No. 19-cv-03443 (S.D.N.Y.).  The investors in those cases had filed petitions to confirm the awards in New York state court.  Italy removed to federal court and then moved to transfer to the District of Columbia.  The district court granted the motions, explaining that "[t]his is a civil action against a foreign state, in which no party is a citizen or resident of the United States and no event or omission giving rise to the claim or any other aspect of the claim has any connection to New York, and the selection of its proper venue as the United States District Court for the District of Columbia provided by 28 U.S.C. § 1391(f)(4) ('Civil actions against a foreign state') prevails."  The same is true in this case, which has been brought by a French entity, and in which no acts, omissions, parties, or property have any relevant connection to Delaware.

We do not believe that the above developments affect the pending motions.  However, should this matter proceed forward after the hearing of the pending motions, PDVSA and the Republic intend to seek a stay of the proceedings until the *Crystallex* merits appeal is resolved.

Respectfully Submitted,

ABRAMS & BAYLISS LLP

/s/ *A. Thompson Bayliss*
A.  Thompson Bayliss (#4379)
*Counsel for the Bolivarian Republic of Venezuela*

The Honorable Leonard P. Stark
November 22, 2019
Page 3

HOGAN LOVELLS US LLP

/s/ *Scott R. Haiber*
Scott R. Haiber (DE ID 2995)
*Counsel for Petróleos de Venezuela, S.A.*

ATB/scc
Attachment
cc:     All Counsel of Record (via email)