# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**VIA ECF**

December 11, 2019

The Honorable Leonard P. Stark
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801-3555

*Re*: *Saint-Gobain Performance Plastics Europe v. Bolivarian Republic of Venezuela et al.*, C.A. No. 18-cv-01963-LPS

Plaintiff Saint-Gobain Performance Plastics Europe (***Saint-Gobain***) respectfully submits this letter in response to the letter from Venezuela and PDVSA, dated December 9, 2019, concerning the purported impact on the above-captioned case of the Venezuela sanctions "FAQs" published earlier this week by the Department of the Treasury's Office of Foreign Assets Control (***OFAC***).

Venezuela raises only FAQ 808 in connection with Saint-Gobain's pending motion for a default judgment on its ICSID award pursuant to 22 U.S.C. § 1650a, contending that Saint-Gobain's case should be "stayed" until Saint-Gobain obtains a "specific license" from OFAC.  A straightforward reading of FAQ 808 shows that this position is meritless. Saint-Gobain is not presently seeking any remedy for which a specific license would be required, according to FAQ 808.  Saint-Gobain's pending motion seeks no more than an order converting its ICSID Award into a judgment of this Court against Venezuela and its alter-ego PDVSA.  Saint-Gobain's motion simply does not call for either "the entry into a settlement agreement or the enforcement of any lien, judgment, or other order through execution, garnishment, or other judicial process purporting to transfer or otherwise alter or affect property or interests in property blocked pursuant to the Venezuela Sanctions Regulations."[1]

To the contrary, FAQ 808 makes clear that "a specific license from OFAC is not ordinarily required to initiate or continue U.S. legal proceedings" against Venezuela and its alter-ego PDVSA.

If, in due course, Saint-Gobain seeks to enter into a settlement agreement governed by the Venezuela Sanctions Regulations or to enforce a judgment against Venezuela and its

---

[1] Indeed, Saint-Gobain's motion for a default judgment pursuant to 22 U.S.C. § 1650a seeks none of the remedies listed in FAQ 808 as requiring licensing. Saint-Gobain is not: (*i*) Taking Possession (Actual or Constructive); (*ii*) Seizing; (*iii*) Levying Upon; (*iv*) Attaching; (*v*) Encumbering; (*vi*) Pledging; (*vii*) Conveying; (*viii*) Selling (Final or Contingent); (*ix*) Freezing (*x*) Assuming or Maintaining Custody; or (*xi*) Sequestering any interests in blocked property.

The Honorable Leonard P. Stark
United States District Court
District of Delaware

December 11, 2019
Page 2


alter-ego PDVSA "through execution, garnishment, or other judicial process" directed at property blocked pursuant to the Venezuelan Sanctions Regulations, Saint-Gobain will do so in in compliance with all applicable regulations.  Until such time, however, Saint-Gobain does not require OFAC licensing to pursue its case before this Court.

Respectfully submitted,

*Alexander A. Yanos, pro hac vice*
*Counsel for Saint-Gobain Performance Plastics Europe*


CC:    All counsel of record (vis ECF)