**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SAINT-GOBAIN PERFORMANCE
PLASTICS EUROPE,

        Plaintiff,

    v.

BOLIVARIAN REPUBLIC OF
VENEZUELA

        Defendant

Civil Action No.: 1:20-cv-00129-RC

**STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE
ISSUE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7(h), Plaintiff Saint-Gobain Performance Plastics Europe ("Saint-Gobain") submits the following Statement of Material Facts As To Which There Is No Genuine Issue and that entitle Saint-Gobain to judgment as a matter of law.

1. Plaintiff Saint-Gobain is a corporation organized and existing under the laws of France. It is an indirect and wholly-owned subsidiary of Compagnie de Saint-Gobain and a member of the Compagnie de Saint-Gobain group of companies. Complaint, ECF No. 1, ¶ 1.

2. Defendant Bolivarian Republic of Venezuela ("Venezuela") is a foreign state within the meaning of the Foreign Sovereign Immunities Act. *Id.*, ¶ 2; *see also* 28 U.S.C. §§ 1602 et seq.

3. The United States has been a Contracting State to the Convention on the Settlement of Investment Disputes between States and Nationals of Other States ("ICSID Convention" or "Convention") since 1966. The United States' obligations under Article 54(1) of the Convention are implemented in U.S. law at 28 U.S.C. § 1650a(a). Complaint, ECF No. 1, ¶ 10.

4.    The ICSID Convention entered into force for Venezuela on June 1, 1995. Venezuela formally withdrew from the ICSID Convention on January 25, 2012, with effect from July 25, 2012. *Id.*, ¶ 13. Venezuela's withdrawal from the ICSID Convention has no bearing on this case because both parties consented to arbitrate this dispute before Venezuela's denunciation of the ICSID Convention took effect. Indeed, Venezuela has never disputed the Tribunal's jurisdiction over Saint-Gobain's claims under the Treaty or the ICSID Convention.

5.    Saint-Gobain was a French investor in Venezuela protected by the France-Venezuela Bilateral Investment Treaty of April 15, 2004 ("the Treaty"). First Yanos Decl., Ex.1, ¶ 5 (ECF No. 3-1).

6.    Venezuela's withdrawal from the ICSID Convention has no bearing on this case. Complaint, ECF No. 1, ¶ 13.

7.    In Article 8 of the France-Venezuela Bilateral Investment Treaty dated April 30, 2004, France and Venezuela consented to submit disputes with one another's investors arising under the Treaty to ICSID. Saint-Gobain accepted Venezuela's offer to arbitrate Treaty disputes by notices of dispute sent to Venezuela July 4, 2011 and January 17, 2012. First Yanos Decl., Ex.1, ¶¶ 249, 253.

8.    Saint-Gobain accepted Venezuela's standing offer to arbitrate Treaty disputes with French investors by sending notices of dispute to Venezuela on July 4, 2011 and January 17, 2012. *Id.*, Ex.1, ¶¶ 249, 253.

9.    Saint-Gobain then filed a request for ICSID arbitration against Venezuela on May 25, 2012, seeking compensation for Venezuela's unlawful expropriation of its investment in Venezuela. *Id.*, Ex. 1, ¶¶ 5, 266.

10.    Saint-Gobain's request for arbitration was registered as ICSID Case Number ARB/12/13 on June 15, 2012.

11.    On December 30, 2016, the Tribunal rendered a Decision on Liability and the Principles of Quantum ("Decision on Liability").  *Id.*, Ex. 3 (ECF No. 3-3).

12.    The Tribunal then gave the parties two months to attempt to agree on the compensation to be paid to Saint-Gobain, failing which it would hear further submissions on quantum issues.  *Id.* ¶ 907 (ECF No. 3-3).

13.    On November 3, 2017, the Tribunal issued its Final Award pursuant to Chapter IV (Articles 48-49) of the ICSID Convention.  In the Award, the Tribunal ordered Venezuela to pay Saint-Gobain compensation as follows:

(i)    US$ 29.6 million as the principal amount of compensation for the expropriation of Saint-Gobain's investment in Venezuela;

(ii)   US$ 4.8 million as pre-award interest from May 15, 2010 through March 31, 2017, with further pre-award interest through November 3, 2017 to be calculated at a rate equal to 2% over the average six-month U.S. Treasury bill rate, compounded annually;

(iii)  Post-award interest on the principal amount of compensation at a rate equal to 2% over the average six-month U.S. Treasury bill rate, compounded annually;

(iv)   The costs of the arbitration, in the amount of US$ 1,303,189.99;

(v)    Two-thirds of Saint-Gobain's legal fees and expenses in the amount of US$ 4,634,532.05; and

(vi)   Post-award interest on costs at a rate equal to 2% over the average six-month U.S. Treasury bill rate, compounded annually.

*Id.*, Ex. 1, ¶ 72 (ECF No. 3-1).

14.    On March 12, 2018, the Secretary-General of ICSID registered Venezuela's application for annulment of the Award pursuant to Article 52(5) of the ICSID Convention.

15.    Regulation 14(3)(e) of ICSID's Administrative and Financial Regulations provides that "the applicant [for annulment] shall be solely responsible for making the advance payments [to ICSID] . . . to cover expenses following the constitution of the [*ad hoc*] Committee."

16.    Venezuela failed to make a single payment towards the expenses of its annulment application, thus causing the suspension of the proceedings before the *ad hoc* committee on October 24, 2018.

17.    On April 25, 2019, the Acting Secretary-General of ICSID directed that the *ad hoc* committee discontinue the annulment proceeding pursuant to ICSID's Administrative and Financial Regulations on account of Venezuela's continued failure to pay mandatory advances on costs.  Third Yanos Decl., Ex. 1 (ECF No. 11-2).

18.    On August 15, 2019, the *ad hoc* committee discontinued the annulment proceeding for "lack of payment of the initial advance payment" by Venezuela.  Fourth Yanos Decl., Ex. 1.

19.    On December 12, 2018, Saint-Gobain filed this action before the United States District Court for the District of Delaware to enforce the pecuniary obligations of the Award against Venezuela and its adjudged alter-ego Petróleos de Venezuela S.A. ("PDVSA").  (ECF No. 1).

20.    Thereafter, Saint-Gobain served Venezuela with the Summons and Complaint in this action pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (1969), ("Hague Service Convention"), to which Venezuela is a party.

21.     Specifically, on December 14, 2018, Saint-Gobain couriered: (*i*) duly-executed USM-94 "Request for Service Abroad of Judicial or Extrajudicial Documents" forms in duplicate English and Spanish versions addressed to both Venezuela and PDVSA, together with duplicate English and Spanish copies of: (*ii*) the summons and Complaint in this action, (*iii*) five supporting exhibits, and (*iv*) notice of right to consent to trial before a magistrate judge, to the Central Authority designated by Venezuela for international service of process pursuant to the Hague Service Convention.  Second Yanos Decl., Exs. 2-3 (ECF No. 9-2, 9-3).

22.     Deliveries to the Foreign Ministry were made on December 21, 2018 and December 27, 2018 and signed for by T. Flores and I. Ruiz, employees of the Foreign Ministry, respectively. *Id.*, Exs. 4-5 (ECF No. 9-4, 9-5); *see* Fourth Yanos Decl., Ex. 3, Tr. 36:1-2; 57:9-12.

23.     The Clerk of the United States District Court for the District of Delaware subsequently entered a default against Venezuela on June 12, 2019.  (ECF No. 10).

24.     Saint-Gobain moved for a default judgment on June 24, 2019.  (ECF No. 11).

25.     Over a month later, on August 7, 2019, counsel for Venezuela and PDVSA opposed Saint-Gobain's motion for default judgment and asked the court to vacate the clerk's entry of default. (ECF Nos. 16 and 18).

26.     On December 13, 2019, Chief Judge Leonard P. Stark of the United States District Court for the District of Delaware ruled that Saint-Gobain had properly served Venezuela pursuant to the Hague Service Convention.  (ECF No. 39 at pp. 21-22).

27.     Venezuela has not paid any of the amounts owed under the Award, upon which interest continues to accrue.

28.     Calculated as of March 9, 2020, the amount owed is US$ 44,229,629.66, which includes:

(a) US$ 29.6 million as the principal amount of compensation for the expropriation of Saint-Gobain's investment in Venezuela; plus US$ 4.8 million as pre-award interest from May 15, 2010 through March 31, 2017, with further pre-award interest through November 3, 2017 in the amount of US$542,189.80, and post-award interest rate of 2% over the average 6-month U.S. Treasury bill rate, compounded annually.

(a) US$ 1,303,189.99 as the costs of the arbitration; and US$ 4,634,532.05 representing two-thirds of Saint-Gobain's legal fees and expenses, both subject to post-award interest through the date of satisfaction of the Award at a rate of 2% over the average 6-month U.S. Treasury bill rate, compounded annually.

Dated: March 9, 2020                                 Respectfully submitted,

ALSTON & BIRD LLP
Alexander A. Yanos
Carlos Ramos-Mrosovsky
Rajat Rana
90 Park Avenue
New York, NY 10016
Telephone: 212-210-9400
Facsimile: 212-210-9444
alex.yanos@alston.com
carlos.ramos-mrosovsky@alston.com
rajat.rana@alston.com

*Counsel for Plaintiff Saint-Gobain Performance Plastics Europe*