UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE, | ) | Civil Action No. 20-129 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | ) | March 6, 2020 |
| | ) | 2:56 p.m. |
| Defendant. | ) | Washington, D.C. |
| | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE RUDOLPH CONTRERAS,
UNITED STATES DISTRICT COURT JUDGE**

<u>**APPEARANCES**</u>:

FOR THE PLAINTIFFS:        ALEXANDER A. YANOS
                           CARLOS RAMOS-MROSOVSKY
                           Alston & Bird LLP
                           90 Park Avenue
                           New York, NY 10016
                           (212) 210-9400
                           Email: Alex.yanos@alston.com

FOR THE DEFENSE:           KENT A. YALOWITZ
                           STEPHEN K. WIRTH
                           SALLY PEI
                           Arnold & Porter Kaye Scholer LLP
                           250 West 55th Street
                           New York, NY 10019
                           (212) 836-8344
                           Email: Kent.yalowitz@arnoldporter.com

Court Reporter:            Elizabeth Saint-Loth, RPR, FCRR
                           Official Court Reporter
                           U.S. Courthouse
                           Washington, D.C.  20001

**P R O C E E D I N G S**

THE DEPUTY:  This is Civil Action 20-129, Saint-Gobain Performance Plastics Europe versus Bolivarian Republic of Venezuela.

Counsel, please step forward to the podium and state your appearances for the record.

MR. YANOS:  Alexander Yanos from Alston & Bird. I am here with Carlos Ramos-Mrosovsky.

THE COURT:  Good afternoon.

MR. YALOWITZ:  Good afternoon.

I am Kent Yalowitz from Arnold & Porter.  My colleagues are Sally Pei and Stephen Wirth.  I represent the Republic under the instruction of Juan Guaido.

THE COURT:  Good afternoon, all.

And why is Judge Stark sending me his work?

I once supervised him.  It should work the other way around.

MR. YANOS:  Your Honor, this case was transferred from Delaware because we had initially moved to enforce the award.  It's an ICSID award directly in Delaware since Judge Stark had previously found that Delaware and PDVSA were alter egos in the Crystallex case which you are familiar with, as I am.  I was counsel before you in that case.

Just background, although --

THE COURT:  I know very little of the case.  So

give me as much background as you think I need.

MR. YANOS:  Sure.  This is an ICSID award not like Crystallex.  Meaning, ICSID has two ways that it -- the International Centre For Settlement of Investment Disputes, which is an arm of the World Bank, has two ways that it resolves investment treaty arbitrations.  One is the one you already experienced with Crystallex; those are called additional facility arbitrations where one state is a party to the convention, the other state is not.  At that time Canada was not, Venezuela was.

Where both states are a party that's called, sort of, a regular ICSID arbitration.  In this case, my client is French as well as, obviously, a sovereign.  And the reason that I bring that up is because there is no New York convention applicable to the enforcement of these ICSID awards.  Instead, there is a separate convention, the Washington convention, which applies and is enforced in the United States through 22 U.S.C. 1650(a), which just provides, very simply, that the New York convention doesn't apply; the FAA doesn't apply.  And every award has the same status as the judgment of one of the Supreme Courts of the several states.

So, essentially, for the purposes of the enforcement of an ICSID award, you can think of our award as a judgment of the Supreme Court of New Jersey, which is why

we went to Delaware originally.  But Judge Stark held that that was then, this is now, on the subject of whether PDVSA and Venezuela are alter egos for purposes of our case.  The question of whether they're alter egos for purposes of Crystallex is now before the Supreme Court on a Cert Petition.

So he transferred the case to Washington because this is the default jurisdiction for all cases involving sovereigns where there is no specific finding of the state doing business in another jurisdiction, and the claim that Venezuela was doing business in Delaware was contingent upon that alter ego finding.  But he did, in sending it here, decide that we had served Venezuela properly, which was the basis for their motion to dismiss.  That's --

THE COURT:  So, in your view, what happens next?

MR. YANOS:  We file a motion for summary judgment on Monday.

THE COURT:  Okay.  Soon.

MR. YANOS:  Yes.  Obviously, Mr. Yalowitz will tell you -- but I understand -- he will oppose.  He will explain that Judge Stark was dead wrong on the service issue.  We'll say that it's the law of the case and it's, therefore, not before you at this time.  It's already decided.  But he will be preserving his right to complain to the D.C. Circuit on that issue.

THE COURT:  Okay.  Let me hear from Mr. Yalowitz.

MR. YALOWITZ:  Okay.  Thank you, Your Honor.

In substance, I think we're fundamentally in the same place as to what's before you.

Let me begin by saying that the Republic of Venezuela as recognized by the United States, as represented by me, as led by interim President Guaido, deplores the expropriations that took place in the past, including the expropriation of this claimant's property.

As you and I are well aware, the Republic at the present time faces a humanitarian crisis; the Republic faces a constitutional crisis.  And the Republic is facing economic collapse that is more severe than what this country faced in the Great Depression.  The humanitarian crisis is worse than anywhere on earth other than Syria right now.

Having said that, the Guaido government, with a lot of things on its plate -- one of the things on its plate is dealing with $150 billion of legacy claims, debt claims, as well as claims like the claim in this case.  They have announced a process that involves recognition, reconciliation, and ultimate payment that is going to take time.

This case is far enough along with an arbitral award which has been examined closely by the Republic, and we have no -- we are not going to challenge the merits of

the arbitral award in this or any other court.  The arbitral award -- as a matter of substance, the Republic is prepared to accept as the reconciliation of Saint-Gobain's claim.

Most of the holders of the $150 billion of claims against the Republic understand that there is a humanitarian crisis that is one of the worst on planet earth.  They understand that there is a constitutional crisis, and that there is a priority for restoring democracy.  They understand that economic collapse is going to take time to get resolved.  There are some claimants however -- all of those claimants are forbearing.  The vast majority of the claimants are forbearing.

There are some claimants who have determined to exercise their legal rights; they're entitled to do that.  Nobody says they can't do that.  So, for those few claimants who have determined to exercise their legal rights, the Republic has decided that it is going to require those claimants to turn square corners.

So one of the things that a claimant against a foreign sovereign has to do -- as Your Honor knows, they have to serve in accordance with the Foreign Sovereign Immunities Act.  That didn't happen here.

As Mr. Yanos says, that was one of the issues that was before Judge Stark; and he issued an order on that saying that he found service to be adequate.  In the

ordinary course, that would be an issue that would go up on appeal and, you know, that's why we have appellate courts.

There is a jurisdictional wrinkle in the United States Code that has caused some disarray among the circuits about whether, as in this case, the D.C. Circuit can review a decision of a court -- on a district court embraced by another circuit.

And so the best practice is to re-file any motion that you feel needs to be reviewed in order to preserve appellate jurisdiction so that the D.C. Circuit can consider this Court's decision and, therefore, we just have to raise this in order to preserve the Republic's appellate rights.

I'd be happy to talk to you about the service issue now. My intention is to brief it as a cross motion in response to Mr. Yanos's motion.

THE COURT: That would be fine.

MR. YALOWITZ: You know, we'll try to work out a briefing schedule with him.

Although I know Venezuela is an important country, we have a fairly small team on this case and we have some bandwidth issues. We may need longer than the standard two weeks; but it won't be a lot longer. And as I said, we don't have any contention on the merits of the arbitral award.

And we have also -- by the way, we have offered --

there is a -- there is a channel of service that is open that the Republic is not contesting.  This claimant is free to use it.  They have determined as a strategic matter that they don't want to, so that's up to them.  But if they insist on having the current complaint -- their current record on service, we have no choice but to oppose it.  So that's where we are.

THE COURT:  Okay.  So if they file their motion on Monday, how much time do you think you will --

MR. YALOWITZ:  I think if we had four weeks, that would be adequate, Your Honor.

THE COURT:  Okay.  Do you guys have any opposition to four weeks?

MR. YANOS:  Four weeks is fine.  Thank you, Your Honor.

THE COURT:  Okay.  You are definitely filing on Monday?

MR. YANOS:  Yes.

THE COURT:  Okay.  So Monday is what day, Tanya?

THE DEPUTY:  Monday is the 9th, Judge.

THE COURT:  The 9th.  The motions for summary judgment will be due on March 9th.

Four weeks thereafter is?

THE DEPUTY:  Four weeks is the 6th of April.

THE COURT:  The 6th.

And you will file your cross motion then as well?

MR. YALOWITZ:  Yes.

THE COURT:  Okay.  How much time do you want?

MR. YANOS:  A week is plenty for us.  Thank you, Your Honor.

MR. YALOWITZ:  And then a week on reply will be fine.

THE COURT:  Okay.  I am going to give you two weeks.  Two weeks after the 6th is --

THE DEPUTY:  20th.

THE COURT:  -- the 20th.

And then an additional week after that is the 27th?

THE DEPUTY:  Additional week?

MR. YALOWITZ:  We best take two then, Your Honor.

THE DEPUTY:  So two weeks after that?  Two weeks after the 20th?

THE COURT:  Yes.  Two weeks after the 20th.

THE DEPUTY:  May 4.

THE COURT:  May 4th.  Okay.  My docket is not as full as Judge Stark's, but it's pretty full.

I think the key is to get the first motion filed and to get in my queue.  How long the rest of the stuff takes really doesn't change much.

Anything else we need to cover today?

MR. YALOWITZ:  Not from the Republic, Your Honor.

MR. YANOS:  Nothing from the plaintiff, Your Honor.

THE COURT:  Okay.  Thank you.  Have a good weekend.

MR. YALOWITZ:  Okay.  Thank you.

(Whereupon, the proceeding concludes, 3:10 p.m.)

* * * * *

**<u>CERTIFICATE</u>**

I, ELIZABETH SAINT-LOTH, RPR, FCRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings to the best of my ability.

Dated this 9th day of March, 2020.

/s/ Elizabeth Saint-Loth, RPR, FCRR
Official Court Reporter