# EXHIBIT B

# GACETA OFICIAL

## DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA

| | | |
|---|---|---|
| AÑO CXLIII - MES III | Caracas, miércoles 30 de diciembre de 2015 | N° 6.210 Extraordinario |

## SUMARIO

**PRESIDENCIA DE LA REPÚBLICA**

Decreto N° 2.163, mediante el cual se dicta el Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Rango Valor y Fuerza de Ley de Impuesto Sobre la Renta.

Decreto N° 2.165, mediante el cual se dicta el Decreto con Rango, Valor y Fuerza de Ley Orgánica que Reserva al Estado las Actividades de Exploración y Explotación del Oro y demás Minerales Estratégicos.

Decreto N° 2.167, mediante el cual se dicta el Decreto con Rango, Valor y Fuerza de Ley del Régimen Cambiario y sus Ilícitos.

Decreto N° 2.169, mediante el cual se dicta el Decreto con Rango, Valor y Fuerza de Ley de Impuesto a las Grandes Transacciones Financieras.

Decreto N° 2.170, mediante el cual se dicta el Decreto con Rango, Valor y Fuerza de Ley Orgánica de Fronteras.

Decreto N° 2.171, mediante el cual se dicta el Decreto con Rango, Valor y Fuerza de Ley Orgánica para el Desarrollo de las Actividades Petroquímicas.

Decreto N° 2.173, mdiante el cual se dicta el Decreto con Rango Valor y Fuerza de Ley Orgánica de la Procuraduría General de la República.

Decreto N° 2.174, mediante el cual se dicta el Decreto con Rango, Valor y Fuerza de Ley Orgánica de la Administración Financiera del Sector Público.

Decreto N° 2.175, mediante el cual se dicta el Decreto con Rango, Valor y Fuerza de Ley del Estatuto de la Función Policial.

## PRESIDENCIA DE LA REPÚBLICA

### DECRETO CON RANGO, VALOR Y FUERZA DE LEY DE REFORMA DEL DECRETO CON RANGO, VALOR Y FUERZA DE LEY DE IMPUESTO SOBRE LA RENTA

### EXPOSICIÓN DE MOTIVOS

La guerra económica instaurada por sectores contrarios al Estado Socialista, obliga a efectuar cambios trascendentales en el ordenamiento jurídico de la República Bolivariana de Venezuela, a los fines de garantizar el desarrollo de los ciudadanos y ciudadanas, el respeto a su dignidad, la construcción de una sociedad justa y la promoción de la prosperidad y el bienestar del pueblo.

En este sentido el Ejecutivo Nacional, considera necesario dictar en el marco de la Ley Habilitante, un Decreto con Rango, Valor y Fuerza de Ley de Reforma de Impuesto Sobre la Renta, a los fines de aportar más progresividad y equidad al sistema tributario en correspondencia con la concepción del Estado Socialista, inspirado en el marco de la Constitución y el Plan de la Patria.

Durante la última década, la recaudación del impuesto sobre la renta se ha mantenido estable, lo cual no guarda relación con el comportamiento de la economía venezolana en su conjunto. Si se revisan las cifras oficiales, es fácil observar que, en dicho período, la recaudación del impuesto sobre la renta no ha sufrido variaciones significativas en cuanto a su participación en el producto interno bruto.

La reforma parcial elimina el ajuste por inflación fiscal, el cual se ha constituido en un mecanismo de disminución injustificada del pago de impuesto.

Asimismo, se modifican los criterios de disponibilidad de la renta, reduciendo los supuestos de enriquecimientos disponibles en el momento en que son cobrados, y aumentando los casos de rentas que serán gravadas en el momento en que se realizan las operaciones que las producen, para establecer una tributación con criterio preeminentemente dirigido a considerar como parte de la utilidad fiscal, supuestos que en la actualidad aparecen como "Ingresos contabilizados y no cobrados".

Finalmente, se eliminan las eximentes de responsabilidad establecidas en la Ley, dado que las mismas se encuentran previstas de manera genérica en el Código Orgánico Tributario.

| | |
|---|---|
| Decreto N° 2.163 | 29 de diciembre de 2015 |

**NICOLÁS MADURO MOROS**
**Presidente de la República**

Con el supremo compromiso y voluntad de lograr la mayor eficacia política y calidad revolucionaria en la construcción del socialismo, y el engrandecimiento del País, basado en los principios humanistas, y en las condiciones morales y éticas Bolivarianas, por mandato del pueblo, en ejercicio de las atribuciones que me confiere el numeral 8 del artículo 236 de la Constitución de la República Bolivariana de Venezuela y de conformidad con lo dispuesto en el numeral 2, del artículo 1 de la Ley que Autoriza al Presidente de la República para dictar Decretos con Rango, Valor y Fuerza de Ley en las Materias que se le delegan, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela N° 6.178 Extraordinario de fecha 15 de marzo de 2015, en Consejo de Ministros.

**DICTO**

El siguiente,

### DECRETO CON RANGO, VALOR Y FUERZA DE LEY DE REFORMA DEL DECRETO CON RANGO, VALOR Y FUERZA DE LEY DE IMPUESTO SOBRE LA RENTA

**Artículo 1°.** Se modifica el artículo 5°, en los términos que se indican a continuación:

> *"**Artículo 5°.** Los ingresos se considerarán disponibles desde que se realicen las operaciones que los producen, salvo en las cesiones de crédito y operaciones de descuento, cuyo producto sea recuperable en varias anualidades, casos en los cuales se considerará disponible para el cesionario el beneficio que proporcionalmente corresponda.*
>
> *Los ingresos provenientes de créditos concedidos por bancos, empresas de seguros u otras instituciones de crédito y por los contribuyentes indicados en los*

Refrendado
El Ministro del Poder Popular para
la Juventud y el Deporte
(L.S.)

PEDRO JOSE INFANTE APARICIO

Refrendado
La Ministra del Poder Popular para
los Pueblos Indígenas
(L.S.)

CLARA JOSEFINA VIDAL VENTRESCA

Refrendado
La Ministra del Poder Popular
para la Mujer y la Igualdad de Género
y Quinta Vicepresidenta Sectorial
para el Desarrollo Social y la Revolución
de las Misiones
(L.S.)

GLADYS DEL VALLE REQUENA

Refrendado
La Ministra del Poder Popular
para el Servicio Penitenciario
(L.S.)

MARÍA IRIS VARELA RANGEL

Refrendado
El Ministro del Poder Popular para
Transporte Acuático y Aéreo
(L.S.)

GIUSEPPE ANGELO CARMELO YOFFREDA YORIO

Refrendado
El Encargado del Ministerio del Poder Popular
para Transporte Terrestre y Obras Públicas
(L.S.)

LUIS ALFREDO SAUCE NAVARRO

Refrendado
El Ministro del Poder Popular
para la Energía Eléctrica
(L.S.)

LUIS ALFREDO MOTTA DOMÍNGUEZ

Refrendado
El Ministro de Estado para la
Nueva Frontera de Paz
(L.S.)

GERARDO JOSÉ IZQUIERDO TORRES

## DECRETO CON RANGO, VALOR Y FUERZA DE LEY ORGÁNICA DE LA PROCURADURÍA GENERAL DE LA REPÚBLICA

### EXPOSICION DE MOTIVOS

La Procuraduría General de la República es un Organismo de rango constitucional, que no puede permanecer ajeno a las efectivas transformaciones, tanto orgánicas como normativas de la Administración Pública, las cuales ameritan que la Institución se mantenga en constante actualización a los fines de la adecuación a una nueva concepción de nuestro ordenamiento jurídico y el perfeccionamiento de las competencias atribuidas a este Organismo, que día a día debe desplegar con firmeza la doble función que le asigna la Constitución de la República Bolivariana de Venezuela, la representación y defensa judicial y extrajudicial y el rol de órgano superior de consulta de la Administración Pública.

Así, la institución debe afianzar el derecho a la autodeterminación de la República Bolivariana de Venezuela o el derecho de nuestro pueblo a la libre determinación, ya que este derecho tiene un lugar privilegiado en la Carta de la Organización de las Naciones Unidas (ONU) y en los dos Pactos Internacionales de Derechos Humanos de 1.966, y en muchos otros tratados internacionales, así pues se regula la posibilidad de que la Procuraduría extienda su rol como garante de los intereses de la República a través de sus servidores quienes con ocasión de su gestión pudieran ser afectados por acciones injerencistas de Poderes Extranjeros.

Es por ello que puede afirmarse que el derecho de los pueblos a la autodeterminación constituye la base fundamental del Derecho Internacional Contemporáneo; sin embargo, es frecuente observar cómo los principios democráticos y los derechos humanos son vaciados de contenido por la promoción y la puesta en práctica de un orden económico injusto y desigual, derivado de la privatización y la mercantilización de casi todos los ámbitos de la vida, en detrimento de la soberanía por excelencia de los Estados, menoscabando el derecho a la defensa de sus intereses, entre ellos los intereses patrimoniales.

A fin de rehabilitar el derecho a la soberanía de los pueblos sobre sus recursos naturales, y sus riquezas, componente esencial del derecho a la autodeterminación; se considera entonces que siendo deber constitucional de la Procuraduría General de la República asesorar, defender y representar judicial y extrajudicialmente los intereses patrimoniales de la República, ésta debe velar por la protección de la soberanía y de esta manera evitar que gobierno extranjero alguno pueda intervenir en el libre y soberano ejercicio de ese derecho fundamental.

De esta manera, uno de los objetivos de este Decreto Ley es garantizar el derecho a la autodeterminación de los pueblos, el refuerzo de la actuación frente a acciones o amenazas injerencistas de estados o poder extranjeros, siendo el deber de la Procuraduría General de la República velar por la protección de estos derechos, y como consecuencia de ello, incidir en el reconocimiento expreso de su carácter constitucional de representante exclusivo judicial y extrajudicial-, tanto a nivel nacional como internacional, en la defensa de los derechos, bienes e intereses patrimoniales de la República.

Se instituye entonces, en este Decreto Ley, de manera formal, el deber de la Procuraduría General de la República de velar por el derecho a la soberanía del pueblo y su autodeterminación, pudiendo actuar de oficio o a instancias de las máximas autoridades en pro de ese derecho; incluyéndose además, un Capítulo que tiende a facilitar aún más, la actuación judicial de este organismo a nivel internacional, a través de la posibilidad de convertir recursos en divisas para sufragar los gastos asociados a la representación de la República cuando trascienda las fronteras patrias.

Por otra parte, se regula lo relativo a las faltas del Procurador o Procuradora General de la República, clasificando las faltas en absolutas, temporales y accidentales, estableciendo en forma legal y expresa, la suplencia de las faltas temporales e interinarias a cargo del Viceprocurador o Viceprocuradora General de la República, esto como necesaria garantía a la permanente protección de los intereses de la República.

Decreto N° 2.173                30 de diciembre de 2015

**NICOLAS MADURO MOROS**
**Presidente de la República**

Con el supremo compromiso y voluntad de lograr la mayor eficacia, política y calidad revolucionaria en la construcción del Socialismo, la refundación de la Patria venezolana, basado en principios humanistas, sustentado en condiciones morales y éticas que persiguen el progreso del país y del colectivo, y en ejercicio de la atribución que me confiere el numeral 8 del artículo 236 de la Constitución de la República Bolivariana de Venezuela, y de conformidad con lo establecido en el numeral 1 del artículo 1 de la Ley que Autoriza al Presidente de la República para dictar Decretos, con Rango, Valor y Fuerza de Ley, para reforzar la soberanía y protección del pueblo venezolano y el orden constitucional de la República, en Consejo de Ministros.

**DICTO**

El siguiente,

### DECRETO CON RANGO, VALOR Y FUERZA DE LEY ORGÁNICA DE LA PROCURADURÍA GENERAL DE LA REPÚBLICA

#### TÍTULO I
#### DISPOSICIONES FUNDAMENTALES

**Objeto**

**Artículo 1°.** Este Decreto con Rango, Valor y Fuerza de Ley tiene por objeto establecer las normas relativas a la

#### Variaciones de sueldo

**Artículo 69.** Las variaciones de sueldo decretadas por el Ejecutivo Nacional, en los casos en que sea procedente, o las acordadas por disposición del Procurador o la Procuradora General de la República, para los funcionarios y las funcionarias de la Procuraduría General de la República, incidirán en los mismos montos o porcentajes, en las jubilaciones y pensiones vigentes.

En caso de haberse producido alguna variación de la respectiva jubilación o pensión, las variaciones posteriores se calcularán sobre el monto de la última de ellas.

Las variaciones efectuadas en cada oportunidad, de acuerdo con lo previsto en este Decreto con Rango, Valor y Fuerza de Ley, serán participadas por escrito, al respectivo interesado por la Gerencia de Recursos Humanos del organismo.

### TÍTULO IV
### DEL PROCEDIMIENTO ADMINISTRATIVO PREVIO A LAS ACCIONES CONTRA LA REPÚBLICA Y DE LA ACTUACIÓN DE LA PROCURADURIA GENERAL DE LA REPÚBLICA EN JUICIO

### CAPÍTULO I
### DEL PROCEDIMIENTO ADMINISTRATIVO PREVIO A LAS ACCIONES CONTRA LA REPÚBLICA

#### Manifestación por escrito

**Artículo 70.** Quienes pretendan instaurar demandas de contenido patrimonial contra la República deben manifestarlo previamente por escrito al órgano al cual corresponda el asunto y exponer concretamente sus pretensiones en el caso. De la presentación de este escrito se debe dar recibo al interesado y su recepción debe constar en el mismo.

#### Formación del expediente

**Artículo 71.** El órgano respectivo, dentro de los veinte (20) días hábiles siguientes a la consignación del escrito contentivo de la pretensión, debe proceder a formar expediente del asunto sometido a su consideración, el cual debe contener, según el caso, los instrumentos donde conste la obligación, fecha en que se causó, certificación de la deuda, acta de conciliación suscrita entre el solicitante y el representante del órgano y la opinión jurídica respecto a la procedencia o improcedencia de la pretensión, así como cualquier otro documento que considere indispensable.

#### Opinión jurídica y su carácter vinculante

**Artículo 72.** Al día hábil siguiente de concluida la sustanciación del expediente administrativo, el órgano respectivo debe remitirlo a la Procuraduría General de la República, debidamente foliado, en original o en copia certificada, a objeto de que ésta, en un plazo no mayor de treinta (30) días hábiles, formule y remita al órgano o ente respectivo, su opinión jurídica respecto a la procedencia o no de la reclamación. En el caso de improcedencia, a los fines del resguardo de los bienes, derechos e intereses patrimoniales de la República, la opinión de la Procuraduría General de la República tendrá carácter vinculante para el órgano respectivo.

No se requiere la opinión de la Procuraduría General de la República, cuando se trate de reclamaciones cuyo monto sea igual o inferior a quinientas Unidades Tributarias (500 U.T.) y hayan sido declaradas procedentes por la máxima autoridad del órgano respectivo.

#### Notificación

**Artículo 73.** El órgano respectivo debe notificar al interesado su decisión, dentro de los cinco (5) días hábiles siguientes a la recepción del criterio sostenido por la Procuraduría General de la República.

#### Respuesta al órgano

**Artículo 74.** Dentro de los diez (10) días hábiles siguientes a la notificación, el interesado debe dar respuesta al órgano que corresponda, acerca de si acoge o no la decisión notificada. En caso de desacuerdo, queda facultado para acudir a la vía judicial.

#### Procedencia de acudir a la vía judicial

**Artículo 75.** La ausencia de oportuna respuesta, por parte de la Administración, dentro de los lapsos previstos en este Decreto con Rango, Valor y Fuerza de Ley, faculta al interesado para acudir a la vía judicial.

#### Declaratoria de inadmisibilidad en caso de incumplimiento de formalidades

**Artículo 76.** Los funcionarios judiciales deben declarar inadmisibles las acciones o tercerías que se intenten contra la República, sin que se acredite el cumplimiento de las formalidades del procedimiento administrativo previo a que se refiere este Capítulo.

### CAPÍTULO II
### DE LA ACTUACIÓN DE LA PROCURADURÍA GENERAL DE LA REPÚBLICA EN JUICIO

#### Sección Primera
#### Disposiciones Generales

#### Competencia de representación y defensa judicial

**Artículo 77.** Corresponde a la Procuraduría General de la República representar al Poder Ejecutivo Nacional y defender sus actos ante la jurisdicción contencioso administrativa y constitucional. El ejercicio de esta atribución no exime a los respectivos órganos de la obligación de colaborar con la Procuraduría General de la República.

#### Intervención en procesos judiciales

**Artículo 78.** La Procuraduría General de la República puede intervenir en todos los procesos judiciales en que sean parte los Institutos Autónomos, Institutos Públicos, órganos y entes públicos nacionales, así como las entidades estadales y municipales, cuando, a su juicio, los mismos afecten derechos, bienes e intereses patrimoniales de la República.

#### Privilegios y prerrogativas procesales

**Artículo 79.** Los privilegios y prerrogativas procesales de la República son irrenunciables y deben ser aplicados por las autoridades judiciales en todos los procedimientos ordinarios y especiales en que sea parte la República.

#### Notificaciones y citaciones

**Artículo 80.** Las notificaciones y citaciones realizadas al Procurador o Procuradora General de la República, sin el cumplimiento de las formalidades y requisitos establecidos en este Decreto con Rango, Valor y Fuerza de Ley, se consideran como no practicadas.

#### Presentación de actuaciones procesales

**Artículo 81.** Todas las actuaciones procesales que efectúe la Procuraduría General de la República, incluyendo los recursos ordinarios, extraordinarios y especiales establecidos por las leyes, pueden presentarse por escrito, diligencia u oficio.

#### Falta de asistencia a los actos

**Artículo 82.** Cuando el Procurador o Procuradora General de la República, o los abogados que ejerzan la representación de la República, no asistan a los actos de contestación de demandas intentadas contra ésta, o de las cuestiones previas que les hayan sido opuestas, las mismas se tienen como contradichas en todas sus partes, sin perjuicio de la responsabilidad personal del funcionario por los daños causados a los derechos, bienes e intereses patrimoniales de la República.

#### Obligación de remisión de información y documentación

**Artículo 83.** Los órganos y entes de la Administración Pública deben remitir a la Procuraduría General de la República, dentro

del lapso que le sea indicado, la información y documentación que ésta les requiera para actuar en representación y defensa de los derechos, bienes e intereses patrimoniales de la República.

### Autorización expresa del Procurador General de la República

**Artículo 84.** Los abogados que ejerzan en juicio la representación de la República no pueden convenir, desistir, transigir, comprometer en árbitros, conciliar o utilizar cualquiera otro medio alternativo para la solución del conflicto, sin la expresa autorización del Procurador o Procuradora General de la República, previa instrucción escrita de la máxima autoridad del órgano respectivo.

### Excepción a la prestación de caución

**Artículo 85.** La República no está obligada a prestar caución para ninguna actuación judicial.

### Consulta de sentencia definitiva en contra de la República

**Artículo 86.** Toda sentencia definitiva contraria a la pretensión, excepción o defensa de la República, debe ser consultada al Tribunal Superior competente.

### Agotamiento de recursos

**Artículo 87.** Los abogados que actúen en nombre de la Procuraduría General de la República deben hacer valer en los juicios todos los recursos ordinarios, extraordinarios y especiales establecidos por las leyes, salvo instrucción contraria de la máxima autoridad del órgano respectivo, dada por escrito. Los lapsos para intentar los referidos recursos no comenzarán a correr hasta tanto no se practique la correspondiente notificación al Procurador o Procuradora General de la República, o a la persona facultada para ello, conforme lo establecido en este Decreto con Rango, Valor y Fuerza de Ley.

### Acuse de recepción de recursos

**Artículo 88.** El secretario del tribunal respectivo está obligado a emitir en forma inmediata el acuse de recepción de los recursos referidos en el artículo anterior.

### Inaplicación de medidas preventivas o ejecutivas

**Artículo 89.** Los bienes, rentas, derechos o acciones que formen parte del patrimonio de la República no están sujetos a embargos, secuestros, hipotecas, ejecuciones interdictales y, en general, a ninguna medida preventiva o ejecutiva.

### Costas

**Artículo 90.** La República no puede ser condenada en costas, aún cuando sean declaradas sin lugar las sentencias apeladas, se nieguen los recursos interpuestos, se dejen perecer o se desista de ellas.

### Inadmisibilidad de compensación contra la República

**Artículo 91.** En ningún caso es admisible la compensación contra la República, cualquiera sea el origen o la naturaleza jurídica de los créditos que se pretendan compensar, salvo lo establecido en el Código Orgánico Tributario.

### Absolución de posiciones juradas

**Artículo 92.** Ni las autoridades, ni los representantes legales de la República, están obligados a absolver posiciones juradas, ni a prestar juramento decisorio, pero deben contestar por escrito las preguntas que, en igual forma, les hicieren el Juez o la contraparte sobre hechos de que tengan conocimiento personal y directo.

### Número de representantes

**Artículo 93.** En los juicios en que sea parte o intervenga la República, el número de sus representantes constituidos por ante un mismo Tribunal no está sujeto a limitación alguna.

### Sección Segunda
### De la Actuación de la Procuraduría General de la República cuando la República es parte en juicio

### Amparo constitucional

**Artículo 94.** La Procuraduría General de la República, conforme a su representación, puede intentar acciones de amparo constitucional contra personas naturales y jurídicas que quebranten los bienes, derechos e intereses patrimoniales de la República.

### Citaciones al Procurador General de la República

**Artículo 95.** Las citaciones al Procurador o Procuradora General de la República para la contestación de demandas deben ser practicadas por oficio, acompañado del libelo y de los recaudos producidos por el actor. El oficio debe ser entregado personalmente al Procurador o Procuradora General de la República, o a quien esté facultado por delegación.

### De la citación

**Artículo 96.** Consignado por el Alguacil el acuse de recibo de la citación en el expediente respectivo, comienza a transcurrir un lapso de quince (15) días hábiles, a cuya terminación se considera consumada la citación del Procurador o Procuradora General de la República, iniciándose el lapso correspondiente para la contestación de la demanda.

El Procurador o Procuradora General de la República puede darse por citado, sin que sea necesario dejar transcurrir el lapso indicado en este artículo.

### Recurso de invalidación

**Artículo 97.** Cuando, por falta de citación al Procurador o Procuradora General de la República, o por error o fraude en la misma, se causare un perjuicio grave a los derechos, bienes e intereses patrimoniales de la República, éste puede interponer recurso de invalidación contra las sentencias ejecutoriadas o cualquier otro acto que tenga fuerza de tal. El lapso para intentar este recurso es de treinta (30) días hábiles, contados a partir de la fecha en que se haya tenido conocimiento de los hechos.

### Reconvención contra la República

**Artículo 98.** En caso de reconvención contra la República, el acto de contestación se realizará en el vigésimo día hábil siguiente a su admisión.

Cuando se desprenda de los autos que la reconvención versare sobre objeto distinto al del juicio principal, la Procuraduría General de la República podrá oponer las cuestiones previas a que haya lugar, para que sean decididas en la sentencia definitiva como punto previo.

### Citación en garantía o en saneamiento

**Artículo 99.** Cuando la República sea citada en garantía o en saneamiento, la citación al Procurador o Procuradora General de la República debe hacerse en la forma prevista en este Decreto con Rango, Valor y Fuerza de Ley, para que comparezca dentro de los veinte (20) días hábiles siguientes a la fecha en que conste en autos la citación.

Salvo lo dispuesto en este artículo, el procedimiento para la intervención forzada se regirá conforme a lo previsto en el Código de Procedimiento Civil.

### De la Notificación al Procurador General de la República

**Artículo 100.** En los juicios en que la República sea parte, los funcionarios judiciales, sin excepción, están obligados a notificar al Procurador o Procuradora General de la República de toda sentencia interlocutoria o definitiva. Las notificaciones deben ser hechas por oficio y estar acompañadas de copias certificadas de las decisiones o de todo lo conducente para formar criterio sobre el asunto y ejercer las acciones pertinentes según el caso. Transcurrido el lapso de ocho (8)

# English Translation of Relevant Excerpts

Organic Law of the Attorney General's Office [1]

*Article 79. The Republic's procedural privileges and prerogatives are inalienable and must be applied by the judicial authorities in all the ordinary and special proceedings to which the Republic is a party.*

*Article 95. Summonses to the Attorney General of the Republic to answer claims must be delivered by written notice, accompanied by the complaint and the annexes produced by the plaintiff. The notice must be delivered personally to the Attorney General of the Republic, or to whomever this power is delegated to.*

*Article 96. Once the  acknowledgment of receipt of the summons has been entered in the respective file by the court's secretary, a period of fifteen (15) business days begins to run, at the end of which the service of the Attorney General of the Republic will be considered consummated, starting the period for answering the complaint.*

*The Attorney General of the Republic may consider himself summoned, without it being necessary to allow the period indicated in this article to elapse.*

---

[1] Organic Law of the Attorney General's Office, Published in the Official Extraordinary Gazette No. 6.210 from December 30, 2015.

2

**CERTIFICATION OF ACCURACY**

Re: Organic Law of the Attorney General's Office, published in the Official Extraordinary Gazette No. 6.210 from December 30, 2015 (excerpts)

I, Valentina Garzon, hereby attest that I am fluent in Spanish and English and competent to translate from Spanish into English, that I have translated the attached document, and that to the best of my knowledge, ability, and belief this translation is a true, accurate, and complete translation of the original Spanish document that was provided to me.

Dated: April 6, 2020

Valentina Garzon