# EXHIBIT C

# GACETA OFICIAL
## DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA

AÑO CXLI — MES VI     **Caracas, viernes 28 de marzo de 2014**     Número 40.382

## SUMARIO

**Vicepresidencia de la República**
CORPOLARA
Providencia mediante la cual se delega en la ciudadana Carmen Yelitza Espósito Sánchez, en su condición de Gerente del Proyecto Estratégico de Construcción de Viviendas y Urbanismos en el estado Lara, la firma para la celebración de contratos y los trámites que en ella se mencionan.

Providencia mediante la cual se designa a la ciudadana Yaneth Rosio Santéliz, como Gerente Encargada de la Oficina de Planificación Estratégica, de esta Corporación.

Providencia mediante la cual se designa al ciudadano Luis Alberto Plaza Paz, como Gerente de Desarrollo Comunal, de esta Corporación.

Servicio Nacional de Contrataciones
Providencia mediante la cual se crea el Comité de Licitaciones de este Organismo, el cual estará conformado por los ciudadanos y ciudadanas que en ella se señalan.

Providencia mediante la cual se delega en las ciudadanas que en ella se mencionan, la firma para la expedición de las copias certificadas de los documentos que reposan en las Oficinas que dirigen cuando las mismas sean requeridas por autoridad judicial, administrativa o a título de parte interesada sobre los documentos que le son de su interés.

**Ministerio del Poder Popular de Economía, Finanzas y Banca Pública**
Resolución mediante la cual se otorga la Jubilación Especial a la ciudadana Eyilde Margarita Gracia Sanz.

ONAPRE
Providencia mediante la cual se procede a la publicación del Traspaso Presupuestario de Gasto Corriente para Gasto de Capital del Ministerio del Poder Popular para Relaciones Exteriores, por la cantidad que en ella se indica.

SUDEBAN
Resolución mediante la cual se designa a las ciudadanas y al ciudadano que en ella se mencionan, como responsables de las Unidades Administrativas integrantes de la Estructura de la Ejecución Financiera del Presupuesto de Gastos correspondiente al Ejercicio Económico Financiero del año 2014, de esta Superintendencia.

Resolución mediante la cual se modifica el Manual de Contabilidad para Bancos, Otras Instituciones Financieras y Entidades de Ahorro y Préstamo, emitido por este Órgano Regulador mediante la Resolución Nro. 270.01, del 21 de diciembre de 2001.

Resolución mediante la cual se dicta las «Normas Relativas al Registro de los Peritos Avaluadores».

Resolución mediante la cual se designa al ciudadano Lucas Manuel Martín Serrano, como Gerente en la Unidad Nacional de Inteligencia Financiera, en condición de Encargado.

Superintendencia de la Actividad Aseguradora
Providencia mediante la cual se autoriza a la «Asociación Cooperativa Autoplus de Máxima Protección de Seguros para Vehículos y Accidentes personales 4163, R.L.» para el ejercicio de la actividad aseguradora en los ramos generales de seguros para vehículos y accidentes personales, e inscribirla bajo el Nº 08 en el Registro de Cooperativas de Seguros que para el efecto se lleva en esta Superintendencia.

SENIAT
Providencia mediante la cual se legaliza la emisión y circulación de Bandas de Garantía para Licores.

BCV
Resolución mediante la cual se dictan las Normas que Regirán la Constitución del Encaje.

**Ministerio del Poder Popular para el Comercio**
Resolución mediante la cual se designa a la Junta Directiva del Fondo de Gestión de Activos, S.A. (FONACTIVO), la cual estará conformada por los ciudadanos y ciudadanas que en ella se indican.

SENCAMER
Providencia mediante la cual se delega en los Coordinadores Estadales, adscritos a este Organismo, la competencia y la firma previo cumplimientos de los requisitos de validación correspondiente de los actos y documentos que en ella se señalan.

**Ministerio del Poder Popular para Industrias**
Resolución mediante la cual se revoca la Resolución Nº 028-14, de fecha 25 de marzo de 2014, publicada en Gaceta Oficial de la República Bolivariana de Venezuela Nº 40.380, de fecha 26 de marzo de 2014, en la que se designa al ciudadano Gilberto Antonio Barrios Contreras, titular de la Cédula de Identidad Nº V- 5.760.702, como Presidente del Complejo Cementero Cemento Andino, adscrito a este Ministerio.

**Ministerio del Poder Popular para la Agricultura y Tierras**
INDER
Providencia mediante la cual se designa al ciudadano Darío Leonardo Brito Canelón, Gerente General de este Instituto.

**Ministerio del Poder Popular para la Salud**
Resolución mediante la cual se delega en la ciudadana Pasqualina Curcio Curcio, en su carácter de Viceministra de Redes de Salud Colectiva de este Ministerio, la firma de los actos y documentos que en ella se especifican.

Resolución mediante la cual se designa a la ciudadana Sadri Mariel Guerra, como Directora del Banco Municipal de Sangre, adscrito a la Dirección Estadal de Salud Distrito Capital, dependiente de este Ministerio.

Resolución mediante la cual se prorroga por un período de treinta (30) días, el lapso establecido en el Artículo 9 de la Resolución número 004, de fecha 09 de enero de 2014, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela número 40.330, mediante la cual se regulan los embalajes y cajetillas de los cigarrillos.

remociones, retiros, comisiones de servicios, traslados, transferencias, ascensos, permisos y suspensiones del ejercicio del cargo con o sin goce de sueldo.

6. Suscribir todos los actos y documentos relacionados con el Fondo Fiduciario por concepto de prestaciones de antigüedad acreditado o depositado a los funcionarios, funcionarias, así como el personal obrero y contratado en el Instituto Nacional del Poder Popular de la Juventud.

**Artículo 3.** Los actos y documentos firmados de conformidad con lo establecido en la presente Providencia Administrativa, deberán indicar inmediatamente, bajo la firma de la funcionaria delegada, nombre de quien suscribe, la titularidad con que actúa, la fecha y número de la presente Providencia Administrativa y la Gaceta Oficial de la República Bolivariana de Venezuela en la cual haya sido publicada.

**Artículo 4.** La funcionaria a la cual se confiere la presente delegación deberá rendir cuenta al ciudadano Presidente (E), de los actos y documentos firmados en virtud de la presente Providencia Administrativa.

**Artículo 5.** Se deja sin efecto la Providencia Administrativa N° PRE/0029/2013 de fecha 10 de mayo de 2013, publicada en la Gaceta Oficial de la República Bolivariana de Venezuela N° 40.165 de fecha 13 de mayo de 2013.

**Artículo 6.** La presente Providencia Administrativa entrará en vigencia a partir de su publicación en la Gaceta Oficial de la República Bolivariana de Venezuela.

Comuníquese y publíquese,



**VÍCTOR CLARK BOSCÁN**
Presidente (E) del Instituto Nacional del Poder Popular de la Juventud
Resolución N° MPPJ-0002/2014 de fecha 16/01/2014
Gaceta Oficial de la República Bolivariana de Venezuela
N° 40.336 de fecha 17/01/2014.

# TRIBUNAL SUPREMO DE JUSTICIA

**SENTENCIA N° 00361**
**FECHA 19.03.14**

LA REPÚBLICA BOLIVARIANA DE VENEZUELA
EN SU NOMBRE,

EL TRIBUNAL SUPREMO DE JUSTICIA

EN SALA
POLÍTICO – ADMINISTRATIVA

**MAGISTRADA PONENTE: MÓNICA MISTICCHIO TORTORELLA**

**Exp. N° 2013-0218**

Mediante Oficio N° 31/13 de fecha 29 de enero de 2013, el Tribunal Superior Sexto de lo Contencioso Tributario de la Circunscripción Judicial del Área Metropolitana de Caracas remitió a esta Sala Político-Administrativa copias certificadas del expediente judicial N° AP41-U-2012-000248 (nomenclatura de ese Tribunal) contentivo del **recurso de apelación** interpuesto el 26 de julio de 2012 por la abogada Mariana Molina, inscrita en el INPREABOGADO bajo el N° 173.849, actuando en su condición de sustituta de la Procuradora General de la República en representación del **FISCO NACIONAL**, según se desprende de Oficio-Poder que riela al folio 192 del expediente judicial.

El aludido recurso fue incoado contra la sentencia interlocutoria N° 143/2012 de fecha 20 de julio de 2012, dictada por el Tribunal remitente, en la cual se declaró sin lugar la solicitud de reposición de la causa formulada por la abogada Geymar Farray, inscrita en el INPREABOGADO bajo el N° 180.338, actuando con su carácter de sustituta de la Procuradora General de la República por órgano del Servicio Nacional Integrado de Administración Aduanera y Tributaria (SENIAT), con ocasión del recurso contencioso tributario interpuesto por la representación judicial de la sociedad de comercio **MERCK S.A.**, inscrita en el Registro Mercantil de la Circunscripción Judicial del Distrito Federal y Estado Miranda (hoy Distrito Capital y Estado

Bolivariano de Miranda), el 14 de junio de 1954 bajo el N° 332, Tomo 2-A, contra las Resoluciones de Sumario Administrativo Nos. SNAT/INTI/GRTICERC/DSA-R-2012-062 y SNAT/INTI/GRTICERC/DSA-R-2012-066, ambas de fecha 30 de marzo de 2012, emanadas conjuntamente de la Gerencia Regional de Tributos Internos de Contribuyentes Especiales de la Región Capital del Servicio Nacional Integrado de Administración Aduanera y Tributaria (SENIAT) y la División de Sumario Administrativo adscrita a la aludida Gerencia que determinaron a la contribuyente por concepto de Impuesto sobre la Renta, multa e intereses la cantidad a pagar de Dos Millones Trescientos Ochenta y Ocho Mil Trescientos Noventa y Dos Bolívares (Bs. 2.388.392,00) la primera, y la segunda por el monto de Catorce Millones Seiscientos Cincuenta y Nueve Mil Sesenta y Siete Bolívares (Bs. 14.659.067,00) por el mismo concepto, para los ejercicios fiscales coincidentes con los años civiles 2006 y 2007.

El 6 de febrero de 2013, se dio cuenta en Sala y se ordenó aplicar el procedimiento de segunda instancia previsto en el artículo 92 de la Ley Orgánica de la Jurisdicción Contencioso Administrativa, se designó ponente a la Magistrada Mónica Misticchio Tortorella y se fijó un lapso de diez (10) días de despacho para fundamentar la apelación interpuesta.

En fecha 5 de marzo de 2013, las abogadas Erika García y Cheyla Fagúndez, inscritas en el INPREABOGADO bajo los Nos. 144.480 y 145.921, respectivamente, actuando con el carácter de sustitutas de la ciudadana Procuradora General de la República, en representación del Fisco Nacional, tal como se desprende del oficio poder que cursa al folio 240, consignaron ante esta Alzada el escrito de fundamentación de su apelación.

El 20 de marzo de 2013, la abogada María Lodis de Morales, inscrita en el INPREABOGADO bajo el N° 36.795, en representación de la sociedad mercantil Merck S.A., según se desprende del poder cursante a los folios 258 al 262 del expediente judicial, parte recurrente en el recurso contencioso tributario, contestó la apelación formulada.

Por auto del 2 de abril de 2013, se dejó constancia, que vencido como se encontraba el lapso de contestación a la apelación de acuerdo con lo establecido en el artículo 93 de la Ley Orgánica de la Jurisdicción Contencioso Administrativa, la causa entró en estado de dictar sentencia.

En reunión de Sala Plena del 8 de mayo de 2013, se eligió la actual Junta Directiva del Tribunal Supremo de Justicia, quedando conformada esta Sala Político-Administrativa de la manera siguiente: Presidente, Magistrado Emiro García Rosas; Vicepresidenta, Magistrada Evelyn Marrero Ortíz; las Magistradas Trina Omaira Zurita y Mónica Misticchio Tortorella y el Magistrado Emilio Ramos González. Se ordenó la continuación de la causa.

En fecha 14 de enero de 2014, reunidos los Magistrados y Magistradas de la Sala Político-Administrativa del Tribunal Supremo de Justicia, se deja constancia de la incorporación de la Tercera Suplente Magistrada María Carolina Ameliach Villarroel. La Sala quedó integrada de la siguiente forma: Presidente, Magistrado Emiro García Rosas; Vicepresidenta, Magistrada Evelyn Marrero Ortíz; Magistrada Mónica Misticchio Tortorella; Magistrado Emilio Ramos González y Magistrada María Carolina Ameliach Villarroel.

Realizado el estudio del expediente pasa esta Alzada a decidir, previas las consideraciones siguientes:

**I**
**ANTECEDENTES**

En fecha 18 de mayo de 2012, se recibió en la Unidad de Recepción y Distribución de Documentos (U.R.D.D.) de los Tribunales Superiores Contenciosos Tributarios del Área Metropolitana de Caracas, el recurso contencioso tributario interpuesto por la representación judicial de la sociedad de comercio Merck S.A.

El 13 de julio de 2012, el Tribunal Superior Sexto de lo Contencioso Tributario de la Circunscripción Judicial del Área Metropolitana de Caracas, al que le correspondió el conocimiento de la causa previa distribución, dictó sentencia interlocutoria mediante la cual admitió el recurso contencioso tributario incoado, abriéndose la causa a pruebas a partir del primer (1°) día de despacho siguiente al 13 del mismo mes y año, visto que no hubo oposición alguna por parte de la Administración Tributaria.

Por escrito presentado en fecha 17 de julio de 2012, la abogada Geymar Farray, antes identificada, actuando con el carácter de sustituta de la entonces ciudadana Procuradora General de la República, solicitó la reposición de la causa al estado de la *"notificación"* de la Procuraduría General de la República de la interposición del recurso, petición que fue declarada sin lugar por el citado Tribunal Superior mediante decisión interlocutoria del 20 de julio de 2012.

En fecha 26 de julio de 2012, la sustituta de la entonces Procuradora General de la República apeló la referida sentencia, la cual fue oída en un solo efecto.

## II

### DE LA SENTENCIA APELADA

Mediante decisión N° 143/2012 de fecha 20 de julio de 2012, el Tribunal Superior Sexto de lo Contencioso Tributario de la Circunscripción Judicial del Área Metropolitana de Caracas declaró sin lugar la solicitud de reposición de la causa formulada por la sustituta de la Procuradora General de la República, en los términos que se transcriben a continuación:

*"Teniendo en consideración las disposiciones contenidas en los artículos 264 y 267 del Código Orgánico Tributario, debemos destacar que el Órgano Jurisdiccional está obligado a notificar a las partes, como al interviniente de buena fé, en el procedimiento contencioso tributario, pero no a citarlo, pues ambas figuras procesales entrañan grandes diferencias entre sí.*

*(...omissis...)*

*En el caso de marras, la notificación que rige en el procedimiento contencioso tributario y que se ordena en el auto de entrada, se hace para poner en conocimiento de las partes e interviniente de buena fé, de la interposición del recurso incoado, y no a los fines de emplazar a las personas antes indicadas a que comparezcan ante el Tribunal para que realicen una actuación en específico, como sería en el proceso civil ordinario, la de contestar la demanda.*

*Estima este Tribunal, que la representante judicial de la República, si bien por una parte en su escrito reconoce que lo debido es la notificación de la Procuraduría General de la República, por otra parte pretende que la misma se practique como si de una citación se tratase, al sostener sus alegatos en base a los artículos 81 y 82 de la Ley Orgánica de la Procuraduría General de la República, cuando en modo alguno este Juzgado ha utilizado tal fundamentación legal, por no considerarse la mas acorde, en base a lo ya señalado y a lo que de seguidas se continuará desarrollando, pues es de destacar que la propia ley en comento, en sus artículos 66 y 98, reconoce la diferencia existente entre las figuras de la notificación, aplicable al caso de autos, y la citación, al distinguir la una de la otra, en lugar de mencionarlas de forma indistinta.*

*En este sentido, debemos recalcar que el Código Orgánico Tributario es una ley de base, es decir, un marco general idóneo para integrar en un esquema coherente los principios generales que deben informar el sistema tributario venezolano en cualquiera de las expresiones del Poder Público, garantizando a la Administración y a los contribuyentes, la existencia de una estructura sustantiva y procedimental que les asegura la defensa efectiva de sus derechos e intereses; debiéndose resaltar que su normativa es de aplicación preferente y excluyente con respecto a otras leyes de contenido tributario y procedimental.*

*En base a lo anterior, este Tribunal además toma en consideración única y exclusivamente el lapso establecido en el artículo 267 del Código Orgánico Tributario vigente, a los fines de la admisión del recurso; siguiendo además, vale la pena destacar, la jurisprudencia de la Sala Político Administrativa del Tribunal Supremo de Justicia, en casos en los cuales ha señalado la oportunidad en que el Tribunal debe pronunciarse sobre la admisión del recurso, (...omissis...)*

*De tal manera que, este Órgano Jurisdiccional, en base a las consideraciones antes expuestas, considera que no ha soslayado en forma alguna los derechos e intereses de la República en el presente caso, tan es así, que prueba de ello ha sido el escrito presentado por la ciudadana sustituta de la ciudadana Procuradora General de la República en fecha diecisiete (17) de Julio de 2012, de estar en*

*conocimiento del recurso interpuesto por la contribuyente 'MERCK, S.A.', pues en la boleta de notificación que fue practicada al organismo, se indicó en detalle, la fecha en que se interpuso el recurso contencioso tributario, las personas que actuaron en representación de la recurrente, con indicación de las cédulas de identidad y número de INPREABOGADO, los datos de registro de la sociedad mercantil actuante, así como el número de Registro de Información Fiscal, los actos administrativos impugnados, con la indicación expresa de la fecha de emisión y el órgano del cual emanan, así como también de los montos y conceptos (materia) que contienen los mismos, al igual que la indicación de la siguiente fase del proceso y el plazo dentro del cual se llevaría a cabo la misma, una vez cumplida la última de las notificaciones ordenadas.*

*En base a las consideraciones antes expuestas, este Tribunal Superior Sexto de lo Contencioso Tributario de la Circunscripción Judicial del Area Metropolitana de Caracas, declara Sin Lugar la solicitud de reposición de la causa, formulada por la sustituta de la ciudadana Procuradora General de la República".* (Sic).

## III

### DE LOS FUNDAMENTOS DE LA APELACIÓN

Estando en la oportunidad legal correspondiente, en fecha 5 de marzo de 2013, las abogadas Erika García y Cheyla Fagúndez, antes identificadas, actuando con el carácter de sustitutas de la entonces Procuradora General de la República, en representación del Fisco Nacional presentaron ante esta Alzada el escrito de fundamentación respectivo, en los términos siguientes:

Relatan que *"(...) mediante boleta de fecha 23 de mayo de 2012, el Tribunal Superior (...) procuró notificar a la ciudadana Procuradora General de la República de la interposición del recurso contencioso tributario incoado por la representación judicial de la sociedad mercantil Merck S.A., contra el Servicio Nacional Integrado de Administración Aduanera y Tributaria (SENIAT) (...) Precisamente, luego de que constaran en autos todas las boletas de notificación libradas, el Tribunal de instancia procedió a dictar sentencia interlocutoria (...) mediante la cual admitió el recurso (...) Ante tal circunstancia, esta representación (...) procedió a solicitar la reposición de la causa al estado de notificación de la ciudadana Procuradora General de la República, en virtud de la transgresión de los privilegios y prerrogativas procesales (...) [toda vez] que procuró notificar a este Órgano Superior (...) sin cumplir con las formalidades previstas en la normativa (...) esto es, Oficio acompañado del escrito contentivo del recurso contencioso tributario, así como los respectivos anexos, e inobservancia del lapso de quince (15) días hábiles, a cuya terminación se consideraría consumada la notificación (...)".* (Agregado de esta Sala).

En ese sentido, indican que *"(...) el Tribunal A quo procedió a declarar Sin Lugar la solicitud formulada por esta representación judicial de la República Bolivariana de Venezuela, al considerar que la normativa aplicable para la notificación de la Procuraduría General de la República es la prevista en el artículo 264 del Código Orgánico Tributario (...) [sin embargo] debe concluirse que la notificación de la interposición del recurso contencioso tributario deberá necesariamente estar acompañada del libelo, así como sus anexos, con el fin de que la Procuraduría General de la República se forme criterio sobre el asunto debatido, es decir, se resguarde el derecho a la defensa y dicho órgano de representación se encuentre en conocimiento de los argumentos de hecho y de derecho esgrimidos por la parte actora (...)".* (Agregado de esta Sala).

Asimismo, aducen que *"(...) el Tribunal [a quo] no atendió al lapso de quince (15) días hábiles previsto en el artículo 82 de la Ley Orgánica de la Procuraduría General de la República, (...) normativa aplicable al caso de autos y menos aún respetó el lapso de ocho (8) días hábiles del artículo 86 eiusdem (...)".* (Agregado de esta Sala).

En esa misma línea de argumentación, alegan que *"(...) en fecha 25 de junio de 2012, se consignó en autos la notificación practicada a la Procuraduría General de la República, por lo que (...) debió considerarse consumada la misma en fecha 19 de julio de 2012 (...) Ahora bien, en el*

*supuesto negado que la normativa aplicable resultara el artículo 86 eiusdem, debía considerarse consumada la notificación de la Procuraduría (...) en fecha 09 de julio de 2012,(...) por lo que la admisión del recurso contencioso tributario debió efectuarse en fecha 17 de julio de 2012, sin embargo (...) la admisión se produjo en fecha 13 de julio de 2012 (…)".*

Finalmente, la representación judicial apelante solicita que se declare con lugar el recurso de apelación interpuesto, se revoque el fallo apelado y, en consecuencia, se reponga la causa al estado de notificar a la Procuraduría General de la República sobre la interposición del recurso ejercido, en virtud que la *"notificación"* efectuada debe entenderse como no practicada.

IV

## CONTESTACIÓN A LA APELACIÓN

Mediante escrito del 20 de marzo de 2013, la abogada María Lodis de Morales, antes identificada, actuando en representación de la sociedad mercantil Merck S.A., contestó la fundamentación de la apelación en los términos siguientes:

Enfatiza que *"(...) no queda duda alguna entonces, que el texto legal preferente aplicable en materia tributaria, en los procesos contenciosos tributarios es el Código Orgánico Tributario (...) [de cuyas normas se aprecia que] el Órgano Jurisdiccional está obligado a notificar a las partes más no a citarlas (...)"*. (Agregado de esta Sala).

Asimismo, sostiene que *"(...) no podemos olvidar que el hecho de que se trate de un Proceso Contencioso Tributario no cambia su naturaleza: sigue siendo Proceso Contencioso Tributario y se sigue rigiendo por el Código (...) y los sustitutos de la Ciudadana Procuradora de la República Bolivariana de Venezuela están actuando en un proceso de naturaleza tributaria que en modo alguno permite la desaplicación del artículo 267 (...) por el simple hecho de que por la cuantía del recurso pueda corresponderle su defensa a la Procuraduría o a la Gerencia Jurídica Tributaria del Servicio Nacional Integrado de Administración Aduanera y Tributaria (...)"*.

Con base en las motivaciones expresadas, solicita se declare conforme a derecho la sentencia interlocutoria apelada N° 143/2012 del 20 de julio de 2012.

V

## MOTIVACIONES PARA DECIDIR

Corresponde a esta Sala pronunciarse en esta oportunidad sobre el recurso de apelación incoado por la sustituta de la Procuradora General de la República, en representación del Fisco Nacional, contra la sentencia interlocutoria N° 143/2012 de fecha 20 de julio de 2012 dictada por el Tribunal Superior Sexto de lo Contencioso Tributario de la Circunscripción Judicial del Área Metropolitana de Caracas, que declaró sin lugar la solicitud de reposición de la causa formulada por la representación fiscal al estado de *"notificar"* la interposición del recurso contencioso tributario a la Procuraduría General de la República.

Vista la declaratoria contenida en la sentencia interlocutoria apelada, así como las objeciones formuladas en su contra por la representación del Fisco Nacional y la contestación correspondiente, se observa que la controversia planteada en el caso de autos se circunscribe a decidir si el Tribunal de mérito incurrió en violación al derecho al debido proceso y a la defensa: *i)* al omitir realizar la *"notificación"* de la Procuraduría General de la República conforme a las exigencias legales y; *ii)* al no haber dejado transcurrir los quince (15) días hábiles a que alude el artículo 82 del Decreto N° 6.286 con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela N° 5.892 Extraordinario del 31 de julio

de 2008, ni respetar el lapso de ocho (8) días hábiles al que alude el artículo 86 eiusdem.

En ese sentido, las sustitutas de la Procuradora General de la República sostienen que la *"notificación"* de la interposición del recurso contencioso tributario, de conformidad con el aludido Decreto, deberá necesariamente estar acompañada del libelo respectivo, así como de sus anexos, con el fin de resguardar el derecho a la defensa. Asimismo, aduce que el Tribunal *a quo* no atendió al lapso de quince (15) días hábiles previsto en el artículo 82 antes mencionado, para entender *"consumada la notificación de la Procuraduría General de la República"* y menos aún al de ocho (8) días hábiles contemplado en el artículo 86 del citado Decreto.

Por el contrario, la representación judicial de la sociedad de comercio Merck S.A., afirma que el texto legal aplicable con preferencia, en los procesos contenciosos tributarios, es el Código Orgánico Tributario y que, según sus normas, el Órgano Jurisdiccional está obligado a notificar a las partes más no a citarlas.

Al respecto, el Tribunal *a quo* indica que según las disposiciones del Código Orgánico Tributario sólo está obligado a notificar a las partes y a los intervinientes de buena fe pero no a citarlos, toda vez que *"en el caso de marras, la notificación que rige en el procedimiento contencioso tributario y que se ordena en el auto de entrada, se hace para poner en conocimiento de las partes e interviniente de buena fé, de la interposición del recurso incoado, y no a los fines de emplazar a las personas antes indicadas a que comparezcan ante el Tribunal para que realicen una actuación en específico, como sería en el proceso civil ordinario, la de contestar la demanda"*. (Sic).

De igual forma, destaca que el artículo 267 del Código Orgánico Tributario de 2001, prevé un plazo de cinco (5) días de despacho, contados a partir de la constancia en el expediente de la última de las notificaciones de ley, para pronunciarse acerca de la admisión del recurso contencioso tributario, cuestión que llevó a cabo el órgano jurisdiccional, motivo por el cual no considera que se vulneró en forma alguna los derechos e intereses de la República en el caso de autos, menos aún cuando se observa que la ciudadana sustituta de la Procuradora General de la República presentó escrito solicitando la reposición de la causa, demostrando con dicha actuación tener conocimiento de la interposición del aludido recurso.

*Punto Previo: De la actuación de la Procuraduría General de la República.*

Resulta para esta Sala oportuno realizar consideraciones previas acerca de la actuación de la Procuraduría General de la República en el caso de autos y, al efecto, aprecia que:

El artículo 2 de la Ley del Servicio Nacional Integrado de Administración Aduanera y Tributaria (SENIAT), publicada en Gaceta Oficial de la República Bolivariana de Venezuela N° 37.320 del 8 de noviembre de 2001, contempla:

> *"Artículo 2. El Servicio Nacional Integrado de Administración Aduanera y Tributaria (SENIAT) es un servicio autónomo sin personalidad jurídica, con autonomía funcional, técnica y financiera, adscrito al Ministerio de Finanzas".* (Resaltados de esta Sala).

Por otra parte, el Decreto N° 6.286 con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República, publicado en la Gaceta Oficial de la República Bolivariana de Venezuela N° 38.984 del 31 de julio de 2008, en su artículo 63 establece:

> *"Artículo 63. Corresponde a la Procuraduría General de la República representar al Poder Ejecutivo Nacional y defender sus actos ante la jurisdicción contencioso administrativa y constitucional. (...)".* (Resaltados de esta Sala).

Con base en las normas antes referidas, esta Sala observa que el Servicio Nacional Integrado de Administración Aduanera y Tributaria (SENIAT), es un servicio autónomo sin personalidad jurídica, adscrito al Ministerio del Poder Popular de Economía, Finanzas y Banca Pública y, por tanto, no está facultado para asumir la defensa de sus intereses en nombre propio. De allí que su representación en juicio corresponde a la Procuraduría General de la República, como máximo representante judicial de los derechos, bienes e intereses patrimoniales de la República.

De igual forma, se aprecia del escrito de contestación a la apelación, que la representante judicial de la sociedad de comercio Merck S.A., indicó que no debe desvirtuarse la naturaleza del recurso contencioso tributario *"por el simple hecho de que por la cuantía del recurso pueda corresponderle su defensa a la Procuraduría o a la Gerencia Jurídico Tributaria del Servicio Nacional Integrado de Administración Aduanera y Tributaria"*.

En ese mismo orden de ideas, debe destacarse que el artículo 259 del Código Orgánico Tributario de 2001 prescribe que el recurso contencioso tributario procederá: *"1. Contra los mismos actos de efectos particulares que pueden ser objeto de impugnación mediante el recurso jerárquico, sin necesidad del previo ejercicio de dicho Recurso. 2. Contra los mismos actos a que se refiere el numeral anterior, cuando habiendo mediado recurso jerárquico éste hubiere sido denegado tácitamente conforme al artículo 255 este Código. 3. Contra las resoluciones en las cuales se deniegue total o parcialmente el recurso jerárquico, en los casos de actos de efectos particulares."*.

Visto lo anterior, esta Máxima Instancia concluye que la cuantía no es un elemento que determine que la representación corresponde a la Procuraduría General de la República, sino que como se indicó anteriormente, la defensa de los intereses corresponderá a la Procuraduría cuando el acto impugnado sea dictado por el Servicio Nacional Integrado de Administración Aduanera y Tributaria (SENIAT), toda vez que dicho servicio autónomo carece de personalidad jurídica.

Circunscribiéndonos al caso de autos, se observa que el 18 de mayo de 2012, los apoderados judiciales de la contribuyente Merck, S.A., interpusieron recurso contencioso tributario contra las Resoluciones de Sumario Administrativo Nos. SNAT/INTI/GRTICERC/DSA-R-2012-062 y SNAT/INTI/GRTICERC/DSA-R-2012-066, ambas de fecha 30 de marzo de 2012, emanadas conjuntamente de la Gerencia Regional de Tributos Internos de Contribuyentes Especiales de la Región Capital y la División de Sumario Administrativo adscrita a la referida Gerencia, las cuales forman parte del Servicio Nacional Integrado de Administración Aduanera y Tributaria (SENIAT).

De manera que la representación en juicio correspondía, como efectivamente fue ejercida, a los funcionarios adscritos a la Procuraduría General de la República, toda vez que la República era parte en ese proceso. Así se declara.

Resuelto el punto previo, pasa esta Alzada a determinar si la actuación del Tribunal *a quo* vulneró el derecho constitucional a la defensa y al debido proceso de la parte apelante:

i)   Sobre la supuesta omisión de realizar la *"notificación"* de la Procuraduría General de la República, conforme a las exigencias legales.

En cuanto al alegato expuesto por la representación fiscal en el que destaca que debe realizarse la *"notificación"* con fundamento en las disposiciones del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de

la República de 2008, mientras que la apoderada judicial de la sociedad mercantil Merck C.A. afirma que la norma aplicable es el Código Orgánico Tributario de 2001, esta Sala aprecia que:

El Tribunal *a quo* consideró que por tratarse el caso *sub iudice* de un procedimiento contencioso tributario y no de un proceso civil ordinario, donde se emplaza al demandado a contestar la demanda, sólo se encontraba obligado a realizar notificaciones a las partes y a los terceros de buena fe de conformidad con lo establecido en el artículo 267 del Código Orgánico Tributario de 2001, que es del tenor siguiente:

> *"Artículo 267: Al quinto día de despacho siguiente a que conste en autos la última de las notificaciones de ley, el Tribunal se pronunciará sobre la admisibilidad del recurso. Dentro de este mismo plazo la representación fiscal podrá formular oposición a la admisión del recurso interpuesto.*
>
> *En este último caso, se abrirá una articulación probatoria que no podrá exceder de cuatro (4) días de despacho, dentro de los cuales las partes promoverán y evacuarán las pruebas que consideren conducentes para sostener sus alegatos. El Tribunal se pronunciará dentro de los tres (3) días de despacho siguientes al vencimiento de dicho lapso.*
>
> *Parágrafo Único: La admisión del recurso será apelable dentro de los cinco (5) días de despacho siguientes, siempre y cuando la Administración Tributaria hubiere formulado oposición, y será oída en el solo efecto devolutivo. Si el Tribunal resuelve inadmitir el recurso se oirá apelación en ambos efectos, la cual deberá ser decidida por la alzada en el término de treinta (30) días continuos.*
>
> *En ambos casos, las partes deberán presentar sus informes dentro de los diez (10) días de despacho siguientes al recibo de los autos por la alzada".* (Destacados de esta Sala).

Adicionalmente, conviene traer a colación el contenido del artículo 81 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República de 2008, que específicamente se encuentra en el *Título IV, Capítulo II, Sección Segunda* titulada *"De la Actuación de la Procuraduría General de la República cuando la República es parte en juicio"*, el cual prevé:

> *"Artículo 81. Las citaciones al Procurador o Procuradora General de la República para la contestación de demandas deben ser practicadas por oficio, acompañado del libelo y de los recaudos producidos por el actor. El oficio debe ser entregado personalmente al Procurador o Procuradora General de la República, o a quien esté facultado por delegación".* (Resaltados de esta Sala).

De la norma reproducida se aprecia, que las **citaciones** que se realicen al Procurador o Procuradora General de la República, cuando la República sea parte en el juicio, deben obligatoriamente estar acompañadas del libelo respectivo y de los recaudos consignados por el actor.

En efecto, se evidencia que el Código Orgánico Tributario de 2001 no prevé la figura de la citación y sólo se refiere a las *"notificaciones de Ley"* mientras que el Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República de 2008, sí contempla la *"citación"* en el artículo 81 antes transcrito.

En ese orden de ideas, es importante destacar que si bien en el proceso contencioso tributario no se da la oportunidad de la contestación de la demanda como en el procedimiento ordinario regulado en el Código de Procedimiento Civil, como lo manifiesta el Tribunal de Instancia, sí existe la oposición a la admisión del recurso interpuesto contemplada en el artículo 267 del Código Orgánico Tributario vigente, actuación que en este caso, recae en la Procuraduría General de la República y, en tal virtud, resulta necesario su emplazamiento, con los recaudos necesarios presentados por el actor, por ser la primera oportunidad en que la representación de la República comparece en juicio.

De modo que, esta forma particular de notificación prevista en el Código Orgánico Tributario de 2001 no debe entenderse como el acto procesal de reanudación de la causa o de simple comunicación toda vez que, reitera esta

Sala, mediante ella se emplaza al Estado por primera vez y, en consecuencia, deben considerarse las prerrogativas establecidas a favor de la República en el Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República de 2008.

Por tanto, esta Máxima Instancia aprecia que aun cuando el Código Orgánico Tributario de 2001 no lo establezca expresamente, el comentado artículo 267 no debe ser interpretado por el operador de justicia de manera literal y aislada, sino en un contexto sistemático y armónico con el resto del ordenamiento jurídico, en especial, con las disposiciones del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República de 2008 y más acorde con la intención del legislador, que está dirigida a lograr la defensa de los intereses de la República involucrados, como ocurre en el caso concreto, en protección del Fisco Nacional. Así se declara.

En refuerzo de lo anterior, resulta oportuno traer a colación el contenido del artículo 65 del mencionado Decreto, que preceptúa:

> *"Artículo 65. Los privilegios y prerrogativas procesales de la República son irrenunciables y deben ser aplicados por las autoridades judiciales en todos los procedimientos ordinarios y especiales en que sea parte la República".*

De la norma transcrita se observa que cuando la República sea parte en juicio, como ocurre en el caso de autos, los Tribunales sin importar la naturaleza del procedimiento, deben aplicar los privilegios y prerrogativas que le fueron otorgados legalmente, los cuales además, tienen carácter irrenunciable.

En ese sentido, se ha pronunciado esta Máxima Instancia estableciendo que *"(...) el legislador consagró esta prerrogativa procesal [la contenida en el artículo 86 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República de 2008] a favor de la República, de inobjetable observancia por parte de los órganos jurisdiccionales, tal como lo ha señalado esta Sala Político-Administrativa en sus sentencias Nros. 02980 del 20 de diciembre de 2006, caso: Eduardo Kruling Schattén y 00778 del 03 de junio de 2009, caso: Distribuidora Rower, C.A., y [ratificada] en el fallo Nro. 1108 del 04 de noviembre de 2010 de la Sala Constitucional, caso: Distribuidora Rower, C.A., en el cual se precisó que el alcance de las prerrogativas procesales abarca cualquier modalidad de procedimientos especiales contenciosos, vale decir, al contencioso Tributario (...)". (Vid. Sentencia N° 00253 de esta Sala del 12 de marzo de 2013, caso: C.W.C Valencia C.A.). (Agregado de esta Sala).*

Advierte esta Alzada que aun cuando la sentencia parcialmente transcrita analiza el artículo 86 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República de 2008, la aludida norma contiene otra prerrogativa procesal de obligatoria aplicación a favor de la República, motivo por el cual resulta aplicable el razonamiento expuesto en dicho fallo, al caso de autos.

Así, queda evidenciado que el Tribunal *a quo*, en su labor hermenéutica, se limitó a utilizar un método de interpretación literal y aislada de la norma en comento, cuando necesariamente debía realizar una interpretación sistemática para concluir que además de aplicar lo dispuesto en el Código Orgánico Tributario vigente, tenía que considerar lo previsto en el Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República de 2008, ello en razón al privilegio procesal otorgado a la República. Así se declara.

En el caso en concreto, se observa que riela a los folios 159 y 160 del expediente judicial, boleta de notificación dirigida a la ciudadana Procuradora General de la República, que no se encuentra acompañada de copia del libelo de la demanda ni de los anexos producidos por el actor. Asimismo, se advierte que el mismo Tribunal *a quo* afirma que no estaba obligado a realizar la citación sino una simple notificación.

Precisado lo anterior, esta Alzada concluye que, como bien lo alegan las sustitutas de la Procuradora General de la República, el Tribunal de la causa no realizó la citación de conformidad con el artículo 81 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República de 2008, por tanto, debe considerarse como no practicada, al no cumplirse con las formalidades legales, de acuerdo a lo previsto en el artículo 66 del referido Decreto. Así se declara.

ii)   *Sobre la supuesta omisión de dejar transcurrir los lapsos previstos en los artículos 82 y 86 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República de 2008.*

La representación del Fisco Nacional denunció que el Tribunal de Instancia no atendió al lapso de quince (15) días hábiles ni al de ocho (8) días hábiles contemplados en el prenombrado Decreto, para entender como *"notificada"* a la Procuraduría General de la República.

Frente al alegato planteado, resulta oportuno transcribir el contenido del artículo 82 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República de 2008, el cual contempla:

> *"Artículo 82. Consignado por el Alguacil el acuse de recibo de la citación en el expediente respectivo, comienza a transcurrir un lapso de quince (15) días hábiles, a cuya terminación se considera consumada la citación del Procurador o Procuradora General de la República, iniciándose el lapso correspondiente para la contestación de la demanda.*
>
> *El Procurador o Procuradora General de la República puede darse por citado, sin que sea necesario dejar transcurrir el lapso indicado en este artículo".* (Resaltados de esta Sala).

Del contenido del artículo transcrito se observa que en los procesos donde la República intervenga como parte en virtud de una acción judicial, luego de la consignación de la citación en autos, el órgano jurisdiccional deberá dejar transcurrir el lapso de quince (15) días hábiles para considerar citada a la Procuraduría General de la República, luego de lo cual empieza a correr el lapso para la contestación de la demanda, que en el caso del procedimiento contencioso tributario, corresponde a la oposición al recurso incoado.

De la revisión de las actas del expediente judicial, se aprecia que el Tribunal de instancia le dio entrada al recurso en fecha 23 de mayo de 2012 y ordenó notificar a las ciudadanas Fiscal General de la República y Procuradora General de la República, así como a la Gerencia Regional de Tributos Internos de Contribuyentes Especiales del Servicio Nacional Integrado de Administración Aduanera y Tributaria (SENIAT).

Asimismo, quedó evidenciado que el 4 de julio de 2012, se recibió la última de las notificaciones, razón por la cual al quinto (5°) día despacho siguiente, es decir, el 13 de julio de 2012, mediante sentencia interlocutoria N° 140/2012, se procedió a admitir el recurso contencioso tributario.

Visto lo anterior y, precisado como ha sido que el operador de justicia debió atender a las previsiones contenidas en el Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República de 2008, queda demostrado que el Tribunal *a quo* no dejó transcurrir el lapso de quince (15) días hábiles contemplado en el artículo 82 del prenombrado Decreto para tener por citada a

la Procuradora General de la República, y posteriormente, en este caso, comenzar a contar el lapso para la oposición a la admisión del recurso ejercido previsto en el artículo 267 del Código Orgánico Tributario de 2001-toda vez que en el proceso contencioso tributario no hay contestación a la demanda- lo cual resultaba de obligatorio cumplimiento. Así se declara.

Finalmente, las sustitutas de la Procuradora General de la República alegaron que el *a quo* tampoco respetó el lapso de ocho (8) días hábiles al que alude el artículo 86 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República de 2008, el cual también sirvió de base para el Juzgador de instancia en el momento de efectuar la *"notificación"*, que establece:

> *"Artículo 86. En los juicios en que la República sea parte, los funcionarios judiciales, sin excepción, están obligados a notificar al Procurador o Procuradora General de la República de toda sentencia interlocutoria o definitiva. Transcurrido el lapso de ocho (8) días hábiles, contados a partir de la consignación en el expediente de la respectiva constancia, se tiene por notificado el Procurador o Procuradora General de la República y se inician los lapsos para la interposición de los recursos a que haya lugar.*
>
> *La falta de notificación es causal de reposición y ésta puede ser declarada de oficio por el Tribunal o a instancia del Procurador o Procuradora General de la República".* (Destacados de esta Sala).

Al respecto, esta Máxima Instancia resalta que en efecto el Tribunal Superior Sexto de lo Contencioso Tributario de la Circunscripción Judicial del Área Metropolitana de Caracas no dejó transcurrir ese lapso; sin embargo, debe concluirse que la norma antes mencionada no resultaba aplicable en esa oportunidad, toda vez que éste se refiere a la notificación de sentencias interlocutorias o definitivas, que en ningún caso debe asimilarse a la interposición del recurso contencioso tributario, como ocurrió en la presente causa.

Con base en las precisiones realizadas, considera esta Sala que el Juzgado *a quo*, al no considerar lo dispuesto en los artículos 81 y 82 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República de 2008, texto normativo aplicable en los procesos donde la República intervenga como parte, vulneró el derecho constitucional a la defensa y al debido proceso de la parte demandada , motivo por el cual declara con lugar el recurso de apelación incoado por la representación judicial de la República y en consecuencia, revoca la sentencia interlocutoria apelada. Así se decide.

En armonía con el anterior pronunciamiento, esta Alzada estima conveniente anular todas las actuaciones realizadas en el referido Tribunal con posterioridad a la interposición del recurso contencioso tributario, con fundamento en el artículo 206 del Código de Procedimiento Civil y, en tal virtud, conforme a la interpretación expuesta en el presente fallo, ordena reponer la causa al estado de la citación de la Procuraduría General de la República, y en este caso particular, tratándose de la notificación de una reposición, luego de que conste en autos la última de las notificaciones debe dejar transcurrir íntegramente el lapso de quince (15) días hábiles que, por ocurrir en el Tribunal, deben entenderse como de despacho, todo esto de conformidad con lo dispuesto en los artículos 81 y 82 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República de 2008. Así se declara.

## VI

### DECISIÓN

Por las razones precedentemente expuestas, este Tribunal Supremo de Justicia en Sala Político-Administrativa, administrando justicia en nombre de la República y por autoridad de la Ley, declara:

**1.- CON LUGAR** el recurso de apelación interpuesto por la representación judicial del **FISCO NACIONAL** contra la **sentencia**

interlocutoria **N° 143/2012 de fecha 20 de julio de 2012**, dictada por el Tribunal remitente, mediante la cual se declaró sin lugar la solicitud de reposición de la causa formulada por la abogada Geymar Farray, actuando con su carácter de sustituta de la entonces Procuradora General de la República por órgano del Servicio Nacional Integrado de Administración Aduanera y Tributaria (SENIAT). En consecuencia,

**1.1. Se REVOCA** la sentencia interlocutoria apelada.

**1.2- Se ANULAN** las actuaciones realizadas por el Juzgado *a quo*, con posterioridad a la interposición del recurso contencioso tributario.

**1.3- Se ORDENA** al Tribunal reponer la causa al estado de la citación de la Procuraduría General de la República, luego de lo cual debe dejar transcurrir íntegramente el lapso de quince (15) días hábiles que, por transcurrir en el Tribunal, deben entenderse como de despacho, conforme con lo dispuesto en los artículos 81 y 82 del Decreto con Rango, Valor y Fuerza de Ley de Reforma Parcial del Decreto con Fuerza de Ley Orgánica de la Procuraduría General de la República de 2008.

**2. Se ORDENA** la publicación íntegra de la presente decisión en la Gaceta Oficial de la República Bolivariana de Venezuela y posteriormente, en la Gaceta Judicial, con la indicación del sumario siguiente:

> *"Sentencia de la Sala Político-Administrativa del Tribunal Supremo de Justicia de la República Bolivariana de Venezuela que establece los requisitos de obligatorio cumplimiento para las citaciones realizadas a la Procuraduría General de la República con ocasión de la interposición de los recursos contenciosos tributarios contra actos dictados por la Administración Tributaria Nacional".*

Publíquese, regístrese y comuníquese. Cúmplase lo ordenado. Remítase el expediente al Tribunal de origen.

Dada, firmada y sellada en el Salón de Despacho de la Sala Político-Administrativa del Tribunal Supremo de Justicia, en Caracas, a los 18 días del mes de marzo — del año dos mil catorce (2014). Años 203° de la Independencia y 155° de la Federación.

El Presidente,

**EMIRO GARCÍA ROSAS**

La Vicepresidenta,

**EVELYN MARRERO ORTÍZ**

La Magistrada,

**MÓNICA MISTICCHIO TORTORELLA**
Ponente

El Magistrado,

**EMILIO RAMOS GONZÁLEZ**

La Magistrada,

**MARÍA CAROLINA AMELIACH VILLARROEL**

La Secretaria,

**SOFÍA YAMILE GUZMÁN**

# GACETA OFICIAL
## DE LA REPÚBLICA BOLIVARIANA
## DE VENEZUELA

DEPÓSITO LEGAL: ppo 187207DF1

AÑO CXLI — MES VI — Número 40.382

**Caracas, viernes 28 de marzo de 2014**

*Esquina Urapal, edificio Dimase, La Candelaria*
*Caracas – Venezuela*
Tarifa sujeta a publicación de fecha 14 de noviembre de 2003
en la Gaceta Oficial Nº 37.818
http://www.minci.gob.ve

**Esta Gaceta contiene 40 Págs. costo equivalente
a 16,45 % valor Unidad Tributaria**

## LEY DE PUBLICACIONES OFICIALES
(22 DE JULIO DE 1941)

*Artículo 11.* La GACETA OFICIAL, creada por Decreto Ejecutivo del 11 de octubre de 1872, continuará editándose en la Imprenta Nacional con la denominación GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA.

*Artículo 12.* La GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA se publicará todos los días hábiles, sin perjuicio de que se editen números extraordinarios siempre que fuere necesario; y deberán insertarse en ella sin retardo los actos oficiales que hayan de publicarse.

*Parágrafo único:* Las ediciones extraordinarias de la GACETA OFICIAL tendrán una numeración especial

*Artículo 13.* En la GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA se publicarán los actos de los Poderes Públicos que deberán insertarse y aquellos cuya inclusión sea considerada conveniente por el Ejecutivo Nacional.

*Artículo 14.* Las leyes, decretos y demás actos oficiales tendrán carácter de públicos por el hecho de aparecer en la GACETA OFICIAL DE LA REPÚBLICA BOLIVARIANA DE VENEZUELA, cuyos ejemplares tendrán fuerza de documentos públicos.

Visita nuestra página web y descarga la Gaceta Oficial de la República Bolivariana de Venezuela totalmente gratuita

**www.imprentanacional.gob.ve**

Conoce Nuestros Servicios
(+58212) 576-80-86 / 576-43-92

Síguenos en Twitter
@oficialgaceta
@oficialimprenta

Gobierno **Bolivariano** de Venezuela | Ministerio del Poder Popular para la **Comunicación** y la **Información** | Servicio Autónomo Imprenta Nacional y Gaceta Oficial



# English Translation of Relevant Excerpts

The Bolivarian Republic of Venezuela

In its name,

THE SUPREME COURT OF JUSTICE

In its

Political Administrative Chamber

**SPEAKING MAGISTRATE: MONICA MISTICCHIO TORTORELLA**

**File No. 2013-0218**

**[...]**

V

MOTIVATIONS TO DECIDE

It is for this Chamber to rule in this instance on the appeal brought by the representative of the Attorney General of the Republic, on behalf of the National Tax Agency, against the interlocutory judgment No. 143/2012 dated July 20, 2012, issued by the Sixth High Court of Tax Litigation of the Judicial Circumscription of the Metropolitan Area of Caracas, which did not admit the request to reinstate proceedings made by the tax representation to the state to "notify" the filing of the tax appeal to the Republic's Attorney General's Office.

Considering the declaration contained in the appealed interlocutory judgment, as well as the objections raised against it by the representation of the National Tax Agency and the corresponding answer, it is observed that the controversy raised in the present case is limited to deciding whether the Court violated the right to due process and defense: i) by failing to carry out the "notification" of the Office of the Republic's Attorney General in accordance with the legal requirements and; ii) by not allowing the fifteen (15) business days to elapse, referred to in article 82 of Decree No. 6,286 with Rank, Value and Force of Law of Partial Reform of the Decree with Force of Organic Law of the Attorney General's Office, published in the Extraordinary Official Gazette of the Bolivarian Republic of Venezuela No. 5,892 of July 31, 2008, nor respecting the lapse of eight (8) business days referred to in article 86 *eiusdem*.

In this sense, the representatives of the Attorney General of the Republic maintain that the "*notification*" of the filing of the contentious tax appeal, in accordance with the aforementioned Decree, must necessarily be accompanied by the respective complaint, as well as its annexes, in order to protect the right to defense. Likewise, they argue that the Court *a quo* did not consider the lapse of fifteen (15) business days provided for in Article 82 mentioned above, in order to interpret as "*consummated the notification of the Republic's Attorney General*", and even less so the eight (8) business days referred to in article 86 of the aforementioned Decree.

On the contrary, the judicial representation of the Corporation Merck S.A., affirms that the preferred applicable legal text, in contentious tax processes, is the Organic Tax Code and that, according to its rules, the Jurisdictional Body is obliged to notify the parties but not to summon them.

In this regard, the Court *a quo* indicates that according to the provisions of the Organic Tax Code, it is only obliged to notify the parties and the good faith intervenors but not to summon them, since "*in the case at hand, the notification that governs the contentious tax procedure and that is ordered in the entry order, is made to inform the parties and a bona fide good faith intervener, of the filing of the appeal, and not for the purpose of summoning the aforementioned persons to appear before the Court to carry out a specific action, such as would be the case in the ordinary civil process, to reply the complaint.*" (Sic).

Likewise, it highlights that article 267 of the Organic Tax Code of 2001, provides for a period of five (5) business days, counted from the day that the last notification of law is submitted to the Court's file, in order for the court to rule on the admission of the contentious tax appeal, which was effectively carried out by the court, for which reason it does not deem that the rights and interests of the Republic were hampered in any way in the present case, even less when it is observed that the representative of the Attorney General of the Republic submitted a letter requesting the reinstatement of the case, demonstrating with such action that it was aware of the filing of the aforementioned recourse.

### *Prior Issues: Of the Performance of the Attorney General*

It is appropriate for this Chamber to make prior considerations about the actions of the Republic's Office of the Attorney General in the present case and, for this purpose, considers that:

Article 2 of the Law on the National Integrated Customs and Tax Administration Service (SENIAT), published in the Official Gazette of the Bolivarian Republic of Venezuela No. 37,320 on November 8, 2001, provides:

> "*Article 2. The National Integrated Customs and Tax Administration Service (SENIAT) is an autonomous service without legal personality, with functional, technical and financial autonomy, ascribed to the Ministry of Finance.*"

On the other hand, Decree No. 6,286 with Rank, Value and Force of Law of Partial Reform of the Decree with Force of Organic Law of the Attorney General's Office, published in the Official Gazette of the Bolivarian Republic of Venezuela No. 38.984 on July 31, 2008, article 63 states:

> "*Article 63. It is the responsibility of the Office of the Attorney General of the Republic to represent the National Executive Power and defend its acts before the contentious administrative and constitutional jurisdiction (...)*".

Based on the aforementioned regulations, this Chamber observes that the National Integrated Customs and Tax Administration Service (SENIAT) is an autonomous service without legal personality, ascribed to the Ministry for the Popular Power of Economy, Finance and Public Banking and, therefore, is not empowered to assume the defense of its interests in its own name. Hence, its representation in court corresponds to the Office of the Attorney General of the Republic, as the highest judicial representative of the rights, assets and patrimonial interests of the Republic.

Likewise, it is seen from the answer to the appeal, that the judicial representative of the company Merck S.A., indicated that the nature of the contentious tax appeal must not be distorted "for the simple

fact that due to the amount of the appeal its defense may correspond to the Office of the Attorney General or to the Legal Office of the Integrated National Service of Customs and Tax Administration ".

In the same order of ideas, it should be noted that article 259 of the Organic Tax Code of 2001 prescribes that the contentious tax appeal shall proceed: "*1. Against the same acts with particular effects that may be challenged through the hierarchical remedy, without needing to previously exercise said remedy 2. Against the same acts referred to in the previous numeral, when during hierarchical appeal, this would have been tacitly denied pursuant to article 255 of this Code 3. Against resolutions in which total or partially the hierarchical resource, in the cases of acts of particular effects.*"

In view of the foregoing, this Supreme Tribunal concludes that the amount is not an element that determines whether the representation corresponds to the Office of the Attorney General of the Republic, but that, as indicated above, the defense of interests will correspond to the Office of the Attorney General when the contested act is dictated by the National Integrated Customs and Tax Administration Service (SENIAT), since said autonomous service lacks legal personality.

Circumscribing ourselves to the present case, it is observed that on May 18, 2012, the legal representatives of the taxpayer Merck, S.A., filed a contentious tax appeal against the Administrative Summary Resolutions Nos. SNAT/INTI/GRTICERC/DSA-R-2012-062 and SNAT/INTI/ GRTICERC / DSA-R-2012-066, both dated March 30, 2012, jointly issued by the Regional Management of Internal Taxes of Special Taxpayers of the Capital Region and the Administrative Summary Division, attached to the aforementioned Management, which are part of the National Integrated Customs and Tax Administration Service (SENIAT).

Thus, the representation in trial corresponded, as it was effectively exercised, to the officials within the Republic's Office of the Attorney General, since the Republic was part of that process. So it is declared.

Once the previous point has been resolved, this appeal must determine whether the action of the Court *a quo* violated the constitutional right to defense and due process of the appealing party:

*i) On the supposed omission to carry out the "notification" of the Attorney General's Office, pursuant to the legal requirements.*

Regarding the allegation presented by the representatives of the Tax Administration which emphasizes that the "notification" must be performed with due regard to the provisions of the Decree with Rank, Value and Force of Law of Partial Reform of the Decree with Force of Organic Law of the Office of the Attorney General of the Republic of 2008, while the legal representative of the company Merck C.A. affirms that the applicable rule is the Organic Tax Code of 2001, this Chamber sees that:

The Court *a quo* considered that since the case *sub iudice* was a contentious tax procedure and not an ordinary civil process, where the defendant is summoned to answer the complaint, it was only obliged to perform the notifications of the parties and good faith interveners in accordance with the provisions of article 267 of the Organic Tax Code of 2001, which states as follows:

*"Article 267: On the fifth business day following the receipt of the last of the notifications of law, the Court will rule on the admissibility of the appeal. Within this same period, the representatives of the Tax Administration may file opposition to the admission of the filed appeal.*

*In the latter case, an evidentiary articulation will be opened that cannot exceed four (4) business days, within which the parties will promote and present the evidence that they consider conducive to sustain their allegations. The Court will rule within three (3) business days following the expiration of said period.*

*Sole Paragraph: The admission of the appeal will be appealable within the following five (5) business days, as long as the Tax Administration has filed opposition, and will be heard in the sole effect of return. If the Court decides not to admit the appeal, an appeal will be heard in both effects, which must be decided by the higher court within thirty (30) continuous days.*

*In both cases, the parties must submit their answers within ten (10) business days following receipt of the decision by the higher court."*

Additionally, it is helpful to bring up the content of article 81 of the Decree with Rank, Value and Force of Law of Partial Reform of the Decree with Force of Organic Law of the Office of the Attorney General of the Republic of 2008, which is specifically found in Title IV, Chapter II, Second Section entitled "On the Performance of the Office of the Attorney General of the Republic when the Republic is a party to trial", which provides:

*"Article 81. Summonses to the Attorney General of the Republic to answer claims must be delivered by written notice, accompanied by the complaint and the annexes produced by the plaintiff. The notice must be delivered personally to the Attorney General of the Republic, or to whomever this power is delegated to"*

From the reproduced rule, it can be seen that summons made to the Attorney General of the Republic, when the Republic is a party to the trial, must necessarily be accompanied by the respective complaint and the documents consigned by the plaintiff.

Indeed, it is evident that the Organic Tax Code of 2001 does not foresee the citation and only refers to the "notifications of Law" while the Decree with Rank, Value and Force of Law of Partial Reform of the Decree with Force of Organic Law of the Office of the Attorney General of the Republic of 2008, does contemplate the "summons" in article 81 transcribed above.

In this order of ideas, it is important to note that although the contentious tax procedure does not give the opportunity to answer the claim as in the ordinary procedure regulated in the Code of Civil Procedure, as stated by the Court, if there is opposition to the admission of the appeal contemplated in article 267 of the Organic Tax Code in force, action that in this case, falls on the Attorney General of the Republic and, therefore requires its summoning, with the necessary documents submitted by plaintiff, because it is the first time that the representation of the Republic appears in court.

Thus, this particular form of notification provided for in the Organic Tax Code of 2001 should not be understood as the procedural act of resumption of the proceedings or of simple communication, since, as this chamber has reiterated, through it the State is summoned for the first time and, consequently, we must take into account the prerogatives established in favor of the Republic in the Decree with Rank, Value and Force of Law of Partial Reform of the Decree with Force of Organic Law of the Office of the Attorney General of the Republic of 2008.

Therefore, this Supreme Court can see that even when the Organic Tax Code of 2001 does not expressly establish it, the mentioned article 267 should not be interpreted by the justice operator literally and in isolation, but in a systematic and harmonious context with the rest of the legal system, especially, with the provisions of the Decree with Rank, Value and Force of Law of Partial Reform of the Decree with

Force of Organic Law of the Office of the Attorney General of the Republic of 2008 and more in accordance with the intention of the legislator, which is directed to achieve the defense of the interests of the Republic, as occurs in this specific case, in protection of the National Treasury. So it is decided.

In reinforcement of the foregoing, it is appropriate to bring up the content of article 65 of the aforementioned Decree, which stipulates:

> *"Article 65. The Republic's procedural privileges and prerogatives are inalienable and must be applied by the judicial authorities in all ordinary and special procedures to which the Republic is a party."*

From the transcribed norm, it is observed that when the Republic is a party to trial, as in the present case, the Courts, regardless of the nature of the procedure, must apply the privileges and prerogatives that were legally granted to it, which also have an inalienable character.

In this sense, this Supreme Court has ruled, establishing that "(...) *the legislator consecrated this procedural prerogative [the one contained in article 86 of the Decree with Rank, Value and Force of Law of Partial Reform of the Decree with Force of Law Organic of the Office of the Attorney General of the Republic of 2008] in favor of the Republic, of unquestionable observance on the part of the jurisdictional organs, as this Political-Administrative Chamber has indicated in its judgments Nos. 02980 of December 20, 2006, case: Eduardo Kruling Schatten and 00778 of June 3, 2009, case: Distribuidora Rower, C.A., and [ratified] in ruling No. 1108 of November 4, 2010 of the Constitutional Chamber, case: Distribuidora Rower, C.A., in which it was specified that the scope of the procedural prerogatives covers any type of special contentious procedures, that is, the contentious Tax procedure (...)* ". (Vid. Judgment No. 00253 of this Chamber of March 12, 2013, case: C.W.C Valencia C.A.).

This Chamber notes that even though the partially transcribed decision analyzes article 86 of the Decree with Rank, Value and Force of Law of Partial Reform of the Decree with Force of Organic Law of the Office of the Attorney General of the Republic of 2008, the aforementioned rule contains another procedural prerogative of mandatory application in favor of the Republic, which is why the reasoning set forth in said ruling is also applicable to the present case.

Thus, it is evident that the Court *a quo*, in its hermeneutical work, limited itself to using a method of literal and isolated interpretation of the rule in question, when it necessarily had to carry out a systematic interpretation to conclude that in addition to applying the provisions of the Organic Tax Code in force, it should also have considered the provisions of the Decree with Rank, Value and Force of Law of Partial Reform of the Decree with Force of Organic Law of the Office of the Attorney General of the Republic of 2008, due to the procedural privilege granted to the Republic. So it is decided.

In the specific case, it is observed that it refers to pages 159 and 160 of the judicial file, notification addressed to the citizen Attorney General of the Republic, which is not accompanied by a copy of the complaint or bythe annexes produced by plaintiff. Likewise, it is noted that the same Court *a quo* states that it was not obliged to make the summons but a simple notification.

Having specified the above, this Appeal concludes that, as the substitutes for the Attorney General of the Republic allege, the Court of the case did not make the summons in accordance with article 81 of the Decree with Rank, Value and Force of Reform Law Partial of the Decree with Force of Organic Law of the Office of the Attorney General of the Republic of 2008, therefore, it should be considered as not done

because the legal formalities are not complied with, in accordance with the provisions of article 66 of said Decree. So it is decided.

[…]

VI

DECISION

For the reasons stated above, this Supreme Tribunal of Justice in the Political-Administrative Chamber, administering justice in the name of the Republic and by authority of the Law, declares:

1.- GRANTS the appeal filed by the judicial representation of the TAX AGENCY against interlocutory judgment No. 143/2012 dated July 20, 2012, issued by the referring Court, by which the request for reinstatement of the case formulated by the lawyer Geymar Farray, acting in his capacity as representative for the then Attorney General of the Republic for the body of the National Integrated Service of Customs and Tax Administration (SENIAT). In consequence,

1.1. The appealed interlocutory decision is REVOKED.

1.2- The actions carried out by the Court *a quo,* after the filing of the contentious tax appeal are ANNULLED.

1.3- The Court is ORDERED to reinstate the case to the phase of summoning of the Office of the Attorney General of the Republic, after which fifteen (15) days must elapse in their entirety, these must be understood to be business days, in accordance with the provisions of articles 81 and 82 of the Decree with Rank, Value and Force of Law of Partial Reform of the Decree with Force of Organic Law of the Office of the Attorney General of the Republic of 2008.

2. It is ORDERED to be published the present decision in its entirety in the Official Gazette of the Bolivarian Republic of Venezuela and subsequently, in the Judicial Gazette, with the indication of the following summary:

"*Judgment of the Political-Administrative Chamber of the Supreme Court of Justice of the Bolivarian Republic of Venezuela that establishes the mandatory compliance requirements for summons made to the Office of the Attorney General of the Republic on the occasion of the filing of contentious tax appeals against acts dictated by the National Tax Administration*".

Publish, register and communicate. Comply with what is ordered. Forward the file to the Court of origin.

## CERTIFICATION OF ACCURACY

Re: Decision No. 9, Supreme Tribunal of Justice Political Administrative Chamber, dated March 18, 2014, Published in the Official Gazette No. 40.382 of March 28, 2014 (excerpts)

I, Valentina Garzon, hereby attest that I am fluent in Spanish and English and competent to translate from Spanish into English, that I have translated the attached document, and that to the best of my knowledge, ability, and belief this translation is a true, accurate, and complete translation of the original Spanish document that was provided to me.

Dated: April 6, 2020

Valentina Garzon