**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE,<br><br>        Plaintiff,<br><br>    v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA<br><br>        Defendant | Civil Action No.: 1:20-cv-00129-RC |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND IN OPPOSITION TO VENEZUELA'S CROSS-MOTION
TO DISMISS BASED ON IMPROPER SERVICE**

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 4

I.       THERE IS NO REASON FOR THIS COURT TO REVISIT CHIEF JUDGE
         STARK'S DECISION ON SERVICE OF PROCESS WHICH IS THE LAW OF
         THE CASE.......................................................................................................................... 4

         A.       Venezuela Cannot Ask The Court To Revisit The Delaware Court's
                  Decision Based On An Argument That It Failed To Raise Before That
                  Court ...................................................................................................................... 5

         B.       Venezuela Cannot Show That The Delaware District Court's Decision
                  Was Both Clearly Erroneous And Manifestly Unjust............................................ 6

II.      VENEZUELA'S UNTIMELY CROSS-MOTION TO DISMISS FOR
         IMPROPER SERVICE SHOULD BE DISMISSED ....................................................... 11

CONCLUSION............................................................................................................................. 12

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Animal Sci. Prods. v. Hebei Welcome Pharm. Co.*,
   138 S.Ct. 1865 (2018)...................................................................................................9

*Ayissi-Etoh v. Fannie Mae*,
   49 F. Supp. 3d 9 (D.D.C. 2014) .....................................................................................11

*Box v. Dallas Mexican Consulate Gen.*,
   487 Fed. App'x 880 (5th Cir. 2012) .............................................................................7, 8

*Candido v. Dist. Of Columbia*,
   242 F.R.D. 151 (D.D.C. 2007).......................................................................................10

*Cavic v. Republic of Serbia*,
   No. 8:16-CV-1910-JLS-KESx, 2018 WL 6038346 (C.D. Cal. Mar. 21, 2018) ........................8

*\*Christianson v. Colt Indus. Operating Corp*,
   486 U.S. 800 (1988)......................................................................................................2, 5

*\*Devengoechea v. Bolivarian Republic of Venezuela*,
   No. 12-CV-23743-PCH, 2014 U.S. Dist. LEXIS 188755 (S.D. Fla. Apr. 24,
   2014) ............................................................................................................................3, 7, 9

*Estate of Gaither v. District of Columbia*,
   771 F. Supp. 2d 5 (D.D.C. 2011) ..................................................................................6

*Flangan v. Wyndham Int'l*,
    231 F.RD. 98 (D.D.C. 2005) .......................................................................................5

*\*FMC Corp. v. United States EPA*,
   557 F.Supp. 2d 105 (D.D.C. 2008) ...........................................................................4, 6, 9

*\*Gilmore v. Palestinian Interim Self-Gov't Auth.*,
   8 F.Supp. 3d 9 (D.D.C. 2014)......................................................................................3, 10

*\*Hill v. Henderson*,
   195 F.3d 671 (D.C. Cir. 1999).......................................................................................2

*Kimberlin v. Quinian*,
   199 F.3d 496 (D.C. Cir. 1999).......................................................................................4

*Koch Minerals Sarl et al. v. Bolivarian Republic of Venezuela*,
   No. 1:17-cv-02559-DAR (D.D.C. May 15, 2019)..........................................................8

*Laffey v. Northwest Airlines, Inc.*,
    642 F.2d 578 (D.C. Cir. 1980) ...........................................................................................4

*LaShawn A. v. Barry*,
    87 F.3d 1389 (D.C. Cir. 1996) (en banc) ...........................................................................4

*Marschhauser v. Travelers Indem. Co.*,
    145 F.R.D. 605 (S.D. Fla. 1992) .........................................................................................8

*Menowitz v. Brown*,
    991 F.2d 36 (2d Cir. 1993) ..................................................................................................9

*\*Nichols v. Vilsack*,
    183 F.Supp. 3d 39 (D.D.C. 2016) ......................................................................................11

*OIEG B.V. v. Bolivarian Republic of Venezuela*,
    No. 1:16-cv-01533-ABJ (D.D.C. Feb. 24, 2017) ................................................................8

*Owens v. Republic of Sudan*,
    174 F. Supp. 3d 242 (D.D.C. 2016) .....................................................................................6

*Samsung Elec. Co. v. Early Bird Sav.*,
    No. 13-CV-3105, 2014 WL 5139488 (S.D. Cal. Oct. 2, 2014) ...........................................8

*Sheck v. Republic of Argentina*,
    No. 10 Civ. 5167, 2011 WL 2118795 (S.D.N.Y. May 23, 2011)........................................7

*Sherley v. Sebelius*,
    776 F.Supp. 2d 1 (D.D.C. 2011) .........................................................................................4

*Tenaris S.A. et al. v. Bolivarian Republic of Venezuela*,
    No. 1:18-cv-01371-CRC (D.D.C. Mar. 28, 2019) ..............................................................8

*United States v. Brow*,
    No. 01-cv-4797, 2011 U.S. Dist. LEXIS 154238 (E.D.N.Y. Dec. 28, 2011) .....................10

*United States v. Dubose*,
    No. 05-0372 (JDB), 2006 U.S. Dist. LEXIS 45319 (D.D.C. 2006) .....................................6

*Valores Mundiales, SL, et al. v. Bolivarian Republic of Venezuela*,
    No. 1:10-cv-00046-KBJ (D.D.C. May 7, 2019) ..................................................................8

*Vestey Group Ltd. v. Bolivarian Republic of Venezuela*,
    No. 18-1456-TFH (D.D.C. March 28, 2019) .......................................................................8

**RULES**

Federal Rule of Civil Procedure Rules 12(g) and (h) ....................................................................10

iii

Federal Rule of Civil Procedure Rule 12(g)(2)..............................................................................3

Federal Rule of Civil Procedure Rule 12(h)(1).............................................................................3

Federal Rule of Civil Procedure Rule 12(b) ...............................................................................10

Federal Rule of Civil Procedure Rule 55(c) ...............................................................................11

**STATUTES**

28 U.S.C. § 1404(a) .....................................................................................................................11

28 U.S.C. § 1406(a) .....................................................................................................................11

**INTERNATIONAL AGREEMENTS**

Hague Convention on the Service of Judicial and Extrajudicial Documents Civil or Commercial
Matters ....................................................................................................1, 2, 3, 4, 5, 6, 7, 8, 9, 11

Plaintiff Saint-Gobain Performance Plastics Europe ("Plaintiff" or "Saint-Gobain"), by and through its counsel, Alston & Bird LLP, respectfully submits this Memorandum of Law in Further Support of its Motion for Summary Judgment and In Opposition To Venezuela's Cross-Motion To Dismiss For Improper Service.

## INTRODUCTION

Venezuela has already litigated the validity of Saint-Gobain's service of process under the Hague Convention *in this case*—and lost.  ECF Nos. 18, 23 and 39.  After extensive briefing and oral argument, Chief Judge Leonard P. Stark of the U.S. District Court for the District of Delaware ruled that, pursuant to Article 15 of the Hague Convention: "[b]y actually delivering to the defendant, *i.e.*, the Republic, by serving the appropriate documents directly to the Central Authority designated by the Republic of Venezuela, [the Plaintiff] served the Republic, notwithstanding the Republic's failure to provide [the Plaintiff] a certificate."  ECF No. 39.

Chief Judge Stark then transferred the case to this Court for reasons unrelated to this motion.

Venezuela *concedes* that the Delaware district court's decision holding that Saint-Gobain had properly served Venezuela under the Hague Convention is the law of the case.  Opp. Br. at 21.[1]  That alone should be sufficient to grant summary judgment in Saint-Gobain's favor because Venezuela has no valid defense to enforcement of the Award.

Nevertheless, in a bid to further delay enforcement of an Award to which it admits it has no defenses on the merits, ECF No. 43-7 (7:22-24), Venezuela now demands that the Court acts as the appellate court and reviews Chief Judge Stark's ruling on service. *See* Opp. Br. at 21.  To

---

[1] "Opp. Br." refers to Venezuela's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment and In Support of Cross-Motion to Dismiss (ECF No. 46).

do so, Venezuela complains that Chief Judge Stark's decision was "clearly wrong," *see* Opp. Br. at 22, because it was premised on Article 15 of the Hague Convention and did not take into account Article 5, *see* Opp. Br. at 16-17, a provision which Venezuela did not raise before the District Court in Delaware and which it contends—for the first time in this case—required service by Venezuela's Central Authority to be made in compliance with Venezuelan internal law.

Venezuela's argument is both untimely and wrong.

Under longstanding Supreme Court jurisprudence, lower "courts should be loath[] [to revisit prior decisions of a coordinate court] in the absence of ***extraordinary circumstances*** such as where the initial decision was ***clearly erroneous and would work a manifest injustice.***" *Christianson v. Colt Indus. Operating Corp*, 486 U.S. 800, 817 (1988) (emphases added); *see also Hill v. Henderson*, 195 F.3d 671, 678 (D.C. Cir. 1999). Such "extraordinary circumstances" that would justify reconsideration of Chief Judge Stark's decision by this Court do not exist in this case.

*First*, Venezuela failed to raise Article 5 in the proceedings before Chief Judge Stark. Venezuela cannot now complain that the Delaware district court was "clearly wrong" for failing to consider an argument that Venezuela did not make. ECF Nos. 18 and 23.

*Second*, even if, *arguendo*, Venezuela had raised Article 5 before the district court in Delaware, the argument would have failed for the reasons set forth in Chief Judge Stark's opinion. In particular, Article 5 applies to the manner in which the Central Authority delivers documents within the country to third parties. However, Chief Judge Stark decided that, because the Central Authority ***was*** the Venezuelan government, no further steps needed to be taken to effect service — thus, Article 5 could not have changed his opinion.

As a result, Venezuela's new argument does not come close to showing Chief Judge Stark's decision was "clearly erroneous."  The decision : (*a*) was based on a reasonable interpretation of Article 15 of the Hague Convention that is also consistent with the decisions of other federal courts; and (*b*) is based on the undisputed fact that service papers were delivered to and accepted by Venezuela's Central Authority—Venezuela's Foreign Ministry—and Venezuela itself, not a third party, was the defendant to be served.  *See Devengoechea v. Bolivarian Republic of Venezuela*, No. 12-CV-23743-PCH, 2014 U.S. Dist. LEXIS 188755, *3 (S.D. Fla. Apr. 24, 2014) ("[s]ervice was effectuated on Venezuela, through its Central Authority under the Hague Convention . . . when it received the Summons, Complaint and transmittal documents"); ECF No. 47 ("The Republic does not dispute that deliveries to the Foreign Ministry were made").  While Venezuela has a right to appeal if it contends that Chief Judge Stark erred (he did not), there was no "clear error" here that could justify disregarding the law of the case.

*Third*, the Delaware district court's decision is not manifestly unjust because the Delaware court afforded Venezuela ample opportunities (in briefing and an oral hearing) to present its arguments under Article 5 of the Hague Convention.

*Finally*, the Court should also deny Venezuela's cross motion to dismiss based on improper service.  Venezuela waived the jurisdictional defense based on improper service because it failed to properly assert this defense together with its cross motion for dismissal based on improper venue before the Delaware district court.  ECF Nos. 18 and 23.  *See Gilmore v. Palestinian Interim Self-Gov't Auth.*, 8 F.Supp. 3d 9, 16 (D.D.C. 2014) ("[w]hen a defendant participates in the litigation, delays in making an objection to personal jurisdiction, and then makes an objection that could have been easily addressed in the first place, the defendant has waived the personal jurisdiction

3

objection"). *See also* FRCP Rules 12(g)(2) and 12(h)(1). Therefore, the Court should deny Venezuela's belated cross motion to dismiss based on improper service.

The Court should reject Venezuela's delaying tactics. Venezuela has presented no legally or factually cognizable defense to the enforcement of the Award and has admitted it has no defenses on the merits. Saint-Gobain is entitled to judgment as a matter of law.

## **ARGUMENT**

**I.    There Is No Reason For This Court To Revisit Chief Judge Stark's Decision On Service Of Process Which Is The Law Of The Case**

Venezuela admits that the Delaware district court's decision holding that Saint-Gobain validly served Venezuela under the Hague Convention is the law of the case. Opp. Br. at 21. However, Venezuela asks the Court to disregard the law of the case and revisit the Delaware district court's earlier ruling because the Delaware court was "clearly wrong." In particular, Venezuela now argues that Chief Judge Stark was clearly wrong to rely on Article 15 of the Hague Convention to hold that Saint-Gobain validly effected service on Venezuela, *see id.* at 8, 16-17, and that he should have instead found that service ineffective under Article 5 of the Hague Convention because the Venezuelan Central Authority did not serve those papers in accordance with the internal law of Venezuela. Raised for the first time in this case, Venezuela's new Article 5 argument is untimely and meritless.

In this Circuit, the law of the case may be revisited only in exceptional circumstances such as where "there is an intervening change in the law or if the previous decision was clearly erroneous and would work a manifest injustice." *Kimberlin v. Quinian*, 199 F.3d 496, 500 (D.C. Cir. 1999) (quoting *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996) (en banc)). This standard is interpreted "as a conjunctive rather than disjunctive imperative, *i.e.*, a court must not only be convinced that its earlier decision was erroneous; it must be satisfied that adherence to the

4

law of the case will work a grave injustice." *FMC Corp. v. United States EPA*, 557 F.Supp. 2d 105, 109 (D.D.C. 2008) (citing *Laffey v. Northwest Airlines, Inc.*, 642 F.2d 578, 585 (D.C. Cir. 1980)). The doctrine "promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues," *Sherley v. Sebelius*, 776 F.Supp. 2d 1, 14 (D.D.C. 2011), and "expresses the practice of courts generally to refuse to reopen what has been decided." *Flangan v. Wyndham Int'l*, 231 F.RD. 98, n.2 (D.D.C. 2005). In this regard, the Supreme Court warned that the lower courts "as a rule…should be loathe to [revisit prior decisions of a coordinate court] in the absence of extraordinary circumstances." *Christianson*, 486 U.S. at 817.

Venezuela does not and cannot identify such exceptional circumstances here.

### A. Venezuela Cannot Ask The Court To Revisit The Delaware Court's Decision Based On An Argument That It Failed To Raise Before That Court

Venezuela's sole basis for asking this Court to revisit Chief Judge Stark's decision is based on Article 5 of the Hague Convention. Opp. Br. at 8, 16. Venezuela claims the decision made by Chief Judge Stark is clearly erroneous because he did not take Article 5 of The Hague Convention into account. Yet, Venezuela does not note that it failed to assert this argument before the Delaware court — not in its two briefs and not in oral argument. ECF Nos. 18, 23, and 43-6. Instead, Venezuela argued that Saint-Gobain's service was not proper because Venezuela's Central Authority did not return a certificate of service to Saint-Gobain under the Hague Convention, an argument that Chief Judge Stark considered and rejected. Indeed, at the close of oral argument on December 5, 2019, Chief Judge Stark asked Venezuela "[i]s there anything else you wanted to address?" *See* ECF No. 43-6 (41:23-24). This was the last moment for Venezuela's counsel to raise Article 5. Venezuela did not raise the issue. *See* ECF No. 43-6 (41:25).

Yet Venezuela could easily have raised Article 5 before the Delaware district court. Article 5 was clearly on the books at the time of the argument. Moreover, the three legal authorities

Venezuela relies upon in making its Article 5 argument all predate the proceedings in Delaware and were readily available to Venezuela's counsel.  Yalowitz Decl., Ex. A ("Constitution of the Bolivarian Republic of Venezuela, Dec. 30, 1999); *id.*, Ex. B (Organic Law of the Attorney General's Office, Dec. 30, 2015); and *id.*, Ex. C (Decision No. 9 of the Political-Administrative Chamber of the Supreme Tribunal of Justice of Venezuela, Mar. 18, 2014).  But Venezuela failed to make this argument before the Delaware district court.

The Court's enquiry into Venezuela's arguments for revisiting the Delaware district court's decision should end here.  *See*, *e.g.*, *United States v. Dubose*, No. 05-0372 (JDB), 2006 U.S. Dist. LEXIS 45319, *17 (D.D.C. 2006) ("the government cannot relitigate the issues resolved by a suppression order without advancing some justification for its failure to develop those issues fully when the matter was originally litigated"); *Owens v. Republic of Sudan*, 174 F. Supp. 3d 242, 268 (D.D.C. 2016) ("A party can and does waive any argument not presented in our court"); *Estate of Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) ("In this Circuit, it is well-established that motions for reconsideration, whatever their procedural basis, cannot be used as an opportunity to reargue facts and theories upon which a court has already ruled, nor as a vehicle for presenting theories or arguments that could have been advanced earlier.")

**B.    Venezuela Cannot Show That The Delaware District Court's Decision Was Both Clearly Erroneous And Manifestly Unjust**

Even assuming *arguendo* that Venezuela had raised Article 5 of the Hague Convention before the Delaware district court (which it did not), Venezuela fails to show that the Delaware district court's earlier ruling holding that Saint-Gobain properly effected service on Venezuela was "clearly erroneous" and "would work a manifest injustice." *FMC Corp.*, 557 F. Supp. 2d at 109.

*First*, Venezuela's new Article 5 argument would not have altered Chief Judge Stark's reasoning.

Article 5 of The Hague Convention provides, in relevant part, that "The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency … by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory…."  By its terms, Article 5 plainly pertains to the circumstance where some action needs to be taken by the Central Authority after it receives the documents in question, vis-a-via third parties.  However, as noted, Chief Judge Stark held that under Article 15 of The Hague Convention no action needed to be taken upon receipt of the papers by the Central Authority because, in this case, the Venezuelan Government was the party being served.  Chief Judge Stark's holding was not only correct but also consonant with decisions by other district courts.  *See*, *e.g.*, *Devengoechea v. Bolivarian Republic of Venezuela*, No. 12-CV-23743-PCH, 2014 U.S. Dist. LEXIS 188755, *3 (S.D. Fla. Apr. 24, 2014) ("[s]ervice was effectuated on Venezuela, through its Central Authority under the Hague Convention . . . when it received the Summons, Complaint and transmittal documents"); *Sheck v. Republic of Argentina*, No. 10 Civ. 5167, 2011 WL 2118795, *3 (S.D.N.Y. May 23, 2011) ("Article 15 of the Convention allows a court to obtain jurisdiction over a foreign defendant for purposes of giving judgment when a plaintiff has not received a certificate of service or delivery . . . ."); *Box v. Dallas Mexican Consulate Gen.*, 487 Fed. App'x 880, 886 (5th Cir. 2012) (reasoning that a certificate is "more important" when serving a third party).[2]

---

[2] Chief Judge Stark found that service was effective where: (*i*) Venezuela designated its Foreign Ministry as its Central Authority under the Hague Convention; (*ii*) Venezuela was the party to be served; (*iii*) Plaintiff couriered the summons and complaint in the form required by the Hague Convention to Venezuela's Foreign Ministry which was, at the time of service, undisputedly responsible for the conduct of Venezuela's international relations and recognized as such by the United States; and (*iv*) Venezuela's Foreign Ministry accepted the summons and complaint in this action.  ECF No. 39 ("the Court finds (based on undisputed evidence) that Saint-Gobain has served the Republic"); ECF No. 47 ("The Republic does not dispute that deliveries to the Foreign Ministry were made").

Venezuela argued at length before the Delaware district court that service was not proper pursuant to the Hague Convention because Venezuela's Central Authority did not return a certificate confirming service—on itself. *See* ECF Nos. 18 and 23. Chief Judge Stark was not convinced. As Plaintiff explained, the Hague Convention anticipates that a State's Central Authority will ordinarily certify its service of process on ***third parties***.[3] However, where the State, represented by its Central Authority (the Foreign Ministry), is also the party upon whom process is to be served, insisting upon a requirement that the Central Authority certify service upon itself is worse than meaningless.[4] Such a rule would allow a State to frustrate service on itself through the formality of refusing to issue a certificate, and Venezuela has repeatedly employed this tactic.[5]

---

[3] The Hague Convention ordinarily serves to allow private litigants in one State to serve process on other private litigants in another State through that State's designated Central Authority. In that scenario, the Central Authority's role is to make and confirm service upon a third party in good faith. *See, e.g.*, Hague Convention, Art. 5 ("The Central Authority of the State addressed ***shall itself serve*** the document or shall arrange to have it served by an appropriate agency") and Art. 6 ("The certificate shall state that the document has been served and shall include the method, the place and the date of service and ***the person to whom the document was delivered***") (emphases added). In the third-party service scenario, the value of a certificate as proof of service is plain—litigants, especially faraway ones, are often reluctant to admit to having been served. *See Box*, 487 F. App'x at 886.

[4] Venezuela cites *Cavic v. Republic of Serbia*, No. 8:16-CV-1910-JLS-KESx, 2018 WL 6038346, at *3 (C.D. Cal. Mar. 21, 2018) for the proposition that service of papers on the Central Authority does not equate to service on a state itself. Opp. Br. at 16. But *Cavic* is inapposite. There, Serbia's Central Authority received only a request for service addressed to another defendant, a state-owned bank. *Id*. at *3 ("The documentation shows that Cavic requested service only on Jugobanka, not on Serbia."). Venezuela's reliance on *Marschhauser v. Travelers Indem. Co*., 145 F.R.D. 605, 609 (S.D. Fla. 1992) is also misplaced. The court did not pass on whether service on the Israeli central authority was itself sufficient for service on the State of Israel, but, where no certificate of service had been returned to the plaintiff, found that it nevertheless had the authority to enter an order of default pursuant to Article 15 of the Hague Convention. *See id*. at 610. Venezuela's reliance on *Samsung Elec. Co. v. Early Bird Sav.*, No. 13-CV-3105, 2014 WL 5139488 (S.D. Cal. Oct. 2, 2014) is inapposite. Opp. Br. at 13. There, unlike here, the Chinese Central Authority received a request for service addressed to two private Chinese corporations. More importantly, the service of process was not "actually delivered" because defendants refused to accept the service papers. *Id*. at *10. That is not the case here.

[5] Venezuela has repeatedly attempted to frustrate other award creditors' efforts to serve legal papers simply by failing to issue a certificate of service upon itself under the Hague Convention. *See OIEG B.V. v. Bolivarian Republic of Venezuela*, No. 1:16-cv-01533-ABJ (D.D.C. Feb. 24, 2017) (ECF No. 8-1) (noting that the Venezuelan Central Authority ignored plaintiff's service of process); *Valores Mundiales , SL, et al. v. Bolivarian Republic of Venezuela*, No. 1:10-cv-00046-KBJ (D.D.C. May 7, 2019) (ECF No. 5) (same); *Tenaris S.A. et al. v. Bolivarian Republic of Venezuela*, No. 1:18-cv-01371-CRC (D.D.C. Mar. 28, 2019)

Chief Judge Stark accordingly reasoned that the Hague Convention "does not permit a foreign sovereign to feign non-service by its own failure to complete and return the required certificate." ECF No. 39, at p. 21. Instead, noting that Article 15 of the Hague Convention allows judgment to be issued where it is established that a document "was actually delivered to the defendant," ECF No. 394, he found that by "actually delivering to the defendant, i.e., the Republic, by serving the appropriate documents directly to the Central Authority designated by the Republic of Venezuela, Saint-Gobain served the Republic, notwithstanding the Republic's failure to provide Saint-Gobain a certificate." *Id.* at 22. *See also* ECF No. 47 ("The Republic does not dispute that deliveries to the Foreign Ministry were made") and *Devengoechea*, 2014 U.S. Dist. LEXIS 188755, at *3 (S.D. Fla. Apr. 24, 2014) ("[s]ervice was effectuated on Venezuela, through its Central Authority under the Hague Convention . . . when it received the Summons, Complaint and transmittal documents").

The Delaware district court's rejection of Venezuela's self-serving interpretation of Article 15 of the Hague Convention was correct. It was, at any rate, nowhere near a "clear error" that would justify disturbing the law of the case holding that Saint-Gobain properly effected service under the Hague Convention. *See generally FMC Corp.*, 557 F. Supp. 2d at 109 (citing *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) ("The federal courts comprise a single system applying a single body of law, and no litigant has a right to have the interpretation of one federal court rather than that of another determine his case.")).

*Second*, it bears repeating that Venezuela's new argument based on Article 5 of the Hague Convention is old wine in a new bottle. As it did before the district court in Delaware, Venezuela

---

(ECF No. 6) (same); *Vestey Group Ltd. v. Bolivarian Republic of Venezuela*, No. 18-1456-TFH (D.D.C. March 28, 2019) (ECF No. 7) (same); *Koch Minerals Sarl et al. v. Bolivarian Republic of Venezuela*, No. 1:17-cv-02559-DAR (D.D.C. May 15, 2019) (ECF No. 25) (same).

again insists that unless it elects to take a completely discretionary and formal step to serve process on its own Attorney General, Saint-Gobain's service of process cannot succeed.[6]  But reading such a moral hazard into the Convention that would allow a State to frustrate service on itself is precisely what Chief Judge Stark refused to do.  *See* ECF No. 39, at p. 21 (warning that a foreign sovereign may not "feign non-service by its own failure" to act).

*Third*, Venezuela's suggestion that the Court "may consider questions of judicial economy" as "[f]orcing the Republic to pursue an appeal would be a waste of scarce resources of the parties and the judiciary" falls short of showing that the Delaware district court's decision is manifestly unjust.  Opp. Br. at 22.  The Court should place no stock in Venezuela's assertions of concern for "scarce resources of the parties and judiciary" where Venezuela's counsel admitted in open court that Venezuela has no defenses on the merits to the Award (ECF No. 43-7 (7:22-24)) but nevertheless announced its intention to force Plaintiff's "to turn square corners."  Opp. Br. at 1.  That Venezuela will nonetheless drag this case to the Court of Appeals is evident.  That is all the less reason to give Venezuela an extra appeal in the face of the settled principles of the law of the case.

In summary, Venezuela's brief confirms that there is no defense to preclude enforcement of the Award.  Proceedings to enforce ICSID awards are meant to be summary.  The Court should grant Saint-Gobain's motion for summary judgment.

---

[6] Venezuela's account of its internal law, as advanced in this litigation, should be viewed with skepticism in any event.  *See Animal Sci. Prods. v. Hebei Welcome Pharm. Co.*, 138 S.Ct. 1865, 1873 (2018) ("When a foreign government . . . offers an account in the context of litigation, there may be cause for caution in evaluating the foreign government's submission").

10

**II.     Venezuela's Untimely Cross-Motion To Dismiss For Improper Service Should Be Dismissed**

Finally, Venezuela cross-motion to dismiss should be dismissed as untimely.  Under Rules 12(g) and (h) of the Federal Rule of Civil Procedure, "if a party files a Rule 12(b) motion to dismiss, it may not subsequently assert any Rule 12(b) defenses that were available when the first Rule 12(b) motion was filed."  *See Gilmore*, 8 F. Supp. 3d at 7 (citing *Candido v. Dist. Of Columbia*, 242 F.R.D. 151, 161 (D.D.C. 2007)).  When "a defendant participates in the litigation, delays in making an objection to personal jurisdiction, and then makes an objection that could have been easily addressed . . . in the first place, the defendant has waived the personal jurisdiction objection."  *Id.* at 17 (citing *United States v. Brow*, No. 01-cv-4797, 2011 U.S. Dist. LEXIS 154238, *5 (E.D.N.Y. Dec. 28, 2011)).

In the Delaware district court, Venezuela—represented by the same counsel—opposed Saint-Gobain's motion for default judgment and filed a cross motion to vacate clerk's default and to dismiss or transfer the case based on improper venue.  ECF No. 18, at p. 10 (seeking dismissal of the complaint without prejudice or, in the alternative, transfer to this Court under 28 U.S.C. §§ 1404(a) and 1406(a)).  At that time, in support of its motion to set aside a default under Rule 55(c), Venezuela raised a different jurisdictional defense to service.  *See id.*, at p. 19 (alleging that "this Court is an improper venue for this action and lacks personal jurisdiction over the Republic").  However, Venezuela did not then raise a personal jurisdictional defense based on Article 5 of the Hague Convention which it debuts in this Court.  Venezuela has accordingly waived this defense, which it should have raised earlier.  *Ayissi-Etoh v. Fannie Mae*, 49 F. Supp. 3d 9, 12 (D.D.C. 2014) ("A party waives the defenses of lack of personal jurisdiction, improper venue, insufficient process, and insufficient service if he fails to include them in any prior motion or responsive

11

pleading."); *Nichols v. Vilsack*, 183 F.Supp. 3d 39, \*41 (D.D.C. 2016) (holding that defendant "waived its objection to venue by failing to assert in its ***first defensive move***") (emphasis added).

Accordingly, the Court should deny Venezuela's cross motion to dismiss the Complaint based on lack of personal jurisdiction for improper service.

## CONCLUSION

For the foregoing reasons, Saint-Gobain respectfully requests that the Court enter judgment in its favor and against Venezuela as set forth in the Complaint.

Dated: April 20, 2020                                    Respectfully submitted,

**ALSTON & BIRD LLP**
Alexander A. Yanos
Carlos Ramos-Mrosovsky
Rajat Rana
90 Park Avenue
New York, NY 10016
Telephone: 212-210-9400
Facsimile: 212-210-9444
alex.yanos@alston.com
carlos.ramos-mrosovsky@alston.com
rajat.rana@alston.com

*Counsel for Plaintiff Saint-Gobain Performance Plastics Europe*

12