**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SAINT-GOBAIN PERFORMANCE
PLASTICS EUROPE,

*Plaintiff*,

v.

Civil Action No. 1:20-cv-00129-RC

BOLIVARIAN REPUBLIC OF
VENEZUELA,

*Defendant*.

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The Bolivarian Republic of Venezuela respectfully submits the attached Memorandum and

Order issued on November 11, 2020, in *Lovati v. Bolivarian Republic of Venezuela*, Nos. 19-cv-

4793, 19-cv-4796 (S.D.N.Y.).

In *Lovati*, the plaintiffs brought a breach of contract action against the Republic; when they

were unable to effect service through an agreed-upon means, the plaintiffs sought and obtained an

order directing service on the Republic's mission to the United Nations. Op. 1. As here, after

purporting to effect service, the plaintiffs obtained a Clerk's certificate of default; the Republic

moved to vacate the Clerk's default and to dismiss for lack of personal jurisdiction, on the ground

that the plaintiffs had not validly served the Republic under the Foreign Sovereign Immunities Act

(FSIA). Op. 2.

The district court granted the Republic's motion to vacate the default. The court stated that

"[t]he FSIA provides the sole means for effecting service of process on a foreign state," Op. 3, and

that "section 1608(a), which governs service upon a foreign state, requires strict adherence to the

FSIA's literal terms enumerated in Section 1608(a), not merely substantial compliance." Op. 4–5.

1

The plaintiffs had attempted service upon the Republic under § 1608(a)(1), pursuant to a special arrangement set forth in the contract.  Op. 2, 5.  But the plaintiffs did not "strictly adhere to the terms of the special arrangement … as required by FSIA 1608(a)(1)."  The court therefore held that service had been improper, requiring that the default be vacated.  Op. 7.  The court also gave the plaintiffs time (60 days) to effect service in accordance with the FSIA.  Op. 7–8.

The district court's opinion in *Lovati* supports the Republic's argument here that the FSIA's service requirements must be scrupulously followed when serving a foreign sovereign, even if the sovereign has actual notice of the suit.  ECF No. 46, at 1–2.  Plaintiff's failure in this case to effect service in strict adherence with the Hague Convention (an "international convention on service of judicial documents" for purposes of FSIA § 1608(a)(2)), or by any other method authorized under the FSIA, thus invalidates service.

Dated: November 16, 2020
      New York, New York

Respectfully submitted,

ARNOLD & PORTER
    KAYE SCHOLER LLP

By:

Kent A. Yalowitz
250 West 55th Street
New York, NY 10019
T: (212) 836-8000
F: (212) 836-8689
Kent.Yalowitz@arnoldporter.com

E. Whitney Debevoise
Allon Kedem
Sally L. Pei
Stephen K. Wirth
601 Massachusetts Ave., NW
Washington, DC 20001
T: (202) 942-5000
F: (202) 942-5999

*Attorneys for the Bolivarian Republic of Venezuela*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2020, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court for the District of Columbia using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*s/ Kent A. Yalowitz*
Kent A. Yalowitz