## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

SAINT-GOBAIN PERFORMANCE
PLASTICS EUROPE,

       Plaintiff,

    v.

BOLIVARIAN REPUBLIC OF
VENEZUELA

       Defendant

Civil Action No. 1:20-cv-00129-RC

## UNOPPOSED MOTION FOR A STATUS CONFERENCE

Plaintiff Saint-Gobain Performance Plastics Europe ("Plaintiff" or "Saint-Gobain"), by and through its counsel, Alston & Bird LLP, respectfully moves the Court to convene a status conference within the next thirty days to address the status of this proceeding, especially in light of recent developments in relevant proceedings before the United States District Court for the District of Delaware. Plaintiff has conferred with counsel for the Bolivarian Republic of Venezuela ("Venezuela") prior to filing this Motion pursuant to LCvR 7(m) and Venezuela takes no position on the matter. Plaintiffs request that this conference be held via teleconference or video conference, as permitted by Phase 2 of the Court's Continuity of Operations Plan for the COVID-19 Pandemic.[1]

In support of this Motion, Plaintiff submits as follows:

1. Plaintiff initiated this action to register and enforce an ICSID arbitration award against Venezuela in December of 2018 before the United States Federal District Court for the District of

---

[1] Transition to Phase 2 began September 14, 2020. Under Standing Order No. 20-89 of November 6, 2020, the District of Columbia remains in Phase Two of the reopening plan with no specific date identified for the transition to Phase Three.

Delaware. Venezuela failed timely to appear and Plaintiff moved for default judgment. Venezuela then challenged Plaintiff's service of process, as well as venue before the District of Delaware. While the Delaware District Court found that Plaintiff had properly served Venezuela, it also determined that venue was improper and transferred the case to this Court. *See Saint-Gobain Performance Plastics Europe v. Bolivarian Republic of Venezuela*, No. 1:18-cv-01963-LPS, ECF No. 39 at 23–24, 2019 U.S. Dist. LEXIS 214167 * 30-31 (D. Del. Dec. 12, 2019) (finding service properly executed under the Hague Service Convention when Plaintiff couriered service papers to the Venezuelan Foreign Ministry, regardless of Venezuela's failure to return a completed certificate of service).

2.      On January 15, 2020, this case was transferred to this Court. On March 9, 2020, Plaintiff filed a Motion for Summary Judgment. ECF No. 43. On April 6, 2020 Venezuela filed a Cross Motion to Dismiss. ECF No. 45. Briefing for both motions was completed as of May 4, 2020. *See* ECF No. 51.

3.      While Plaintiff seeks to enforce its arbitration award against Venezuela before this Court, several judgment creditors of Venezuela and/or its state oil company, Petróleos de Venezuela ("PDVSA") are already present before the District Court in the District of Delaware seeking to auction the only commercial assets of Venezuela in the United States out of which any judgment in Plaintiff's favor can likely be recovered.

4.      The various proceedings have progressed to a point where the Delaware District Court has requested briefing addressing the process for auctioning Venezuela's U.S. assets. As described in further detail below, multiple judgment creditors have since submitted briefs and the Delaware District Court held a joint hearing on September 17, 2020. The parties expect a ruling from the District Court of Delaware in the near future.

5.      On June 9, 2017, the United States District Court for the District of Columbia authorized Canadian mining company Crystallex to register its judgment confirming a $1.2 billion investor-state arbitration against Venezuela in the District of Delaware.  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 2017 U.S. Dist. LEXIS 221611, *6 (granting Crystallex's motion to register judgment).  The District of Delaware thereafter ruled that PDVSA was the alter ego of Venezuela and that Crystallex could seek a writ of attachment against PDVSA-owned shares in PDV Holding Inc. ("PDVH"), a Delaware corporation, in order to satisfy the judgement enforcing the underlying arbitration award.  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 333 F. Supp. 3d 380, 414 (D. Del. 2018).  That decision was subsequently affirmed by the Third Circuit. *Crystallex Int'l Corp. v. Bolivarian Republic of Venez. (In re Petróleos de Venez., S.A.)*, 932 F.3d 126, 132 (3d Cir. 2019), *cert. denied*, 206 L. Ed. 2d 936 (U.S. 2020).

6.      Following the Supreme Court's May 18, 2020 denial of certiorari, *Bolivarian Republic of Venez. v. Crystallex Int'l Corp.*, 206 L.Ed.2d 936 (U.S. 2020), the Delaware District Court lifted its stay of the proceedings and ordered Crystallex and Venezuela—as well as third party intervenors—to brief issues including the mechanics of how the shares of PDVH common stock against which Plaintiff intends to execute its judgment may be sold.  *See* Memorandum Order at 1, *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 1:17-mc-00151 (D. Del. May 22, 2020) ECF Nos. 174, 175.  Crystallex has since moved for an Order of Sale (*id*. at ECF No. 181) while Venezuela has sought relief from the Delaware Court's final judgment pursuant to Federal Rule 60(b) (*id*. at ECF No. 183) and PDVH has moved to quash the writ of attachment (*id*. at ECF No. 178).  The District Court in Delaware is now entertaining subsequent briefing and held a hearing to determine the procedures for a potential sale of Venezuela's assets on September 17, 2020.  *See id.* at ECF No. 218.

7.    Crystallex is not the only creditor presently seeking to enforce a judgment against the shares of PDVH before the federal district court in Delaware.  ConocoPhillips registered an approximately US$ 2 billion judgment from the United States District Court for the Southern District of New York based on an arbitral award against PDVSA with the Delaware District Court on November 29, 2019.  *See Phillips Petroleum Co. Venez. Ltd. et al v. Petróleos de Venez., S.A. et al.*, 1:19-mc-00342, (D. Del. Nov. 26, 2011) ECF No. 1.  ConocoPhillips simultaneously moved for a writ allowing it to attach and auction the same PDVH shares, which remains pending (*id*. at ECF No. 2) and is currently participating in briefing concerning the organization of a prospective auction of PDVH shares as a nonparty intervenor in the *Crystallex* proceedings before the Delaware District Court.  *See* Non-Parties Phillips Petroleum Co. Venez. Ltd. and ConocoPhillips Petrozuata B.V.'s Opening Brief Regarding Conduct of PDV Holdings, Inc. Share Sale, *Crystallex Int'l Corp.*, 1:17-mc-00151, (D. Del. June 17, 2020) ECF No. 180.

8.    Likewise, O.I. European Group B.V. ("OIEG"), a subsidiary of Owens Illinois, registered a US$ 382 million judgment from the United States District Court for the District of Columbia, based on still another international arbitration award, with the District Court in Delaware and moved for a writ of attachment as to the PDVH shares on November 4, 2019.  *See OI European Group B.V. v. Bolivarian Republic of Venezuela*, 1:19-mc-290 (D. Del. Nov. 4, 2019) ECF Nos 1, 2.  OIEG has since filed a motion for reconsideration of the District Court's order denying its motion for a writ of attachment, which remains pending.  *See id*. at ECF No. 33.

9.    Given the limited Venezuelan assets available for satisfaction of these awards in the United States, the advanced state of the proceedings before the District Court in Delaware, and the size of the judgments that other creditors of Venezuela and PDVSA seek to satisfy against those same assets, Plaintiff will for all practical purposes be left without a remedy if this Court does not act

on the pending proceedings in time for Plaintiff (if this Court rules in its favor) to register a prospective judgment against Venezuela in the District of Delaware so that that it too may participate in the contemplated auction process.

10.  In light of these developments, Plaintiff requests the Court enter the proposed order attached as Exhibit A.

Dated: November 17, 2020

Respectfully submitted,

/s/ *Alexander A. Yanos*
ALSTON & BIRD LLP
Alexander A. Yanos
Carlos Ramos-Mrosovsky
Rajat Rana
90 Park Avenue
New York, NY 10016
Telephone: 212-210-9400
Facsimile: 212-210-9444
alex.yanos@alston.com
carlos.ramos-mrosovsky@alston.com
rajat.rana@alston.com

*Counsel for Plaintiff Saint-Gobain Performance Plastics Europe*