**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SAINT-GOBAIN PERFORMANCE
PLASTICS EUROPE,

       Plaintiff,

   v.

BOLIVARIAN REPUBLIC OF
VENEZUELA

       Defendant

Civil Action No.: 1:20-cv-00129-RC

**PLAINTIFF SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE'S MOTION FOR
RELIEF PURSUANT TO 28 U.S.C. § 1610(C) AND 28 U.S.C. § 1963**

Plaintiff Saint-Gobain Performance Plastics Europe ("Plaintiff" or "Saint-Gobain") hereby moves for an Order (*i*) pursuant to 28 U.S.C. § 1610(c), determining that a reasonable period of time has elapsed since this Court's February 1, 2021, Final Judgment (the "Judgment") confirming an arbitral award against the Bolivarian Republic of Venezuela ("Defendant" or "Venezuela") and entering judgment against Venezuela in the amount of $40,879,911.84 plus post-award and post-judgment interest, *see* ECF No. 54, such that Saint-Gobain may seek to attach Venezuela's assets to aid in the execution of the court's judgment; and (*ii*) pursuant to 28 U.S.C. § 1963, permitting, for good cause, Saint-Gobain to register the Court's Judgment in other judicial districts of the United States, including the District of Delaware.

**FACTUAL BACKGROUND**

On March 29, 2011, Venezuelan President Hugo Chávez, through a decree, ordered the expropriation of Saint-Gobain's interest in a manufacturer of ceramic proppants used during

1

fracking.  First Yanos Decl., Ex. 3 (Decision on Liability), ¶¶ 245-47 (ECF No. 3-3).[1]  Saint-Gobain's investment was protected by the France-Venezuela Bilateral Investment Treaty of April 15, 2004 ("the Treaty").  *Id.*, Ex.1, ¶ 5 (ECF No. 3-1).  Pursuant to the terms of the Treaty, Saint-Gobain commenced arbitration seeking compensation for the loss of its investment from Venezuela.  Saint-Gobain's request for arbitration was formally registered as ICSID Case Number ARB/12/13 on June 15, 2012 by the International Centre for Settlement of Disputes ("ICSID").  On December 30, 2016, an ICSID Tribunal rendered a Decision on Liability and the Principles of Quantum ("Decision on Liability").  *Id.*, Ex. 3 (ECF No. 3-3).  On November 3, 2017, the Tribunal issued its Final Award ("Award") detailing the quantum of compensation Venezuela owed Saint-Gobain.  The Award orders Venezuela to pay Saint-Gobain compensation as follows:

(i)     US$ 29.6 million as the principal amount of compensation for the expropriation of Saint-Gobain's investment in Venezuela;

(ii)    US$ 4.8 million as pre-award interest from May 15, 2010 through March 31, 2017, with further pre-award interest through November 3, 2017 to be calculated at a rate equal to 2% over the average six-month U.S. Treasury bill rate, compounded annually;

(iii)   Post-award interest on the principal amount of compensation at a rate equal to 2% over the average six-month U.S. Treasury bill rate, compounded annually;

(iv)    The costs of the arbitration, in the amount of US$ 1,303,189.99;

(v)     Two-thirds of Saint-Gobain's legal fees and expenses in the amount of US$ 4,634,532.05; and

---

[1] Over the course of the litigation, four separate declarations have been submitted by Alexander Yanos on behalf of Saint-Gobain. *See* "First Yanos Decl." (ECF No. 3); "Second Yanos Decl." (ECF No. 9); "Third Yanos Decl." (ECF No. 11); and "Fourth Yanos Decl." (ECF No. 43-3).

2

(vi)     Post-award interest on costs at a rate equal to 2% over the average six-month U.S.

Treasury bill rate, compounded annually.

*Id.*, Ex. 1, ¶ 72 (ECF No. 3-1).

Since the issuance of the Award, Venezuela has refused to pay the sums owed to Saint-Gobain. As a result, on December 12, 2018, Saint-Gobain filed this action before the United States District Court for the District of Delaware to enforce the pecuniary obligations of the Award against Venezuela and its alter-ego Petróleos de Venezuela S.A. ("PDVSA") pursuant to 22 U.S.C. § 1650a.[2] *See* ECF No. 1. Judge Stark found that Saint-Gobain had properly served Venezuela pursuant to Foreign Sovereign Immunities Act and the Hague Service Convention and then transferred these proceedings to this district for further action. *See* ECF No. 39.

Before this Court, Saint-Gobain moved for summary judgment on March 9, 2020. ECF No. 43. Venezuela filed a cross motion to dismiss on April 6, 2020, ECF No. 45. On February 1, 2021, this Court issued its Final Order denying Venezuela's motion to dismiss and granting Saint-Gobain's motion for summary judgment. *See* ECF Nos. 54–55. To date, Venezuela has yet to fulfill its pecuniary obligations to Saint-Gobain under the Award. As more than three months have now passed since the Court granted summary judgment in favor of Saint-Gobain, Saint-Gobain requests this Court's permission to register its Judgment in the District Court of the District of Delaware and to find that a reasonable period of time has elapsed to allow attachment of Venezuelan assets to fulfill the 2017 Award.

---

[2] At the time, the District of Delaware had already ruled that PDVSA was Venezuela's alter ego. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 333 F. Supp. 3d 380, 414 (D. Del. 2018) (finding that "PDVSA may be deemed the alter ego of Venezuela . . .").

## ARGUMENT

### I.   RELIEF PURSUANT TO 28 U.S.C. § 1610(C) IS WARRANTED.

Section 1610(c) of the Foreign Sovereign Immunities Act ("FSIA") provides that, when a judgment has been entered against a foreign state, attachment of the foreign state's property in the United States in execution of the judgment is permitted once "the court has . . . determined that a reasonable period of time has elapsed following the entry of judgment . . . ."  28 U.S.C. § 1610(c). Section 1610(c) does not define what constitutes a "reasonable period of time [,]" leaving it to the discretion of the Court to consider on a case-by-case basis.

Courts have regularly found a "reasonable" period of time to have passed as soon as two months after the entry of judgment. *See Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) ("Although the necessary interim 'will of course vary according to the nuances of each case,' courts have found periods of three months and less reasonable.") (quoting *Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001)); *see also, e.g.*, *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No.: 16-cv-0661 (RC), 2017 U.S. Dist. LEXIS 221611, *2–3 (D.D.C. June 9, 2017) (finding that "two months is a reasonable time" and counting time elapsed since filing a motion under 28 U.S.C. § 1610(c) was filed 18 days after entry of judgment); *Karaha Bodas Co., L.L.C., v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, No: H-01-0634, 2002 U.S. Dist. LEXIS 3976, at *4 (S.D. Tex. Jan. 24, 2002) (finding that a reasonable period of time had elapsed at 50 days from entry of judgment); Order, *Gold Reserve v. Bolivarian Republic of Venez.*, No. 14-cv-2014 (JEB) (D.D.C. Jan. 20, 2016) ECF No. 48 (two months after entry of judgment); *Ned Chartering*, 130 F. Supp. 2d at 67 (six weeks); *Elliott Assocs., L.P. v. Banco de la Nacion*, 96 Civ. 7916 (RWS), 96 Civ. 7917 (RWS), 2000 U.S. Dist. LEXIS 15649, at *1 (S.D.N.Y. June 22, 2000) (ten days after entry of judgment).

In this case, it has been more than three months since the Court's Order entering final

judgment and confirming the Award.  *See* ECF No. 54.  More than *forty-two* months have passed since the Award itself was rendered.  *See* First Yanos Decl., Ex. 1, ¶ 72 (ECF No. 3-1).  (Award dated November 3, 2017).  Pursuant to well-established precedent, Venezuela has had more than a reasonable period of time to satisfy its obligations to Saint-Gobain, yet it demonstrated that it will not do so.  *See Karaha Bodas,* 2002 U.S. Dist. LEXIS 3976, at *6 (refusing to delay an order pursuant to 28 U.S.C. § 1610(c) beyond 50 days following confirmation of an arbitral award, where the foreign sovereign entity "[knew] the extent of its potential liability for over a year . . . when the Arbitral Tribunal issued its final award").  Under these circumstances, more than three months following this Court's entry of final judgment is more than a reasonable period of time for Venezuela to arrange for the payment of the Award, or at the very least to make a representation to this Court that it intends to do so.  Venezuela has done neither.  Nor has Venezuela posted a supersedeas bond to support its notice of appeal.

Venezuela's failure to take any steps in this regard is unsurprising.  Indeed, Venezuela's habitual practice is to avoid payment of its international obligations, as evidenced by the need for creditors repeatedly to seek the assistance of United States district courts in holding Venezuela to its obligations under international arbitration awards.  *See*, *e.g.*, *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 1:17-mc-00151 (D. Del. filed June 19, 2017); *OI European Grp. B.V. v. Bolivarian Republic of Venez. et al.,* 1:19-mc-00290 (D. Del. filed Nov. 4, 2019); *Valores Mundiales, S.L., et al. v. Bolivarian Republic of Venez.*, 1:19-cv-00046 (D.D.C. filed Jan. 8, 2019); *Koch Minerals Sàrl, et al. v. Bolivian Republic of Venez.*, 1:17-cv-02559 (D. Del. filed Nov. 28, 2017); *Tenaris S.A et al v. Bolivarian Republic of Venez.*, 1:18-cv-1371 (D.D.C. filed June 8, 2018); *Tenaris S.A et al v. Bolivarian Republic of Venez.*, 1:18-cv-1373 (D.D.C. filed June 8, 2018); *Vestey Grp. Ltd v. Bolivarian Republic of Venez.*, 1:18-cv-01456 (D.D.C. filed June 20,

5

2018); *Tidewater Inv. SRL, et al. v. Bolivarian Republic of Venez.*, 1:19-mc-00079 (D. Del. filed Apr. 3, 2019); *Northrop Grumman Ship Sys, Inc. v. Bolivarian Republic of Venez.*, 1:20-mc-00257-LPS (D. Del. filed July 31, 2020).   In each of these cases, Venezuela has failed voluntarily to satisfy the international arbitration awards rendered against it.   Nor has it posted a bond in support of its appeals from the orders enforcing arbitration awards against it.   There is no reason to expect Venezuela to vary this pattern here.   A "reasonable period of time" has passed and the Court should accordingly grant relief under 28 U.S.C. § 1610(c).

## II.    RELIEF PURSUANT TO 28 U.S.C. § 1963 IS WARRANTED.

Saint-Gobain also respectfully requests that this Court enter an order pursuant to 28 U.S.C. § 1963, granting Saint-Gobain permission to register the Judgment in other judicial districts of the United States, including in particular the District of Delaware.

Section 1963 provides that a party may register a judgment in another judicial district "when the judgment has become final by appeal or expiration of the time for appeal ***or when ordered by the court that entered the judgment for good cause shown.***"   28 U.S.C. § 1963 (emphasis added).   "Good cause can be established by an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Non-Dietary Exposure Task Force v. Tagros Chems. India, Ltd.*, 309 F.R.D. 66, 69 (D.D.C. 2015) (internal quotations omitted); *see also Spray Drift Task Force v. Burlington Bio-Medical Corp.*, 429 F. Supp. 2d 49, 51-52 (D.D.C. 2006) (finding "good cause to authorize the registration of this judgment in other U.S. District Courts" where judgment debtor "lack[ed] assets in the District of Columbia but possesse[d] assets elsewhere").

Here, despite Venezuela's pending appeal—in connection with which it has posted no supersedeas bond—good cause exists to allow Saint-Gobain to proceed with registering its judgment in another judicial district.   Saint-Gobain has not identified any commercial assets

belonging to Venezuela in the District of Columbia.  Such assets have, however, been located in the District of Delaware—specifically Venezuela's shareholdings, through its state oil company and alter ago, PDVSA, in PDV Holding ("PDVH"), the indirect parent of CITGO Petroleum ("CITGO").[3]  *See Crystallex Int'l Corp.*, 333 F. Supp. 3d at 414 (finding that "PDVSA may be deemed the alter ego of Venezuela").

At the same time, a line of judgment creditors has already queued in the District of Delaware, all seeking to attach the same limited PDVH shares.  In 2018, the Delaware District Court granted Canadian mining company Crystallex a writ of attachment after determining that PDVSA was the alter ego of Venezuela. *Id.*  That decision was subsequently affirmed by the Third Circuit, and the Supreme Court denied Venezuela's application for *certiorari* to review that decision.  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez. (In re Petróleos de Venez., S.A.)*, 932 F.3d 126, 132 (3d Cir. 2019), *cert. denied*, 206 L. Ed. 2d 936 (U.S. 2020).  Since then, the Delaware District court has appointed a special master and begun the process of organizing an auction of the PDVH shares.  *See* Memorandum Order Appointing Robert B. Pincus, Esq. as Special Master, *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 1:17-mc-00151, (D. Del. Apr. 28, 2021), ECF No. 258.

As the *Crystallex* proceedings advance toward a sale, multiple parties have lined up to receive similar writs on the same legal basis.  ConocoPhillips registered an approximately US$ 2 billion judgment from the United States District Court for the Southern District of New York based on an arbitral award against PDVSA with the Delaware District Court on November 29, 2019. *See*

---

[3] Saint-Gobain reserves the right to seek appropriate discovery into other Venezuelan commercial assets in the United States and worldwide. *See generally Republic of Arg. v. NML Cap., Ltd.,* 573 U.S. 134 (2014).  That said, given the number and scope of awards and judgments against Venezuela, and the ongoing efforts of numerous judgment creditors, it is unlikely that such assets can be identified.

*Phillips Petro. Co. Venez. Ltd. et al v. Petróleos de Venez., S.A. et al.*, 1:19-mc-00342, (D. Del. Nov. 26, 2011) ECF No. 1.  ConocoPhillips simultaneously moved for a writ allowing it to attach and auction the same PDVH shares, which remains pending, *id.* at ECF No. 2, and has participated in briefing concerning the organization of a prospective auction of PDVH shares as a nonparty intervenor in the *Crystallex* proceedings before the Delaware District Court.  *See* Non-Parties Phillips Petro. Co. Venez. Ltd. and ConocoPhillips Petrozuata B.V.'s Opening Brief Regarding Conduct of PDV Holdings, Inc. Share Sale, *Crystallex Int'l Corp.*, 1:17-mc-00151, (D. Del. June 17, 2020) ECF No. 180.

Likewise, O.I. European Group B.V. ("OIEG"), a subsidiary of Owens Illinois, registered a US$ 382 million judgment from the United States District Court for the District of Columbia, based on still another international arbitration award, with the District Court in Delaware and moved for a writ of attachment as to the PDVH shares on November 4, 2019.  *See OI European Grp. B.V. v. Bolivarian Republic of Venez.*, 1:19-mc-290 (D. Del. Nov. 4, 2019) ECF Nos 1, 2. OIEG has since filed an amended motion for a writ of attachment, which the Court recently heard oral argument upon along with a similar motion from Huntington Ingalls (formerly known as Northrop Grumman).  *See id.* at ECF No. 92 (Official transcript of April 30, 2021 hearing); *see also* Minute Entry for proceedings held before Judge Leonard P. Stark, *Northrop Grumman Ship Sys., Inc. v. The Min. of Def. of the Rep. of Venez.*, 1:20-mc-00257-LPS (Apr. 30, 2021).

The volume of proceedings seeking to collect on judgments against Venezuela in the Delaware District Court, as well as the amount of creditors seeking enforcement of international awards in the district courts more generally, *see supra* Section I, confirm the urgency of Saint-Gobain's motion under 28 U.S.C. § 1963.  Given Venezuela's public record on matters identical to these, there is no reason to believe that Venezuela will voluntarily pay the Judgment.  The Court

should view Venezuela's pending appeal, pursued without posting a supersedeas bond, as part of this same pattern. Good cause therefore exists for the Court to authorize Saint-Gobain to register its judgment against Venezuela in the District of Delaware so that it too may participate in the auction process before it is too late.

## CONCLUSION

For these reasons, the Court should find that a reasonable period of time has elapsed within the meaning of 28 U.S.C. § 1610(c), and that good cause exists to permit registration of this Court's judgment in Delaware. A proposed Order is respectfully attached for the Court's consideration.

Dated: May 20, 2021                    Respectfully submitted,


                                       /s/ *Alexander A. Yanos*
                                       ALSTON & BIRD LLP
                                       Alexander Yanos
                                       Carlos Ramos-Mrosovsky
                                       Rajat Rana
                                       90 Park Avenue
                                       New York, NY 10016
                                       Telephone: 212-210-9400
                                       Facsimile: 212-210-9444
                                       alex.yanos@alston.com
                                       carlos.ramos-mrosovsky@alston.com
                                       rajat.rana@alston.com

                                       *Counsel for Plaintiff Saint-Gobain Performance*
                                       *Plastics Europe*

9