**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SAINT-GOBAIN PERFORMANCE
PLASTICS EUROPE,

        Plaintiff,

    v.

BOLIVARIAN REPUBLIC OF
VENEZUELA

        Defendant

Civil Action No.: 1:20-cv-00129-RC

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF
PURSUANT TO 28 U.S.C. § 1610(C) AND 28 U.S.C. § 1963**

Plaintiff Saint-Gobain Performance Plastics Europe ("Plaintiff" or "Saint-Gobain"), by and

through the undersigned counsel, respectfully submits this Reply in support of its Motion for Relief

Pursuant to 28 U.S.C. § 1610(c) and 28 U.S.C. § 1963 ("Motion").  ECF 58.

**INTRODUCTION**

Saint-Gobain's Motion should be granted.

In its Response to Saint-Gobain's Motion for relief pursuant to Section 1610(c), the

Bolivarian Republic of Venezuela ("Venezuela") all but admits that it will not pay the Court's

February 1, 2021, Final Judgment (the "Judgment")—now or in the foreseeable future.  Instead,

Venezuela offers vague, some-day promises to pay *all* the outstanding balances it owes to

judgment creditors pursuant to numerous adverse international arbitration awards.  *See* ECF No.

60 at 5.  Such aspirations, as well as Venezuela's extended discussion of its internal political

workings, are irrelevant.  The question of whether a "reasonable period of time has elapsed" is an

objective, not a political, one.

1

Saint-Gobain should now be free to seek to attach Venezuela's assets to aid in the execution of this Court's Judgment.

Venezuela's opposition to Saint-Gobain's Section 1963 relief fares no better. First, Venezuela posits the unfounded proposition that the Foreign Sovereign Immunities Act ("FSIA") precludes the Court's subject matter jurisdiction under Section 1963. It then engages in a meritless, circular argument that Saint-Gobain cannot identify assets in the District of Delaware as it has yet to prove alter ego status between Venezuela and its state-owed oil company, Petróleos de Venezuela S.A. ("PDVSA"). But Venezuela offers no explanation why Saint-Gobain should litigate such an issue here as opposed to in the District of Delaware during attachment proceedings like Venezuela's other judgment creditors. Nor can Venezuela minimize the urgency needed for Saint-Gobain to join the ranks of judgment creditors in the District of Delaware before the limited assets available in the United States deplete completely.

The Court should find that a reasonable time has passed since the Court's entry of judgment and grant Saint-Gobain leave to register the Judgment in the District of Delaware for good cause.

## ARGUMENT

**I.      RELIEF PURSUANT TO 28 U.S.C. § 1610(C) IS WARRANTED.**

Venezuela's arguments opposing Section 1610(c) relief are irrelevant at best. In fact, Venezuela's primary argument, pointing to the ongoing humanitarian and political crisis weighs *in favor* of granting Saint-Gobain's proposed relief. Courts have consistently found that political turmoil does not qualify as a basis to deny relief pursuant to Section 1610. In fact, they have found *the opposite*. For example, in *OI European Group B.V. v. Bolivarian Republic of Venezuela*, Owens-Illinois European Group ("OIEG") brought a similar action in this District to recognize and enforce an arbitration award of its own against Venezuela. 419 F. Supp. 3d 51 (D.D.C. 2019). OIEG moved the Court for leave to seek attachment and execution pursuant to 28 U.S.C. §1610(c),

as well as leave to register this Court's Judgment pursuant to 28 U.S.C. §1963.  In response, the

Court granted OIEG's motion, addressing a similar argument from Venezuela in the process:

> [T]he political uncertainty in Venezuela is also a circumstance that bolsters plaintiff's argument that it should be allowed to seek attachment.  The "reasonable period of time" formulation is meant to allow the foreign government sufficient time to work through its internal procedures to satisfy the judgment. Defendant has not pointed the Court to any mechanism or internal procedures through which it will satisfy the judgment.  In fact, defendant agrees that it is functionally unable to do so at this time.

*Id.* at 54-55.

As in *OIEG*, Venezuela in this case expends considerable time bemoaning internal

procedures it would need to follow in order to satisfy the Judgment, in the course of which it admits

that it has no effective control over "the Finance Ministry, Executive Branch, and Supreme Court,

. . . [or] operations and assets of key government-owned entities within Venezuela."  ECF No. 60

at 3.  None of this excuses Venezuela's failure to pay the Judgment within a reasonable period of

time.  At the same time, however, Venezuela itself makes clear that its political crisis weighs in

favor of judicial intervention to effectuate Saint-Gobain's rights in this Court's Judgment.

*Rusoro Mining* does not mandate a different result.  There, the Court denied the plaintiff's

Section 1610 relief in a summary minute order, stating only:

> Upon review of [] Petitioner Rusoro Mining Limited's Motion for Relief Pursuant to 28 U.S.C. § 1610(c) and 28 U.S.C. § 1963, it is hereby ORDERED that the motion is DENIED. After considering the briefs of both parties in relation to that motion, and the entire record in this case, this Court determines that (a) a reasonable period of time has not elapsed since the entry of Judgment in this case such that petitioner may seek to attach respondent's assets to aid in the execution of that Judgment pursuant to 28 U.S.C. § 1610(c); and (b) petitioner has not shown good cause to register the Judgment in other judicial districts in the United States pursuant to 28 U.S.C. § 1963. SO ORDERED.

Minute Order, *Rusoro Mining Ltd. v. Bolivarian Republic of Venez.*, No. 1:16-cv-02020-RJL (D.D.C. Nov. 21, 2018).  Aside from its conclusory nature, the *Rusoro* minute order also predates the United States' January 2019 recognition of the Guaidó administration, which forms the basis of Venezuela's argument here.[1]  Moreover, the *Rusoro* case related to a French award that was the subject of set aside proceedings in France.  In contrast, the award here (as in *OIEG*) was rendered by ICSID and is no longer the subject of any annulment proceedings.  The inapposite Minute Order in *Rusoro* cannot outweigh the well-reasoned decision in *OIEG* and other cases finding a "reasonable" period of time to have passed as soon as two months after the entry of judgment against a sovereign.

Venezuela's other arguments miss the mark.  Venezuela's pending appeal does not justify delay in granting Saint-Gobain's motion for relief under Section 1610(c).  Without posting a supersedeas bond under Federal Rule of Civil Procedure 62(b), Venezuela has no right to stay the proceedings before this Court.  Venezuela has posted no bond.  Nor has it made any argument as to why the requirement of a supersedeas bond should be waived.  *Cf. Cruise Connections Charter Mgmt. 1, L.P. v. Att'y Gen. of Can.*, No. 08-2054 (RMC), 2014 U.S. Dist. LEXIS 204835, at *3 (D.D.C. Oct. 1, 2014) (waiving supersedeas bond because Canada had "ample funds to satisfy the Court's judgment at the appropriate time.").  Venezuela in fact has a long track record of appealing orders confirming international arbitration awards without posting a supersedeas bond, *see* ECF No. 58 at 6, and as Venezuela admits, currently has no way to post a bond or satisfy the Judgment

---

[1] *See* Statement Recognizing Venezuelan National Assembly President Juan Guaidó as the Interim President of Venezuela, THE WHITE HOUSE (Jan. 23, 2019), https://www.whitehouse.gov/briefings-statements/statement-president-donald-j-trump-recognizing-venezuelan-national-assembly-president-juan-guaido-interim-president-venezuela/.

4

against it.  *See* ECF No. 60 at 4 ("[T]he Republic is not in a position to post a supersedeas bond while it appeals this Court's judgment to the D.C. Circuit.").

The United States' amicus filing in the pending appeal is also irrelevant to this Court's decision under Section 1610(c).  Of note, the United States' brief simply repeats the same service arguments made by Venezuela that three district courts have already rejected.  *Compare* Brief for Appellant, *Saint-Gobain Performance Plastics Eur. v. Bolivarian Republic of Venez.*, 21-7019, Doc. No. 1901115 *and* Brief for the United States as Amicus Curiae, *Saint-Gobain Performance Plastics Eur. v. Bolivarian Republic of Venez.*, 21-7019, Doc. No. 1901880, *with Saint-Gobain Performance Plastics Eur. v. Bolivarian Republic of Venez.*, Civil Action No. 20-129 (RC), 2021 U.S. Dist. LEXIS 18485, at *19–32 (D.D.C. Feb. 1, 2021), *Crystallex Int'l Corp. v. PDV Holding Inc.*, No. 15-cv-1082-LPS, 2019 U.S. Dist. LEXIS 214167, at *30–31 (D. Del. Dec. 12, 2019) *and Sàrl v. Bolivarian Republic of Venez.*, Civil Action No. 17-cv-2559-ZMF, 2020 U.S. Dist. LEXIS 241174, at **18 –26 (D.D.C. Dec. 23, 2020).  The likelihood of an adverse decision on appeal is low and should not prevent the Court from allowing proceedings to progress.

Venezuela also points to the Venezuela sanctions regime, which requires a special license from OFAC to actually attach the targeted property.  *See* ECF No. 60 at 5–6.  While Venezuela is correct that Saint-Gobain will require a license to attach upon execution in the future, no license is required here as Section 1610(c) relief does not pertain to specific property.  *See Karaha Bodas Co., L.L.C.,  v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, H-01-0634, 2002 U.S. Dist. LEXIS 3976, at *3 (S.D. Tex. Jan. 24, 2002) ("The reasonable time inquiry does not require findings regarding whether specific property is exempt from execution or otherwise not available for satisfaction of the judgment.").  Even after the Court grants relief under Section 1610(c), Saint-Gobain will still need to "convince a court with jurisdiction over specific assets that those assets

are subject to attachment or execution under §1610." *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 11 (D.D.C. 2015). Venezuela's reference to OFAC licensing is thus a red herring.

The United States' July 2020 Statement of Interest filed in *Crystallex* is likewise beside the point where the Court's grant of Section 1610(c) relief does not create an attachment or even relate to specific property of Venezuela's. *See* ECF No. 60 at 6–7 (citing Statement of Interest of the United States, *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No. 1:17-mc-00151-LPS (D. Del. July 16, 2020), ECF No. 212). In any event, it is notable that the United States has in fact not weighed in here or on the issue of Section 1610(c) relief at all.

## II.    RELIEF PURSUANT TO 28 U.S.C. § 1963 IS WARRANTED.

Venezuela's objections to Section 1963 relief are equally meritless.

### A. The FSIA Absolutely Does Not Preclude Registration Of A Federal Judgment Under Section 1963.

Venezuela's argument that "[t]he Court lacks jurisdiction to order relief against the Republic under Section 1963" is baseless. *See* ECF No. 60 at 8. Venezuela appears to contend that, because the exceptions to sovereign immunity enumerated in the FSIA do not explicitly identify registration of a judgment under 28 U.S.C. § 1963, "the FSIA supersedes that statute as a basis for subject-matter jurisdiction in proceedings against foreign sovereigns." *Id.* at 9.

Unsurprisingly, Venezuela can cite to no authority in support of this argument. That is because courts have flatly rejected it. For example, the Third Circuit has held that:

> when a party establishes that an exception to sovereign immunity applies in a merits action that results in a federal judgment—here, the exception for confirming arbitration awards, 28 U.S.C. § 1605(a)(6)—that party does not need to establish yet another exception when it registers the judgment in another district court under 28 U.S.C. § 1963 and seeks enforcement in that court. Rather, the exception in the merits action "sustain[s] the court's jurisdiction through proceedings to aid collection of a money judgment rendered in the case . . . ."

6

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez. (In re Petroleos de Venez., S.A.)*, 932 F.3d 126, 137 (3d Cir. 2019) (quoting *First City, Texas-Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 53-54 (2d Cir. 2002)).   Other courts, including courts in this district, have held the same and extended Section 1963 relief pursuant to the FSIA's arbitration confirmation exception.  *See, e.g.*, *Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 423 F. Supp. 3d 45, 51 (S.D.N.Y. 2019) ("When a party establishes that an exception to sovereign immunity under the FSIA applies in a merits action that results in a federal judgment, that party does not need to establish another exception when it registers the judgment in another district court and seeks enforcement in that court under 28 U.S.C. § 1963."); *see also OI European Grp. B.V.*, 419 F. Supp. 3d at 54 (granting Section 1963 motion to register judgment affirming an international arbitration award in another district); *Karaha Bodas Co.*, 2002 U.S. Dist. LEXIS 3980, at *10 (same).

It is not surprising that Venezuela has never succeeded in making this argument: it would be nonsensical for the Court's subject matter jurisdiction to dissipate upon entry of a final judgment, robbing the Court of a key statutory mechanism to aid in the enforcement of its own judgment should a serial debtor, such as Venezuela, fail to honor a judgment against it.

**B.  Good Cause Exists To Authorize Registration Of The Judgment In The District Of Delaware Pending Venezuela's Appeal.**

Venezuela's second argument against Section 1963 relief fails to rebut Saint-Gobain's demonstration of good cause to allow registration of this Court's Judgment in Delaware during the pendency of Venezuela's unbonded appeal.  *See* ECF No. 60 at 10–12.  Venezuela first urges that Saint-Gobain failed to prove that Venezuelan assets exist in the District of Delaware.  ECF No. 60 at 10–11.  This argument is both circular and meritless.  Venezuela maintains that, because the Delaware District Court declined to give its *Crystallex* decision collateral estoppel effect, Saint-Gobain cannot rely upon that decision to prove that assets do in fact exist in that District.  *Id*. at 10

("[T]he District of Delaware has rejected other creditors' attempts to ride on the coattails of the alter-ego ruling in the Crystallex Asset Proceeding."). While it is true that Saint-Gobain must establish that PDVSA is the alter ego of Venezuela "at the appropriate time," *see id.* at 10–11 (quoting *Crystallex Int'l Corp. v. PDV Holding Inc.*, No. 1:18-cv-01963, 2019 WL 6785504, at \*7 (D. Del. Dec. 12, 2019), that is not a test for registration of a judgment but for attaching and executing against specific property owned by Venezuela in Delaware through PDVSA. This is evident from the fact that several judgment creditors are currently litigating this very alter-ego issue *after* having registered judgments in the District of Delaware. *See OI European Group B.V. v. Bolivarian Republic of Venezuela* 1:19-mc-00290-LPS and *Northrop Grumman Ship Systems, Inc. v. The Ministry of Defense of the Republic of Venezuela*, 1:20-mc-00257-LPS (holding joint hearing on April 30, 2021, for motions for writ of attachment, arguing that PDVSA remains the alter ego of Venezuela despite the United States' recognition of interim-president Guaidó and the creation of a new, *ad hoc* PDVSA board).

Indeed, if the Court were to entertain Venezuela's circular position, Crystallex itself would never have been able to register its judgment in the District of Delaware prior to the Delaware District Court's finding that, in 2018, PDVSA was in fact the alter ego of Venezuela. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 333 F. Supp. 3d 380, 414 (D. Del. 2018) ("PDVSA may be deemed the alter ego of Venezuela . . ."). However, prior to granting Crystallex's Motion to register its judgment in the District of Delaware, this Court rejected the same argument Venezuela makes now, stating that "the Court declines the invitation to adjudicate whether or [the PDVH shares] will ultimately be attachable by Petitioner because such a determination is unnecessary at this stage." *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, Civil Action No. 16-0661 (RC), 2017 U.S. Dist. LEXIS 221611, at \*5-6 (D.D.C. June 9, 2017).

8

As this Court explained, a "determination that good cause exists to register the judgment has no bearing on whether any assets will ultimately be 'leviable' to satisfy the judgment." *Id.* at *6. For the avoidance of any doubt, Saint-Gobain does not rely upon *Crystallex* for purposes of collateral estoppel. But the presence of PDVSA assets in Delaware, together with the Delaware District Court's 2018 alter-ego finding, nevertheless more than suffice to satisfy Saint-Gobain's burden to show good cause and justify registration of this Court's Judgment in the District of Delaware. ECF No. 59 at 7 (citing *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 333 F. Supp. 3d 380, 414 (D. Del. 2018) (finding that "PDVSA may be deemed the alter ego of Venezuela . . .")).[2]

In addition, the number of attachment proceedings brought by other judgment creditors of Venezuela before the District Court in Delaware also provides good cause to authorize registration of this Court's Judgment before that court. Given the number of parties with adverse awards seeking to attach the same assets, Saint-Gobain should be permitted to make its case for attachment in Delaware before it is too late. *Cf. Karaha Bodas Co.*, 2002 U.S. Dist. LEXIS 3980, at *7 ("There is a very real danger that Pertamina's assets in the United States will be depleted as time wears on.").

## CONCLUSION

For all of these reasons, the Court should find that a reasonable period of time has elapsed within the meaning of 28 U.S.C. § 1610(c), and that good cause exists to permit registration of this Court's Judgment in Delaware.

---

[2] Venezuela is wrong to present Chief Judge Stark's 2019 order as proving that PDVSA is not its alter-ego. *See* ECF No. 60 at 11 ("Indeed, Plaintiff's alter-ego argument has already been rejected in this case."). Judge Stark determined no more than that that Saint-Gobain would have had to independently prove that PDVSA was Venezuela's alter-ego in order for Delaware to be a proper venue in which to commence a case against Venezuela and that Saint-Gobain had not done so at the time that it instead sought to rely on the *Crystallex* alter-ego determination. *See Crystallex*, 2019 U.S. Dist. LEXIS 214167 at *27-29.

Dated: June 17, 2021                        Respectfully submitted,

_____
**ALSTON & BIRD LLP**
Alexander Yanos
Carlos Ramos-Mrosovsky
Rajat Rana
90 Park Avenue
New York, NY 10016
Telephone: 212-210-9400
Facsimile: 212-210-9444
alex.yanos@alston.com
carlos.ramos-mrosovsky@alston.com
rajat.rana@alston.com

*Counsel for Plaintiff Saint-Gobain Performance Plastics Europe*