UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| SAINT GOBAIN PERFORMANCE PLASTICS EUROPE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 20-129 (RC) |
| | : | | |
| v. | : | Re Document No.: | 58 |
| | : | | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | : | | |
| | : | | |
| Defendant. | : | | |

## ORDER

### GRANTING PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1610(C) AND 28 U.S.C. § 1963

On February 1, 2021, this Court issued a Memorandum Opinion and corresponding Order confirming an arbitral award and entering judgment for Plaintiff Saint Gobain Performance Plastics Europe ("Saint Gobain"). After four months, Saint Gobain moved for an order pursuant to 28 U.S.C. § 1610(c) arguing that a reasonable time had elapsed since the arbitral award judgment and seeking to attach Defendant Bolivarian Republic of Venezuela's ("the Republic") assets to aid in execution of the judgment. Saint Gobain also seeks approval to register the judgment in other judicial districts, including the District of Delaware, under 28 U.S.C. § 1963. *See* Saint Gobain's Mot. for Relief ("Pl.'s Mot") at 5, ECF No. 58. The Republic argues that relief under either statute is currently unwarranted and, accordingly, opposes the motion. *See* Def.'s Opp'n to Pl.'s Mot. ("Def.'s Opp'n") at 3–4, ECF No. 60. For the reasons discussed below, the Court finds that four months is a reasonable time and that good cause exists to register the judgment in other judicial districts. As such, the Court grants Saint Gobain's motion for relief under 28 U.S.C. § 1610(c) and 28 U.S.C. § 1963.

### A. Relief Pursuant to § 1610(c)

Under 28 U.S.C. § 1610(c), a party seeking to attach the property of a foreign state located in the United States can do so only when "the court has . . . determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter." The Republic's appeal indicates that it received proper notice, a fact which the Republic does not dispute. *See* Notice of Appeal, ECF No. 56. Thus, the Court need only determine whether a "reasonable period of time has elapsed" since the judgment sufficient to satisfy the requirements of 28 U.S.C. § 1610(c).

While 28 U.S.C. § 1610(c) does not specify what amount of time constitutes a "reasonable time," leaving this judgment to the Court's discretion, a court making this determination should consider the procedures the foreign state must take to pay the judgment, evidence that the foreign state is attempting to pay the judgment, and evidence that the foreign state is attempting to evade its obligation. *See Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001); H.R. Rep. No. 94–1487, at 30 (1976). Under this guidance, this Court and others in this district and beyond have determined that a period of three months will typically satisfy the reasonable time requirement under §1610(c), and that at times even periods as short as six weeks have been considered reasonable. *See, e.g.*, *Crystallex Int'l. Corp. v. Bolivarian Republic of Venez.*, No. 16-cv-0661, 2017 WL 6349729, at *1 (D.D.C. July 9, 2017) (finding two months reasonable); *Warmbier v. Democratic People's Republic of North Korea*, No. 18-977, 2019 WL 11276677, at * 2 (D.D.C. Apr. 9, 2019) (finding three and one-half months reasonable); *Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) (finding three months reasonable); *Ned Chartering*, 130 F. Supp 2d at 67 (finding six weeks enough time for governments to take necessary internal steps to pay judgment, thus reasonable under

2

§ 1610(c)); *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, No. 01-cv-0634, 2002 WL 32107929, at *2 (S.D. Tex. Jan. 25, 2002) (finding seven weeks reasonable).

On February 1, 2021, this Court granted summary judgment to Saint Gobain and ordered the Republic's payment of the arbitral award. *See* Feb. 1, 2021 Order, ECF No. 54. More than four months have now passed since entry of judgment against the Republic and, as Saint Gobain points out, over three years have passed since the arbitral award was initially issued. Pl.'s Mot at 5. Because four months fits well within what courts have determined constitutes a reasonable time under § 1610(c), the Court will grant Saint Gobain's motion.[1]

Additional factors support this conclusion. As already detailed, courts are more likely to find a reasonable time has elapsed where no evidence of an attempt to pay judgment is offered. *See, e.g.*, *Warmbier*, 2019 WL 11276677, at *2 (finding three and one-half months sufficient "particularly . . . where North Korea has made no efforts to satisfy the judgment"); *Owens*, 141 F. Supp. 3d at 9 (finding three months a reasonable time "in the absence of any evidence that defendants are making efforts to pay the[] judgment[] voluntarily"); *Ned Chartering*, 130 F. Supp. 2d at 64 (finding six weeks appropriate absent evidence of action from defendant). The Republic has failed to proffer any evidence of its efforts to pay the judgment, thus bolstering the conclusion that a reasonable time has passed.

---

[1] The Court declines to follow the minute order issued in *Rusoro Mining Ltd. v. Bolivarian Republic of Venezuela*, which summarily concluded, without any discussion, that eight months did not constitute a reasonable time under the statute. *See* No. 1:16-cv-02020 (D.D.C. Nov. 21, 2018). The order provides no rationale for its decision and was also premised on a French award that Venezuela was attempting to have set aside. Thus, *Rusoro Mining Ltd.* is easily distinguished, and the court finds it less persuasive than the decisions, detailed above, that found a reasonable time had elapsed in time frames similar to that found here.

In response, the Republic argues that given Venezuela's ongoing political crisis, it would be unreasonable to force the government to pay "less than four months after entry of judgment." Def.'s Opp'n at 3–4. The Court does not mean to discount the political turmoil currently being experienced by the Venezuelan people. However, the political reality in Venezuela is a factor generally outside the considerations a court should analyze when determining whether a reasonable time has elapsed since entry of judgment under § 1610(c). The Republic's argument also fails to acknowledge that it was initially notified of its obligation to pay Saint Gobain pursuant to the International Center for Settlement of Investment Disputes' ("ICSID") arbitral decision over a year before Venezuela's presidential crisis occurred. The Republic has accepted the award as final and binding. *See* Pl.'s Mot. Summ. J. Ex. 4 at 6:1–3, ECF No. 43-7 (statement by the Republic's counsel that "[t]he arbitral award—as a matter of substance, the Republic is prepared to accept . . ."). As such, the Court rejects as unconvincing the Republic's argument that the present crisis prevents it from paying a judgment that was owed long before the current crisis began.

The Republic also offers assurances that its government is "working diligently" to develop an orderly, consensual process for repaying its international debts. Def.'s Opp'n at 5. The Republic, however, made the same, nearly verbatim argument to another court in this district a year and a half ago, yet has offered no evidence of its progress. *See OI Eur. Grp. B.V. v. Bolivarian Republic of Venez.*, 419 F. Supp. 3d 51, 54–55 (D.D.C. 2019) (granting plaintiff's request to recognize and enforce arbitration award against the Republic in spite of the Republic's assertion that it is "working diligently to address Venezuela's . . . legacy public debt" and "plans to engage in an orderly, consensual debt restructuring"). In fact, the Republic openly admits that it has taken no action to pay its judgment at present. *See* Def.'s Opp'n at 4 ("[T]he National

assembly could not reasonably be expected to make such an appropriation while an appeal on jurisdictional issues is pending."). The Republic does not assert that it is working through the procedures and processes necessary to pay the judgment as § 1610(c) requires, instead offering only assurances to the Court that it will one day set up such a process. However, absent actual evidence from the Republic that it is actively working toward paying its obligations, the Court finds that a reasonable time has elapsed since judgment.

Lastly, the Republic argues that relief pursuant to § 1610(c) is inappropriate while its appeal is pending and because Saint Gobain has not yet secured the appropriate licensing from the Office of Foreign Assets Control (OFAC) to execute its judgment in Delaware. *Id.* at 4. Both arguments are unpersuasive. Section 1610(c) contains no language limiting relief only upon a final, non-appealable judgment. To the contrary, § 1610(c) merely states that attachment cannot proceed until a reasonable period of time has elapsed "following the *entry of judgment*," indicating that any entry of judgment will suffice. 28 U.S.C. §1610(c) (emphasis added); *see also Crystallex*, 2017 WL 6349729, at *1 (granting plaintiff's § 1610(c) motion while the judgment was on appeal); *Owens*, 141 F. Supp. 3d at 9 (rejecting Republic of Sudan's argument that relief under §1610(c) is inappropriate while appeal is pending and granting plaintiff's motion).

Saint Gobain's failure to obtain a proper OFAC license is likewise irrelevant to this Court's decision under § 1610(c). The Republic argues that sanctions will prevent Saint Gobain from executing a writ of attachment against the Republic's assets. *See* Def's Opp'n at 5–6. But Saint Gobain seeks no writ of attachment here. An order for § 1610(c) relief does not authorize the attachment or execution of any particular asset or property. *See Agudas Chasidei Chabad of U.S. v. Russian Federation*, 798 F. Supp. 2d 260, 270 (D.D.C. 2011). As such, this Court need

not consider whether Saint Gobain is properly licensed under OFAC in its determination of whether a reasonable time has elapsed since judgment. *Cf. Karaha Bodas*, 2002 WL 32107929, at *1 (stating that the "reasonable time inquiry does not require findings regarding whether specific property is exempt from execution or otherwise not available for satisfaction of judgment").[2]

For the reasons outlined above, the Court finds that four months constitutes a reasonable time and that Plaintiff may accordingly seek to attach Defendant's assets pursuant to § 1610(c).

### B.  Relief Pursuant to 28 U.S.C. § 1963

Under 28 U.S.C. § 1963, a party may register judgment in any judicial district when "the judgment has become final by appeal . . . or when ordered by the court that entered the judgment for good cause shown." The judgment has not become final by appeal. Thus, Saint Gobain seeks relief under § 1963 for "good cause shown." Pl.'s Mot. at 6. A movant can establish good cause by showing "an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Spray Drift Task Force v. Burlington Bio-Med.*

---

[2] The Republic includes as Exhibit A to its Reply a Statement of Interest from the United States in the case of *Crystallex Int'l. Corp. v. Bolivarian Republic of Venezuela*. *See* Statement of Interest of the United States ("Statement"), 1:17-mc-00151, ECF No. 212 (D. Del. July 16, 2020). The Statement responds to a writ of attachment under consideration in Delaware. In light of the current situation in Venezuela, the United States in the Statement requests that the court refrain from authorizing the sale of PDV Holding, Inc. ("PDVH") shares before Crystallex receives proper licensing from the Office of Foreign Assets Control, as such an authorization could impact U.S. foreign policy and national security interests. The Statement also requests that the Court reconsider its earlier determination that Petróleos de Venezuela, S.A. ("PDVSA"), owner of PDVH, is the alter-ego of Venezuela. While the Statement no doubt speaks to important considerations, the Court finds that these issues are not properly before it at this time and are tangential to the question of whether the requisite elements for relief under 28 U.S.C. § 1610(c) and 28 U.S.C. § 1963 have been met. Whether it is ultimately appropriate in terms of U.S. foreign policy and national security interests to allow a writ of attachment as to PDVH is a determination to be made if and when efforts to execute on the judgment commence in Delaware or any other District Court.

*Corp.*, 429 F. Supp. 2d 49, 51 (D.D.C. 2006) (quoting *Cheminova A/S v. Griffin L.L.C.*, 182 F. Supp. 2d 68, 80 (D.D.C. 2002)).

Saint Gobain asserts that good cause exists here because the Republic owns no commercial assets in the District of Columbia but owns assets in the District of Delaware through various corporate structures. Pl.'s Mot. at 7 (identifying "Venezuela's shareholdings, through its state oil company and alter ego, PDVSA, in PDF Holding ("PDVH"), the indirect parent of CITGO Petroleum ("CITGO")"). The Republic does not dispute that it lacks assets in the District of Columbia sufficient to satisfy the judgment nor does it dispute the general existence of the assets that Saint Gobain identifies in Delaware. *See* Def.'s Opp'n at 10–12. The Republic does, however, challenge whether those assets are of sufficient "alter-ego" status to be subject to a judgment against the Republic. *Id.* at 11.

The Republic contends that, "whether PDVSA is or was Venezuela's alter ego on the relevant date 'is a determination that will need to be made in each non-Crystallex case, at the appropriate time.'" *Id.* at 10–11 (quoting *Crystallex Int'l Corp. v. PDV Holding Inc.*, No. 1:18-cv-01963, 2019 WL 6785504, at *8 (D. Del. Dec. 12, 2019)). In short, it seems to argue that absent a specific determination, PDVSA's Delaware assets may not be subject to the judgment. But because this Court is charged only with determining whether good cause exists sufficient to allow registration of judgment in Delaware, it takes no position on whether the identified assets eventually can or should ultimately be levied to satisfy the judgment. It is sufficient that no assets are present in the District of Columbia, but assets connected to the Republic are present in Delaware. *See Crystallex*, 2017 WL 6349729, at *2; *see also OI Eur. Grp. B.V. v. Bolivarian Republic of Venez.*, 1:19-mc-290 (D. Del. Nov. 4, 2019) (raising alter-ego determination once judgment was registered in the District of Delaware); April 30, 2021 Minute Order, *Northrop*

7

*Grumman Ship Sys., Inc. v. Ministry of Defense of the Republic of Venez.*, 1:20-mc-00257 (D. Del. Apr. 30, 2021) (same).  The alter ego question will appropriately be determined during the attachment and execution process.

Additionally, contrary to the Republic's arguments, absent a supersedeas bond, the Republic's appeal has no bearing on the Court's determination of good cause.  While registration under § 1963 would be inappropriate had the Republic posted a supersedeas bond to guarantee the judgment on appeal, it has not done so here, meaning there is no reason not to grant registration for good cause.  *See Wamai v. Republic of Sudan*, No. 08-cv-1349, 2018 WL 8582703, at *1 (D.D.C. Jan. 12, 2018) (approving registration while case was on appeal absent a supersedeas bond); *Chevron Corp. v. Republic of Ecuador*, 987 F.Supp.2d 82, 84 (D.D.C. 2013) (approving registration on appeal while stating that registration under § 1963 "should be deferred until after a judgment debtor refuses or fails to post a supersedeas bond").

Finally, the Republic's jurisdictional argument is without merit.  The Republic waived its sovereign immunity under the "waiver exception" enumerated in 28 U.S.C. § 1605(a)(1) by becoming a party to the ICSID and the France-Venezuela Bilateral Investment Treaty.  *See* Compl. ¶ 4; *Mobil Cerro Negro, Ltd. v. Bolivarian Republic of Venez.*, 863 F.3d 96, 104–05 (2d Cir. 2017) (describing exceptions to jurisdictional immunity of foreign states).  The Republic is also subject to this Court's jurisdiction under 28 U.S.C. § 1605(a)(6) because this action concerns confirmation of an arbitral award governed by a treaty in force in the United States that calls for the recognition and enforcement of said awards.  *See* Compl. ¶ 4.  Once a party establishes an exception to immunity under the Foreign Sovereign Immunities Act, the party need not establish jurisdiction again when registering the judgment in another district under § 1963.  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 932 F.3d 126, 137 (3d Cir.

2019); *see also, e.g.*, *OI Eur. Grp.*, 419 F. Supp. 3d at 53 (granting plaintiff's § 1963 motion to register judgment in other districts without requiring a separate jurisdictional showing); *Spray Drift Task Force*, 429 F. Supp. 2d at 51–52 (same); *Crystallex*, 2017 WL 6349729, at *2 (same).

Because the Republic lacks assets in the District of Columbia but retains significant assets in the District of Delaware, the Court finds that good cause exists sufficient to grant Saint Gobain's motion to register judgment in any judicial district, including Delaware. *See Crystallex*, 2017 WL 6349729, at *2 (granting plaintiff's motion to register judgment against Republic in any judicial district).

*   *   *

For the reasons stated above, it is hereby **ORDERED** that:

1. Plaintiff's motion for relief pursuant to 28 U.S.C. § 1610(c) and 28 U.S.C. § 1963 (ECF No. 58) is **GRANTED**;

2. the Court finds that Defendant has received notice of the judgment and a reasonable time has now elapsed under 28 U.S.C. § 1610(c) following entry of the judgment in this case; and

3. the Court finds good cause to permit Plaintiff to register the judgment in other judicial districts of the United States, including the District of Delaware.

   **SO ORDERED.**

Dated: July 13, 2021                                              RUDOLPH CONTRERAS
                                                                               United States District Judge