**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE, <br><br> Plaintiff, <br><br> v. <br><br> BOLIVARIAN REPUBLIC OF VENEZUELA <br><br> Defendant | Civil Action No.: 1:20-cv-00129-RC |

**PLAINTIFF SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE'S STATEMENT
REGARDING FURTHER PROCEEDINGS**

Plaintiff Saint-Gobain Performance Plastics Europe ("Plaintiff" or "Saint-Gobain") respectfully submits this statement responding to the Court's March 29, 2022 Minute Order requesting the parties propose a briefing schedule to govern further proceedings in the wake of the D.C. Circuit Court's January 25, 2022 decision. *See Saint-Gobain Performance Plastics Europe v. Bolivarian Republic of Venezuela*, 23 F.4th 1036 (D.C. Cir. 2022).

Saint-Gobain is currently assessing its option to file a petition for writ of certiorari before the United States Supreme Court. Because Saint-Gobain filed a petition for rehearing *en banc* before the D.C. Circuit Court, which was later denied on March 18, 2022, the timeline for filing a petition for certiorari has been tolled until June 16, 2022. *See* USSC Rule 13(3).[1] Saint-Gobain desires to preserve this issue of service for the Supreme Court as it explores its option to appeal.

---

[1] Rule 13(1) allows petitions for writs of certiorari to be filed within 90 days after entry of judgment. But Rule 13(3) states that, "if a petition for rehearing is timely filed in the lower court by any party, . . . the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.").

Accordingly, Saint-Gobain requests that the Court stay these proceedings until at least the expiration of Saint-Gobain's deadline to file a petition for writ of certiorari. If Saint-Gobain chooses not to proceed with an appeal of the D.C. Circuit Court's decision, it requests 90 days from June 16, 2022, to issue service through diplomatic channels.[2] Saint-Gobain would then file regular status reports in intervals of the Court's preference updating the progress of, or response to, Saint-Gobain's service request. If Saint-Gobain does choose to pursue an appeal, it requests the Court continue the stay until either the Supreme Court (*i*) denies Saint-Gobain's petition for writ of certiorari or (*ii*) issues a decision on the merits after granting Saint-Gobain's petition for writ of certiorari.

Dated: April 28, 2022                          Respectfully submitted,

ALSTON & BIRD LLP
Alexander Yanos
Rajat Rana
90 Park Avenue
New York, NY 10016
Telephone: 212-210-9400
Facsimile: 212-210-9444
alex.yanos@alston.com
rajat.rana@alston.com

*Counsel for Plaintiff Saint-Gobain Performance Plastics Europe*

---

[2] Saint-Gobain would accept Venezuela's offer to "effect service" within 90 days, but it has serious doubts that it would be able to complete service through diplomatic channels in that amount of time. Saint-Gobain understands that diplomatic service take a considerable amount of time to complete in any case, not to mention this case in which Venezuela has shown a tendency to evade or prolong responding to otherwise valid service requests.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 28, 2022, I caused the foregoing document to be electronically filed through this Court's CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

_____
Alexander Yanos