# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

**Alexander A. Yanos**    Direct Dial: **212-210-9584**    Email: **alex.yanos@alston.com**

December 1, 2022

Office of the Clerk
Attn: Angela D. Cesar
United States District Court
for the District of Columbia
333 Constitution Ave. NW
Washington, D.C. 20001

Re:    Request for Service of Process Pursuant to 28 U.S.C. § 1608(a)(4) on Defendant Bolivarian Republic of Venezuela in the matter *Saint-Gobain Performance Plastics Europe v. Bolivarian Republic of Venezuela et al.*, No. 1:20-cv-129-RC.

Dear Ms. Cesar,

We write to request that you take all necessary steps to effect service in this matter on Defendant Bolivarian Republic of Venezuela ("Venezuela") pursuant to 28 U.S.C. § 1608(a)(4). As detailed below, Plaintiff Saint-Gobain Performance Plastics Europe ("Saint-Gobain") has previously attempted to serve Venezuela in this matter. Indeed, two district courts confirmed that Saint-Gobain effectuated service. Those orders are attached hereto as Exhibits A and B.[1] In January, however, the Circuit Court for the District of Columbia reversed the District Courts' orders. That opinion is attached hereto as Exhibit C. Plaintiff petitioned the United States Supreme Court to review the Circuit Court for the District of Columbia's order, but that petition was denied on October 3, 2022.

Plaintiff first attempted service in 2018. In accordance with 28 U.S.C. § 1608(a)(2) and Article 5 of the Hague Service Convention,[2] Saint-Gobain delivered USM-94 "Request

---

[1] Exhibit A, Dec. 12, 2019, Order from the District Court for the District of Delaware; Exhibit B, Feb. 1, 2021, Order from the District Court for the District of Columbia. This matter originated in the District of Delaware. The Delaware District Court found service but also transferred the matter to this District. *See* Ex. A at 18–23. The D.C. District Court then affirmed the Delaware District Court's decision finding service. *See* Ex. B at 19–20.

[2] The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("Hague Service Convention").

Alston & Bird LLP    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Request for Service of Process Pursuant to 28 U.S.C. § 1608(a)(4) on Defendant
Bolivarian Republic of Venezuela in the matter Saint-Gobain Performance Plastics
Europe v. Bolivarian Republic of Venezuela et al., No. 1:20-cv-129-RC.
December 1, 2022
Page 2

for Service Abroad of Judicial or Extrajudicial Documents" forms in duplicate English and
Spanish to Venezuela's designated Central Authority, the Office of Consular Relations of
Venezuela's Ministry of the Popular Power for External Relations (*Ministerio del Poder
Popular para Relaciones Exteriores*) (the "Foreign Ministry") on December 21, 2018, and
December 27, 2018.[3]  Copies of the delivery confirmation are attached hereto as Exhibits
D and E.  Despite Saint-Gobain's proper delivery of service papers to the Foreign Ministry,
Venezuela breached its obligations under the Hague Service Convention and failed to
appear, arguing later that service pursuant to Article 5 of the Hague Service Convention
does not occur unless and until the Foreign Ministry passes the service papers to
Venezuela's Attorney General.[4]  The D.C. District Court rejected Venezuela's argument,
finding that, pursuant to the Hague Convention's Article 15 default judgment mechanisms,
service was effectuated once the service papers were actually delivered to Venezuela's
Central Authority.[5]  In January, however, the Circuit Court for the District of Columbia
reversed the District Courts' orders finding service, agreeing with Venezuela that any
plaintiff seeking service upon Venezuela must wait until the State effectively serves itself
after actual delivery of the service papers to the Central Authority.  In doing so, the D.C.
Circuit Court specifically noted that service of process may be effectuated through
diplomatic service pursuant to Section 1608(a)(4).[6]

In light of the D.C. Circuit Court's opinion and the Supreme Court's denial of Saint-
Gobain's petition for a writ of certiorari, Saint-Gobain now requests the Clerk's office to
take steps to effectuate diplomatic service pursuant to 28 U.S.C. § 1608(a)(4) as service
pursuant to 28 U.S.C. §§ 1608(a)(1)-(3) have proven unsuccessful or are otherwise
unavailable.  Specifically:

1. Service under 28 U.S.C. § 1608(a)(1) is unavailable in this dispute, as Saint-
   Gobain and Venezuela do not have any "special arrangement for service";

2. Service under 28 U.S.C. § 1608(a)(2) has proven unsuccessful, as the
   Venezuelan Central Authority, the Foreign Ministry, ignored Saint-Gobain's
   efforts to serve Venezuela pursuant to the Hague Service Convention; and

3. Service under 28 U.S.C. § 1608(a)(3) is unavailable because Venezuela
   objected to service by mail when it acceded to the Hague Convention.

---

[3] *See* Ex. B at 3–4.

[4] *Id.* at 22 n. 9.  Of note, Venezuela has not challenged the sufficiency of Saint-Gobain's
service papers—only that service is not completed until Venezuela effectively serves itself.

[5] *Id.* at 19–20.

[6] *See* Ex. C at 9.

Request for Service of Process Pursuant to 28 U.S.C. § 1608(a)(4) on Defendant
Bolivarian Republic of Venezuela in the matter Saint-Gobain Performance Plastics
Europe v. Bolivarian Republic of Venezuela et al., No. 1:20-cv-129-RC.
December 1, 2022
Page 3

Additionally, the Hague Service Convention favors diplomatic channels to settle "[d]ifficulties which may arise in connection with the transmission of judicial documents for service."[7]  Attached as Exhibit F is an affidavit attesting that service pursuant to 28 U.S.C. §§ 1608(a)(1)-(3) have proven unsuccessful.

For all of these reasons, we now request that the Clerk dispatch the alternative means of service provided for under 28 U.S.C. § 1608(a)(4).  Pursuant to 28 U.S.C. § 1608(a)(4), I have enclosed: the Summons; the Complaint (and related exhibits), as well as the required translations of the same; the Notice of Suit; and a cashier's check made to the "U.S. Department of State" in the amount of $2,275.  Please take the necessary steps to dispatch these materials to effect service on Defendant pursuant to 28 U.S.C. § 1608(a)(4).

Please deliver the documents to:

U.S. Department of State
L/CA/POG/GC, SA-17, 10th Floor
Washington, DC 20522-1710
Attn: FSIA

Sincerely,

Alexander A. Yanos

---

[7] Hague Service Convention, art. 14.

Request for Service of Process Pursuant to 28 U.S.C. § 1608(a)(4) on Defendant
Bolivarian Republic of Venezuela in the matter Saint-Gobain Performance Plastics
Europe v. Bolivarian Republic of Venezuela et al., No. 1:20-cv-129-RC.
December 1, 2022
Page 4

## CERTIFICATE OF SERVICE

     I, Alexander A. Yanos, hereby certify that on December 1, 2022, a true and
correct copy of the above service request was served upon Defendant Bolivarian
Republic of Venezuela in this action by ECF filing.


Dated: December 1, 2022

 

 

Alexander A. Yanos