**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SAINT-GOBAIN PERFORMANCE
PLASTICS EUROPE,

        Plaintiff,

    v.

BOLIVARIAN REPUBLIC OF
VENEZUELA

        Defendant

Civil Action No.: 1:20-cv-00129-RC

**STIPULATION AND [PROPOSED] ORDER
ENTERING JUDGMENT IN FAVOR OF PLAINTIFF**

Plaintiff Saint-Gobain Performance Plastics Europe ("Plaintiff") and Defendant Bolivarian Republic of Venezuela ("Venezuela") hereby enter into the following stipulation to provide the Court with basis to enter judgment in favor of Plaintiff, thereby recognizing, entering, and recording an award issued pursuant to the Convention on the Settlement of Investment Disputes between States and Nationals of Other States, Mar. 18, 1965, 17 U.S.T. 1270 (the "ICSID Convention") in favor of Plaintiff and against Venezuela as a judgment by the Clerk of Court in the same manner and with the same force and effect as if the Award were a final judgment of a court of general jurisdiction of one of the United States.

WHEREAS, on December 12, 2018, Plaintiff filed its Complaint to Register and Enforce ICSID Arbitration Award as a Foreign Judgment filed against the Bolivarian Republic of Venezuela ("Complaint"), ECF No. 1, before the District Court for the District of Delaware;

WHEREAS, on December 12, 2019, the Delaware District Court transferred Plaintiff's Complaint to this District, ECF No. 39;

WHEREAS, on March 9, 2020, Plaintiff filed a Motion for Summary Judgment, ECF No.

1

43;

WHEREAS, on February 1, 2021, the Court granted Plaintiff's Motion for Summary Judgment, ECF No. 55;

WHEREAS, on January 25, 2022, the United States Court of Appeals for the District of Columbia Circuit issued a judgment reversing the Court's order, finding that Plaintiff's service upon Venezuela was not effective, ECF NO. 64-1;

WHEREAS, on December 1, 2022, Plaintiff filed a request for the Clerk to initiate diplomatic service pursuant to 28 U.S.C. § 1608(a)(4), ECF No. 71;

WHEREAS, on December 6, 2022, the Clerk of Court filed a certificate confirming the mailing of two copies of the summons, complaint, and notice of suit, along with translations of the same, by certified mail to the United States Department of State, ECF No. 74;

WHEREAS, on June 1, 2023, Plaintiff's counsel received by mail a certified copy of the diplomatic note confirming that service was completed, ECF No. 81-1;

WHEREAS Plaintiff and Venezuela have since conferred; NOW THEREFORE, it is

STIPULATED AND AGREED that this Court has jurisdiction over this matter and over Venezuela pursuant to 22 U.S.C. § 1650a and 28 U.S.C. §§ 1330(a) and (b) and 1605(a)(1) and (6); and it is

STIPULATED AND AGREED that Saint-Gobain has established its right to relief pursuant to 22 U.S.C. § 1650a and there is no genuine issue in dispute between the parties; and it is

STIPULATED AND AGREED that the pecuniary obligations of the Award (ECF No. 3-1) issued pursuant to the ICSID Convention in favor of Saint-Gobain and against Venezuela are recognized, entered, and recorded as a judgment by the Clerk of Court in the same manner and

with the same force and effect as if the Award were a final judgment of a court of general jurisdiction of one of the United States; and it is

STIPULATED AND AGREED that, in accordance with the pecuniary obligations of the Award, Plaintiff is entitled to the sum of:

    i.    US$ 29.6 million as the principal amount of compensation for the expropriation of Saint-Gobain's investment in Venezuela;

    ii.    US$ 4.8 million as pre-award interest on the principal amount, from May 15, 2010 through March 31, 2017;

    iii.    Further pre-award interest on the principal amount of US$ 29.6 million, as of April 1, 2017 through November 3, 2017, at a rate equal to 2% over the average 6-month US Treasury bill rate, compounded annually, in the amount of US$ 542,295.36;

    iv.    Post-award interest on the principal amount of US$29.6 million, at a rate equal to 2% over the average 6-month U.S. Treasury bill rate, as of December 3, 2017, compounded annually up to the date of this judgment;

    v.    US$ 1,303,189.99 as the costs of the arbitration, i.e., the fees and expenses of the member of the Tribunal as well as the charges for the use of the facilities of ICSID;

    vi.    US$ 4,634,532.05 representing two-thirds of the costs incurred by Saint-Gobain in connection with the arbitration proceeding;

    vii.    Post-award interest on items (v) and (vi), as of December 3, 2017, at a rate equal to 2% over the average 6-month U.S. Treasury bill rate, compounded annually up to the date of this judgment; and it is

STIPULATED AND AGREED that Plaintiff is further entitled to post-judgment interest on the amount in listed in (i–vii) above, calculated at the rate set forth in 28 U.S.C. § 1961, accruing from the date the Court enters judgment until full payment; and it is

STIPULATED AND AGREED that the Court should enter a final judgment in the form of Judgment attached hereto, which reflects the foregoing total amounts due and owing.

Dated: July 31, 2023                                    Respectfully submitted,

Sally Pei                                              Alexander A. Yanos
ARNOLD & PORTER                                        ALSTON & BIRD LLP
  KAYE SCHOLER LLP                                     90 Park Avenue
601 Massachusetts Ave., NW                             New York, NY 10016
Washington, DC 20001-3743                              Telephone: 212-210-9400
Telephone: +1 202.942.6581                             Facsimile: 212-210-9444
Sally.Pei@arnoldporter.com                             alex.yanos@alston.com

*Counsel for Defendant Bolivarian*                     *Counsel for Plaintiff Saint-Gobain Performance*
*Republic of Venezuela*                                *Plastics Europe*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2023, I caused the foregoing document to be electronically filed through this Court's CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Alexander A. Yanos*
Alexander A. Yanos
