**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE,<br><br>       Plaintiff,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA<br><br>       Defendant | Civil Action No.: 1:20-cv-00129-RC |

**PLAINTIFF SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1610(C) AND 28 U.S.C. § 1963**

Plaintiff Saint-Gobain Performance Plastics Europe ("Plaintiff" or "Saint-Gobain") hereby moves for an Order: (*i*) pursuant to 28 U.S.C. § 1963, permitting, for good cause, Saint-Gobain to register the Court's August 2, 2023, Final Judgment (the "Judgment") confirming an arbitral award ("Award") against the Bolivarian Republic of Venezuela ("Defendant" or "Venezuela") and entering judgment against Venezuela, *see* ECF No. 89, in other judicial districts of the United States, including the District of Delaware; and (*ii*) pursuant to 28 U.S.C. § 1610(c), determining that a reasonable period of time has elapsed since this Court's Judgment such that Saint-Gobain may seek to attach Venezuela's assets to aid in the execution of the court's judgment.

**FACTUAL BACKGROUND**

On March 29, 2011, Venezuelan President Hugo Chávez, through a decree, ratified the expropriation of Saint-Gobain's interest in a manufacturer of ceramic proppants used during

fracking.  First Yanos Decl., Ex. 3 (Decision on Liability), ¶¶ 245-47 (ECF No. 3-3).[1]  Saint-Gobain's investment was protected by the France-Venezuela Bilateral Investment Treaty of April 15, 2004 ("the Treaty").  *Id*., Ex.1, ¶ 5 (ECF No. 3-1).  Pursuant to the terms of the Treaty, Saint-Gobain commenced arbitration seeking compensation for the loss of its investment from Venezuela.  Saint-Gobain's request for arbitration was formally registered as ICSID Case Number ARB/12/13 on June 15, 2012, by the International Centre for Settlement of Disputes ("ICSID").  On December 30, 2016, an ICSID Tribunal rendered a Decision on Liability and the Principles of Quantum ("Decision on Liability").  *Id.*, Ex. 3 (ECF No. 3-3).

On November 3, 2017, the Tribunal issued its Final Award ("Award") detailing the quantum of compensation Venezuela owed Saint-Gobain.  The Award orders Venezuela to pay Saint-Gobain compensation as follows:

(i)     US$ 29.6 million as the principal amount of compensation for the expropriation of Saint-Gobain's investment in Venezuela;

(ii)    US$ 4.8 million as pre-award interest from May 15, 2010 through March 31, 2017, with further pre-award interest through November 3, 2017 to be calculated at a rate equal to 2% over the average six-month U.S. Treasury bill rate, compounded annually;

(iii)   Post-award interest on the principal amount of compensation at a rate equal to 2% over the average six-month U.S. Treasury bill rate, compounded annually;

(iv)    The costs of the arbitration, in the amount of US$ 1,303,189.99;

---

[1] Over the course of the litigation, four separate declarations have been submitted by Alexander Yanos on behalf of Saint-Gobain. *See* "First Yanos Decl." (ECF No. 3); "Second Yanos Decl." (ECF No. 9); "Third Yanos Decl." (ECF No. 11); and "Fourth Yanos Decl." (ECF No. 43-3).

(v)    Two-thirds of Saint-Gobain's legal fees and expenses in the amount of US$ 4,634,532.05; and

(vi)    Post-award interest on costs at a rate equal to 2% over the average six-month U.S. Treasury bill rate, compounded annually.

*Id.*, Ex. 1, ¶ 72 (ECF No. 3-1).

Following the issuance of the Award, Venezuela ignored repeated requests that it pay the sums owed to Saint-Gobain.  As a result, on December 12, 2018, Saint-Gobain filed this action before the United States District Court for the District of Delaware to enforce the pecuniary obligations of the Award against Venezuela and its alter-ego Petróleos de Venezuela S.A. ("PDVSA") pursuant to 22 U.S.C. § 1650a.[2]  *See* ECF No. 1.  Judge Stark found that Saint-Gobain had properly served Venezuela pursuant to Foreign Sovereign Immunities Act and the Hague Service Convention and then transferred these proceedings to this district for further action.  *See* ECF No. 39.

Before this Court, Saint-Gobain moved for summary judgment on March 9, 2020.  ECF No. 43.  Venezuela filed a cross motion to dismiss on April 6, 2020.  ECF No. 45.  On February 1, 2021, this Court issued its Final Order affirming the validity of Saint-Gobain's service upon Venezuela, denying Venezuela's motion to dismiss, and granting Saint-Gobain's motion for summary judgment.  *See* ECF Nos. 54–55.  However, on January 25, 2022, the United States Court of Appeals for the District of Columbia Circuit issued a judgment reversing the Court's order, finding that Saint-Gobain's service upon Venezuela was not effective.  *See* ECF NO. 64-1.

On December 1, 2022, back before this Court, Saint-Gobain filed a request for the Clerk

---

[2] At the time, the District of Delaware had already ruled that PDVSA was Venezuela's alter ego. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 333 F. Supp. 3d 380, 414 (D. Del. 2018) (finding that "PDVSA may be deemed the alter ego of Venezuela . . .").

to initiate diplomatic service upon Venezuela pursuant to 28 U.S.C. § 1608(a)(4). *See* ECF No. 71. On December 6, 2022, the Clerk of Court filed a certificate confirming the mailing of two copies of the summons, complaint, and notice of suit, along with translations of the same, by certified mail to the United States Department of State. ECF No. 74. Then, on June 1, 2023, Saint-Gobain received by mail a certified copy of the diplomatic note confirming that service was completed. ECF No. 81-1.

Once served, Venezuela stipulated to a consent judgment, which this Court granted on August 2, 2023. ECF No. 89. By entering into the consent judgment, Venezuela acknowledged the validity of the Award but has made no offer to fulfill its pecuniary obligations to Saint-Gobain under the Award.

Since the initiation of these proceedings, a clock has been ticking—counting down the days until the Delaware District Court approves an auction in PDVSA's shares in PDV Holding ("PDVH"). In particular, in 2018, the Delaware District Court granted Canadian mining company Crystallex a writ of attachment after determining that PDVSA was the alter ego of Venezuela. *Id.* That decision was subsequently affirmed by the Third Circuit, and the Supreme Court denied Venezuela's application for *certiorari* to review that decision. *See Crystallex Int'l Corp. v. Bolivarian Republic of Venez. (In re Petróleos de Venez., S.A.)*, 932 F.3d 126, 132 (3d Cir. 2019), *cert. denied*, 206 L. Ed. 2d 936 (U.S. 2020). Then, the Delaware District court has appointed a special master and begun the process of organizing an auction of the PDVH shares. *See* Memorandum Order Appointing Robert B. Pincus, Esq. as Special Master, *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 1:17-mc-00151, (D. Del. Apr. 28, 2021), ECF No. 258. Most recently, the court set a tentative date for a hearing on the sale of the relevant assets as July 15, 2024. *See* Memorandum Order Addressing Additional Judgment Creditors and Priority,

*Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 1:17-mc-00151, (D. Del. July 27, 2023), ECF No. 646 at 2.

In the time since the first judgment was entered against Venezuela in this case and the Court entered the parties' consent judgment, a line of judgment creditors has queued in the District of Delaware behind Crystallex, all seeking to attach the shares owned by PDVSA.  For example, ConocoPhillips registered an approximately US$ 2 billion judgment from the United States District Court for the Southern District of New York based on an arbitral award against PDVSA with the Delaware District Court on November 29, 2019.  *See Phillips Petro. Co. Venez. Ltd. et al v. Petróleos de Venez., S.A. et al.*, 1:19-mc-00342, (D. Del. Nov. 26, 2011) ECF No. 1. ConocoPhillips simultaneously moved for a writ allowing it to attach and auction the same PDVH shares, which remains pending, *id*. at ECF No. 2, and has participated in briefing concerning the organization of a prospective auction of PDVH shares as a nonparty intervenor in the *Crystallex* proceedings before the Delaware District Court.  *See* Non-Parties Phillips Petro. Co. Venez. Ltd. and ConocoPhillips Petrozuata B.V.'s Opening Brief Regarding Conduct of PDV Holdings, Inc. Share Sale, *Crystallex Int'l Corp.*, 1:17-mc-00151, (D. Del. June 17, 2020) ECF No. 180.

Likewise, O.I. European Group B.V. ("OIEG"), a subsidiary of Owens Illinois, registered a US$ 382 million judgment from the United States District Court for the District of Columbia, based on still another international arbitration award, with the District Court in Delaware and moved for a writ of attachment as to the PDVH shares on November 4, 2019.  *See OI European Grp. B.V. v. Bolivarian Republic of Venez.*, 1:19-mc-290 (D. Del. Nov. 4, 2019), ECF Nos 1, 2. OIEG then filed an amended motion for a writ of attachment, which the Court heard oral argument upon along with a similar motion from Huntington Ingalls (formerly known as Northrop Grumman).  *See id*. at ECF No. 92 (Official transcript of April 30, 2021 hearing); *see also* Minute

Entry for proceedings held before Judge Leonard P. Stark, *Northrop Grumman Ship Sys., Inc. v. The Min. of Def. of the Rep. of Venez.*, 1:20-mc-00257-LPS (Apr. 30, 2021). Just this past March, the Delaware District Court granted conditional writs of attachments to OIEG, as well as to Huntington Ingalls, and other creditors, including ACL1 Investments Ltd., Rusoro Mining Limited, Gold Reserve Inc., and Koch Minerals Sarl. *See*, *e.g.*, *OI European Grp. B.V. v. Bolivarian Republic of Venezuela*, No. 19-290-LPS, 2023 U.S. Dist. LEXIS 49287 (D. Del. Mar. 23, 2023). The Third Circuit affirmed that holding on July 7, 2023. *See OI European Grp. B.V. v. Bolivarian Republic of Venezuela Petroleos de Venezuela*, 73 F.4th 157 (3d Cir. 2023).

Based on the terms of a recent decision in the District of Delaware, any party seeking to participate in the sale process will need to: (1) register a judgment in Delaware; (2) seek to attach the relevant shares of PDVSA and, in the process, establish that Venezuela and PDVSA are alter egos; and (3) attach the relevant shares, all potentially before February 20, 2024.[3] *See* Memorandum Order Addressing Additional Judgment Creditors and Priority, *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 1:17-mc-00151, (D. Del. July 27, 2023), ECF No. 646. This would necessarily include resolution of any appeals in relation to any orders finding that Venezuela and PDVSA are alter egos. Time, as a result, is of the essence if Saint-Gobain is to participate in the auction.

As a result, Saint-Gobain now requests this Court's permission to register its Judgment in the District Court of the District of Delaware. In addition, based on the circumstances set forth above, Saint-Gobain asks this court to find that a reasonable period of time has elapsed to allow attachment of Venezuelan assets to fulfill the 2017 Award.

---

[3] The Delaware District Court has asked the Special Master to confer with the parties to determine what the operative date should be, but specifically asked the Special Master to address whether it should be February 20, 2024.

6

## ARGUMENT

### I.     RELIEF PURSUANT TO 28 U.S.C. § 1963 IS WARRANTED.

Saint-Gobain respectfully requests that this Court enter an order pursuant to 28 U.S.C. § 1963, granting Saint-Gobain permission to register the Judgment in other judicial districts of the United States, including in particular the District of Delaware. The Court has already granted this relief to Saint-Gobain before. *See* ECF No. 62.

Section 1963 provides that a party may register a judgment in another judicial district "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. "Good cause can be established by an absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Non-Dietary Exposure Task Force v. Tagros Chems. India, Ltd.*, 309 F.R.D. 66, 69 (D.D.C. 2015) (internal quotations omitted); *see also Spray Drift Task Force v. Burlington Bio-Medical Corp.*, 429 F. Supp. 2d 49, 51-52 (D.D.C. 2006) (finding "good cause to authorize the registration of this judgment in other U.S. District Courts" where judgment debtor "lack[ed] assets in the District of Columbia but possesse[d] assets elsewhere").

Here, good cause exists to allow Saint-Gobain to proceed with registering its judgment in another judicial district. Saint-Gobain has not identified any commercial assets belonging to Venezuela in the District of Columbia. Such assets have, however, been located in the District of Delaware—specifically Venezuela's shareholdings, through its state oil company and alter ago, PDVSA, PDVH, the indirect parent of CITGO Petroleum ("CITGO").[4] *See Crystallex Int'l Corp.*,

---

[4] Saint-Gobain reserves the right to seek appropriate discovery into other Venezuelan commercial assets in the United States and worldwide. *See generally Republic of Arg. v. NML Cap., Ltd.,* 573 U.S. 134 (2014). That said, given the number and scope of awards and judgments against

333 F. Supp. 3d at 414 (finding that "PDVSA may be deemed the alter ego of Venezuela").

The timing of the proceedings seeking to collect on judgments against Venezuela in the Delaware District Court, *see supra*, confirm the urgency of Saint-Gobain's motion under 28 U.S.C. § 1963. Given Venezuela's public record on matters identical to these, there is no chance that Venezuela will voluntarily pay the Judgment. Good cause therefore exists for the Court to authorize Saint-Gobain to register its judgment against Venezuela in the District of Delaware so that it too may participate in the auction process before it is too late.

## II.    RELIEF PURSUANT TO 28 U.S.C. § 1610(C) IS WARRANTED.

Section 1610(c) of the Foreign Sovereign Immunities Act ("FSIA") provides that, when a judgment has been entered against a foreign state, attachment of the foreign state's property in the United States in execution of the judgment is permitted once "the court has . . . determined that a reasonable period of time has elapsed following the entry of judgment . . . ." 28 U.S.C. § 1610(c). Section 1610(c) does not define what constitutes a "reasonable period of time[,]" leaving it to the discretion of the Court to consider on a case-by-case basis. In doing so, courts "should be informed by an examination of the procedures necessary for the foreign state to pay the judgment (such as the passage of legislation), evidence that the foreign state is actively taking steps to pay the judgment, and evidence that the foreign state is attempting to evade payment of the judgment." *See Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (citing H.R. Rep. 1487, 94th Cong., 2d Sess. 1, 30 (1976), reprinted in 1976 U.S. Code Cong. & Admin. News 6604, 6629).

Under more usual circumstances, courts have found a "reasonable" period of time to have

---

Venezuela, and the ongoing efforts of numerous judgment creditors, it is unlikely that such assets can be identified.

passed after two months of the court's the entry of judgment.  *See Owens v. Republic of Sudan*, 141 F. Supp. 3d 1, 9 (D.D.C. 2015) ("Although the necessary interim 'will of course vary according to the nuances of each case,' courts have found periods of three months and less reasonable.") (quoting *Ned Chartering & Trading, Inc.*, 130 F. Supp. 2d at 67); *see also, e.g.*, *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, No.: 16-cv-0661 (RC), 2017 U.S. Dist. LEXIS 221611, *2–3 (D.D.C. June 9, 2017) (finding that "two months is a reasonable time" and counting time elapsed since filing a motion under 28 U.S.C. § 1610(c) was filed 18 days after entry of judgment); *Karaha Bodas Co., L.L.C., v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, No: H-01-0634, 2002 U.S. Dist. LEXIS 3976, at *4 (S.D. Tex. Jan. 24, 2002) (finding that a reasonable period of time had elapsed at 50 days from entry of judgment); Order, *Gold Reserve v. Bolivarian Republic of Venez.*, No. 14-cv-2014 (JEB) (D.D.C. Jan. 20, 2016) ECF No. 48 (two months after entry of judgment); *Ned Chartering*, 130 F. Supp. 2d at 67 (six weeks).

But other courts, looking at the unique circumstances of a particular case, have found a reasonable time to have passed as soon as 10 days after the entry of judgment.  *See Elliott Assocs., L.P. v. Banco de la Nacion*, 96 Civ. 7916 (RWS), 96 Civ. 7917 (RWS), 2000 U.S. Dist. LEXIS 15649, at *1 (S.D.N.Y. June 22, 2000) (ten days after entry of judgment).

This case presents such unique procedural facts justifying a finding that a reasonable time has passed in the days after the entry of judgment.  In particular, while it has been 5 days since the Court's Order entering final judgment and confirming the Award, *see* ECF No. 89, it has been ***a year and five months*** since the Court first confirmed the Award, *see* ECF No. 54, and more than ***five years*** since the Award itself was rendered, *see* First Yanos Decl., Ex. 1, ¶ 72 (ECF No. 3-1). (Award dated November 3, 2017).  While Venezuela successfully sought the reversal of the Court's original summary judgment order, it did so on the basis of invalid service—not on a

challenge to the Award's validity.  Since the Court's first order, Venezuela clearly understood that the Award required it to pay Saint-Gobain.  Indeed, Venezuela's stipulation to the entry of a consent judgment after the latest round of service proves that Venezuela never had a defense on the merits of enforcing the Award.  It is apparent Venezuela understood the validity of its obligations to pay Saint-Gobain every day since November 3, 2017.  *See* ECF No. 87; *see also Karaha Bodas,* 2002 U.S. Dist. LEXIS 3976, at *6 (noting that the foreign sovereign entity "[knew] the extent of its potential liability for over a year . . . when the Arbitral Tribunal issued its final award").

So, while the amount of time since the Court's latest order seems brief at first glance, the procedural history of this case makes it clear that Venezuela has had more than a reasonable period of time to satisfy its obligations to Saint-Gobain.  Under these circumstances, the days following this Court's entry of final judgment amount to a reasonable period of time for Venezuela to arrange for the payment of the Award, or at the very least to make a representation to this Court that it intends to do so.  Venezuela has done neither.

Venezuela's failure to take any steps in this regard is unsurprising.  Indeed, Venezuela's habitual practice is to avoid payment of its international obligations, as evidenced by the need for creditors repeatedly to seek the assistance of United States district courts in holding Venezuela to its obligations under international arbitration awards.  *See*, *e.g.*, *Crystallex Int'l Corp. v. Bolivarian Republic of Venez.*, 1:17-mc-00151 (D. Del. filed June 19, 2017); *OI European Grp. B.V. v. Bolivarian Republic of Venez. et al.,* 1:19-mc-00290 (D. Del. filed Nov. 4, 2019); *Valores Mundiales, S.L., et al. v. Bolivarian Republic of Venez.*, 1:19-cv-00046 (D.D.C. filed Jan. 8, 2019); *Koch Minerals Sàrl, et al. v. Bolivian Republic of Venez.*, 1:17-cv-02559 (D. Del. filed Nov. 28, 2017); *Tenaris S.A et al v. Bolivarian Republic of Venez.*, 1:18-cv-1371 (D.D.C. filed June 8,

2018); *Tenaris S.A et al v. Bolivarian Republic of Venez.*, 1:18-cv-1373 (D.D.C. filed June 8, 2018); *Vestey Grp. Ltd v. Bolivarian Republic of Venez.*, 1:18-cv-01456 (D.D.C. filed June 20, 2018); *Tidewater Inv. SRL, et al. v. Bolivarian Republic of Venez.*, 1:19-mc-00079 (D. Del. filed Apr. 3, 2019); *Northrop Grumman Ship Sys, Inc. v. Bolivarian Republic of Venez.*, 1:20-mc-00257-LPS (D. Del. filed July 31, 2020).  In each of these cases, Venezuela has failed voluntarily to satisfy the international arbitration awards rendered against it.  Nor has it posted a bond in support of its appeals from the orders enforcing arbitration awards against it.  There is no reason to expect Venezuela to vary this pattern here.  A "reasonable period of time" has passed and the Court should accordingly grant relief under 28 U.S.C. § 1610(c).

## CONCLUSION

For these reasons, the Court should find that a reasonable period of time has elapsed within the meaning of 28 U.S.C. § 1610(c), and that good cause exists to permit registration of this Court's judgment in Delaware.  A proposed Order is respectfully attached for the Court's consideration.

Dated:  August 7, 2023                          Respectfully submitted,


                                                /s/ *Alexander A. Yanos*
                                                ALSTON & BIRD LLP
                                                Alexander Yanos
                                                90 Park Avenue
                                                New York, NY 10016
                                                Telephone: 212-210-9400
                                                Facsimile: 212-210-9444
                                                alex.yanos@alston.com

                                                *Counsel for Plaintiff Saint-Gobain Performance Plastics Europe*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2023, I caused the foregoing document to be electronically filed through this Court's CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

/s/ Alexander A. Yanos
Alexander A. Yanos