IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE,<br><br>        *Plaintiff*,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA,<br><br>        *Defendant*. | Case No. 1:20-cv-00129-RC |

**DEFENDANT BOLIVARIAN REPUBLIC OF VENEZUELA'S
RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF
PURSUANT TO 28 U.S.C. § 1610(c) AND 28 U.S.C. § 1963**

Defendant Bolivarian Republic of Venezuela (the "Republic") opposes the motion of Plaintiff Saint-Gobain Performance Plastics Europe for an order pursuant to 28 U.S.C. § 1610(c) that a reasonable period of time has elapsed since this Court's final judgment of August 2, 2023, confirming an arbitral award against the Republic, such that Plaintiff may seek to attach the Republic's assets in aid of execution of the judgment. The Republic takes no position on Plaintiff's motion for an order pursuant to 28 U.S.C. § 1963.

**ARGUMENT**

The Foreign Sovereign Immunities Act (FSIA) directs that "[n]o attachment or execution … shall be permitted until the court has … determined that a *reasonable period of time has elapsed following the entry of judgment*." 28 U.S.C. § 1610(c) (emphasis added). This provision reflects Congress's sensitivity to the respect owed to foreign sovereigns. *See Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001).

1

Plaintiff sought an order pursuant to § 1610(c) on August 7, 2023, *five days* after this Court issued its final judgment. *See* ECF Nos. 89, 90. Plaintiff cites no case in which a court deemed such a short period to constitute a "reasonable period of time" for purposes of § 1610(c). On the contrary, Plaintiff itself states that courts usually find "two months" to be a reasonable period of time. Mot. 8-9. Indeed, in another case against the Republic, one court has ruled that *seven months* was a reasonable period of time. Order, *Pharo Gaia Fund Ltd. v. Bolivarian Republic of Venezuela*, No. 1:19-cv-03123-AT (S.D.N.Y. May 27, 2021), ECF No. 74. The sole case Plaintiff identifies that involved any period shorter than six weeks is *Elliott Associates, L.P. v. Banco de la Nacion*, 96 Civ. 7916 (RWS), 96 Civ. 7917 (RWS), 2000 U.S. Dist. LEXIS 15649, at *1 (S.D.N.Y. June 22, 2000) (ten days). But the court in that case offered no explanation for why such a short period was appropriate.

Plaintiff seeks to justify a departure from the norm on the ground that the Court first confirmed this award a year and five months ago. Mot. 9. But as Plaintiff concedes in the very next sentence, "Venezuela successfully sought the reversal of the Court's original summary judgment order." *Id.* Plaintiff contends that the fact that the reversal was due to invalid service means that the Court should overlook the D.C. Circuit's reversal of the original summary judgment order. But Plaintiff cites no legal principle requiring the Court to excuse Plaintiff's failure to serve process correctly.

Instead, Plaintiff argues that the "clock [is] ticking," and that "time … is of the essence if Saint-Gobain is to participate in the auction" of PDVSA's shares in PDV Holding in the District of Delaware. Mot. 4-6. But the time pressure that Plaintiff now faces is a situation of its own making.

As this Court is aware, in this case, although the Republic contested service of process on the Republic under the Hague Convention pursuant to 28 U.S.C. § 1608(a)(2), the Republic advised Plaintiff on numerous occasions—and expressly represented to this Court in April 2020—that it would not object to service of process via diplomatic channels. ECF No. 45-1. Yet for reasons that Plaintiff has never explained, Plaintiff chose not to do so. Instead, Plaintiff opted to spend several years litigating its erroneous position that it could validly serve the Republic simply by mailing documents to Venezuela's Hague Convention Central Authority. Only after the Supreme Court denied Plaintiff's petition for writ of certiorari in October 2022 did Plaintiff finally begin the process of serving the Republic through diplomatic channels.

Had Plaintiff initiated diplomatic service when the Republic advised it to do so, judgment would likely have been entered long ago, and Plaintiff would already be queuing with other judgment creditors in Delaware. Indeed, other litigants successfully served the Republic through diplomatic channels during the pendency of the protracted litigation about service of process in this case. *See, e.g.*, Status Rep., *Pharo Gaia Fund, Ltd. v. Bolivarian Republic of Venezuela*, No. 1:20-cv-08497-AT (S.D.N.Y. Mar. 8, 2021), ECF No. 17; Certificate of Service, *ACL1 Invs. Ltd. v. Bolivarian Republic of Venezuela*, No. 1:19-cv-09014- LLS (S.D.N.Y. Feb. 4, 2020), ECF No. 26; Letter, *Contrarian Cap. Mgmt., LLC v. Bolivarian Republic of Venezuela*, No. 1:19-cv-11018-AT-KNF (S.D.N.Y. Feb. 3, 2020), ECF No. 27.

It was the Republic's right and sovereign prerogative to insist upon Plaintiff's strict adherence to the text of the FSIA and established procedures for service of process. *See Saint-Gobain Performance Plastics Europe v. Bolivarian Republic of Venezuela*, 23 F.4th 1036, 1042 (D.C. Cir. 2022). Any injury to Plaintiff resulting from the need to wait for a reasonable period of time after the entry of final judgment is self-inflicted.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for relief pursuant to 28 U.S.C. § 1610(c).

Dated: August 21, 2023                                             Respectfully submitted,

_____
Kent A. Yalowitz
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
T: (212) 836-8000
F: (212) 836-8689
kent.yalowitz@arnoldporter.com

E. Whitney Debevoise
Sally Pei
Stephen K. Wirth
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., N.W.
Washington, D.C. 20001-3743
T: (202) 942-5000
F: (202) 942-5999
whitney.debevoise@arnoldporter.com
sally.pei@arnoldporter.com
stephen.wirth@arnoldporter.com

*Attorneys for the Bolivarian Republic of Venezuela*