**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE,<br><br>   Plaintiff,<br><br>   v.<br><br>BOLIVARIAN REPUBLIC OF VENEZUELA<br><br>   Defendant | Civil Action No.: 1:20-cv-00129-RC |

**PLAINTIFF SAINT-GOBAIN PERFORMANCE PLASTICS EUROPE'S**
**REPLY IN SUPPORT OF ITS MOTION FOR RELIEF PURSUANT TO**
**28 U.S.C. § 1610(C) AND 28 U.S.C. § 1963**

Plaintiff Saint-Gobain Performance Plastics Europe ("Plaintiff" or "Saint-Gobain") hereby

submits this Reply in support of its Motion for an Order requesting relief pursuant to 28 U.S.C. §

1963 and 28 U.S.C. § 1610(c).  ECF No. 90 ("Motion").

**ARGUMENT**

**I.    THE COURT SHOULD TRANSFER THESE PROCEEDINGS PURSUANT TO 28 U.S.C. § 1963.**

At the start, Venezuela takes no position as to Saint-Gobain's request for an order pursuant

to 28 U.S.C. § 1963 granting permission to register the Judgment in other judicial districts of the

United States, including in particular the District of Delaware. *See* ECF No. 91 ("Opp.") at 1.  For

the unchallenged reasons set forth in Saint-Gobain's Motion, the Court should find good cause

warranting permission for Saint-Gobain to register its judgment against Venezuela in the District

of Delaware so that it too may participate in the auction in the *Crystallex* proceedings before it is

too late.  Namely, Saint-Gobain has not identified any commercial assets belonging to Venezuela

in the District of Columbia.  It therefore desires to take part in the auction proceedings ongoing in

in the District of Delaware.

Of note, the Court may grant Saint-Gobain's request to transfer the proceedings, even if the Court were to deny Saint-Gobain's request for an order pursuant to Section 1610(c).  Saint-Gobain can petition the next district court for an order determining that a reasonable period of time has elapsed such that Saint-Gobain may seek to attach Venezuela's assets.  *See OI European Grp. B.V. v. Bolivarian Republic of Venez.*, No. 19-290-LPS, 2022 U.S. Dist. LEXIS 36631, at \*30–33 (D. Del. Mar. 2, 2022) (granting 1610(c) relief to creditors whose proceedings were transferred to the Delaware District Court pursuant to Section 1963).

## II.    THE COURT SHOULD FIND THAT A REASONABLE TIME HAS PASSED PURSUANT TO 28 U.S.C. § 1610(C).

While the Court may transfer these proceedings without granting Saint-Gobain's request for relief pursuant to Section 1610(c), Venezuela fails to proffer a legitimate reason as to why a "reasonable time" has not passed in the context of this case to fulfill Section 1610(c).  Yes, as Venezuela observes, Saint-Gobain filed the Motion five days after the Court issued the Judgment. *See* Opp. at 2.  But those 5 days have expanded to 21 days as of filing this Reply.  And, as Saint-Gobain plainly stated, "[t]his case presents such unique procedural facts justifying a finding that a reasonable time has passed in the days after the entry of judgment."  Motion at 9.  To determine whether a "reasonable time" has elapsed, the Court should consider factors such as "evidence that the foreign state is actively taking steps to pay the judgment[] and evidence that the foreign state is attempting to evade payment of the judgment." *Ned Chartering & Trading, Inc. v. Republic of Pak.*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001).  Both factors weigh toward finding a reasonable time has passed in this case.

*First*, there is no evidence that Venezuela has taken *any* steps to pay the Award.  To date, Saint-Gobain has received no assurances from Venezuela that it is in the process of paying the

amount owed under the Award since November 3, 2017.  Rather than state otherwise in its Opposition, Venezuela focuses on the short amount of time that has passed between Saint-Gobain's Moton and the date of the Judgment.  Venezuela further emphasizes the delay caused by service through diplomatic channels.  *See* Opp. at 3.  Venezuela's shortened timeline is misleading.

It is uncontroverted that Venezuela has been aware of its obligation  under the applicable treaty between France and Venezuela, the ICSID Convention, and 22 U.S.C.S. § 1650a to fulfill the terms of the Award since November 3, 2017.  For as much as Venezuela focuses on service of the petition to convert the award into a Judgement in the District of Columbia, it ignores that, under 22 U.S.C. § 1650a, the Award's "pecuniary obligations imposed" upon Venezuela were to be "given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States" from the moment the award was rendered.  22 U.S.C.S. § 1650a(a).  The Treaty and the ICSID Convention also obligated Venezuela to pay from that moment forward.

It follows that the length of time that it took for Saint-Gobain to complete service on Venezuela says nothing as to the length of time that has passed since Venezuela knew of its obligation to pay Saint-Gobain under the terms of the Award.  *See Karaha Bodas Co., L.L.C., v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,* No: H01-0634, 2002 U.S. Dist. LEXIS 3976, at *6 (S.D. Tex. Jan. 24, 2002) (noting that the foreign sovereign entity "[knew] the extent of its potential liability for over a year . . . when the Arbitral Tribunal issued its final award").  Indeed, the fact that Venezuela posited *no* defense as to why the Court could not enforce the Award concedes the Award's validity and lays bare Venezuela's knowledge that payment of the Award was overdue well in advance of the Judgment.  Simply put, this is not a case where the defendant's obligations were uncertain until the Judgment was rendered.   If anything, Venezuela has benefited

from the elongated service efforts.  Venezuela had ample time to plan and initiate payment before the Court issued its Judgment.  Yet Venezuela puts forth *no* argument in the opposition as to why the length of time that has passed is insufficient for it to at least signal its initiation of payment to Saint-Gobain.

*Second*, Saint-Gobain has presented the Court with evidence that Venezuela is attempting to evade payment of the judgment.  In its Motion, Saint-Gobain listed a long, non-exhaustive list of cases brought by creditors seeking to execute overdue payments from Venezuela.  Motion at 10-11.  Venezuela's Opposition makes no effort to assuage this evidence of its evasion of paying debts. To the contrary, it emphasizes *additional* cases creditors initiated during the pendency of Saint-Gobain's enforcement efforts before this Court.  *See* Opp. at 3 (citing *Pharo Gaia Fund, Ltd. v. Bolivarian Republic of Venezuela,* No. 1:20-cv-08497-AT (S.D.N.Y. Mar. 8, 2021); *ACL1 Invs. Ltd. v. Bolivarian Republic of Venezuela,* No. 1:19-cv-09014- LLS (S.D.N.Y. Feb. 4, 2020); *Contrarian Cap. Mgmt., LLC v. Bolivarian Republic of Venezuela,* No. 1:19-cv-11018-AT-KNF (S.D.N.Y. Feb. 3, 2020)).

* * *

It has been more than *five years* since the Award was rendered, *see* First Yanos Decl., Ex. 1, ¶ 72 (ECF No. 3-1).  In that time, Venezuela has made no showing of its intent to pay Saint-Gobain the amount owed under the Award.  To the contrary, Venezuela has developed an extensive, unprecedented record across the dockets of various federal courts, evidencing its strategy to evade paying the debts it owes.  The unique facts before the Court provide ample basis to break from the more usual course of cases and find that a reasonable time has passed since August 2, 2023, for Saint-Gobain to attach Venezuela's assets and fulfill the Judgment.

## CONCLUSION

For these reasons, the Court should find that a reasonable period of time has elapsed within

the meaning of 28 U.S.C. § 1610(c), and that good cause exists to permit registration of this Court's

judgment in Delaware.  If the Court were to find that a reasonable time has not passed to fulfill

Section 1610(c), it should nonetheless promptly allow Saint-Gobain to transfer the judgment to

those districts in which it can seek an execution of the Judgment.

Dated: August 23, 2023                    Respectfully submitted,


                                          /s/ *Alexander A. Yanos*
                                          ALSTON & BIRD LLP
                                          Alexander Yanos
                                          90 Park Avenue
                                          New York, NY 10016
                                          Telephone: 212-210-9400
                                          Facsimile: 212-210-9444
                                          alex.yanos@alston.com

                                          *Counsel for Plaintiff Saint-Gobain Performance*
                                          *Plastics Europe*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2023, I caused the foregoing document to be electronically filed through this Court's CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Alexander A. Yanos*
Alexander A. Yanos