# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| SAINT GOBAIN PERFORMANCE PLASTICS EUROPE, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 20-0129 (RC) |
| | : | | |
| v. | : | Re Document No.: | 90 |
| | : | | |
| BOLIVARIAN REPUBLIC OF VENEZUELA, | : | | |
| | : | | |
| Defendant. | : | | |

## ORDER

### GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO 28 U.S.C. § 1610(C) AND 28 U.S.C. § 1963

On August 2, 2023, the Court issued a consent judgment to enforce Plaintiff's arbitration award against Defendant, the Bolivarian Republic of Venezuela ("Venezuela"). *See* Consent J., ECF No. 89. On August 7, 2023, Plaintiff moved (1) pursuant to 28 U.S.C. § 1963 for an order, on good cause shown, permitting Plaintiff to register in the District of Delaware; and (2) pursuant to 28 U.S.C. § 1610(c) for an order determining that a reasonable period of time has elapsed since the consent judgment was entered such that Plaintiff may seek to attach Venezuela's assets in aid of execution of that judgment. *See generally* Pl.'s Mot., ECF No. 90. Venezuela takes no position on the § 1963 motion and opposes the § 1610(c) motion on the ground that a reasonable period of time has not yet elapsed. *See generally* Def.'s Opp'n, ECF No. 91.

Under § 1963, a party may register a judgment in another judicial district "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." Good cause "can be established by an

absence of assets in the judgment forum, coupled with the presence of substantial assets in the registration forum." *Spray Drift Task Force v. Burlington Bio-Med. Corp.*, 429 F. Supp. 2d 49, 51 (D.D.C. 2006) (citation omitted).  Here, Plaintiff explains, and Venezuela does not contest, that Plaintiff "has not identified any commercial assets belonging to Venezuela in the District of Columbia," while "[s]uch assets have . . . been located in the District of Delaware—specifically, Venezuela's shareholdings, through its state oil company and alter ego."  Pl.'s Mot. at 7.  Accordingly, the Court finds that Plaintiff has shown good cause to support an order permitting it to register the judgment in the District of Delaware.  *See Koch Minerals Sarl v. Bolivarian Republic of Venezuela*, No. 17-cv-2559, 2022 WL 521747, at *4 (D.D.C. Feb. 22, 2022) ("Because [Venezuela] lacks assets in the District of Columbia but retains significant assets in the District of Delaware, the Court finds good cause exists sufficient to grant [Plaintiffs'] motion to register judgment in any judicial district, including Delaware." (citation omitted)).

Under § 1610(c), a party seeking to attach the property of a foreign state located in the United States can do so only when "the court has . . . determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter."  "While 28 U.S.C. § 1610(c) does not specify what amount of time constitutes a 'reasonable time,' leaving this judgment to the Court's discretion, a court making this determination should consider the procedures the foreign state must take to pay the judgment, evidence that the foreign state is attempting to pay the judgment, and evidence that the foreign state is attempting to evade its obligation."  *Saint Gobain Performance Plastics Europe v. Bolivarian Republic of Venezuela*, No. 10-cv-129, 2021 WL 6644369, at *1 (D.D.C. July 13, 2021).

Plaintiff filed its motion just five days after entry of judgment and less than a month has passed since entry of judgment as of the date of this Order.  *See* Pl.'s Mot.  While courts in this District "have determined that a period of three months will typically satisfy the reasonable time requirement," and "even periods as short as six weeks have been considered reasonable," *Saint Gobain*, 2021 WL 6644369, at *1, Plaintiff points to no case in this district in which a Court has endorsed as reasonable a waiting period of less than a month.[1]  *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, No. 16-cv-661, 2017 WL 6349729, at *1 (D.D.C. June 9, 2017) (finding that "60 days constitutes a reasonable time" given "Respondent's failure to assert that it is attempting to pay the judgment or provide any evidence off such efforts" and noting that a 60-day threshold "is in harmony with the conclusions of other courts in this circuit").  Accordingly, the Court denies without prejudice Plaintiff's motion for an order pursuant to § 1610(c).

Accordingly, it is hereby **ORDERED** that:

1. Plaintiff's motion (ECF No. 90) is **GRANTED in part** and **DENIED in part**;

2. Plaintiff has shown good cause under 28 U.S.C. § 1963 to register the judgment in the District of Delaware; and

3. a reasonable time has not passed since entry of judgment, so Plaintiff's motion for an order pursuant to 28 U.S.C. § 1610(c) is **DENIED** without prejudice.

**SO ORDERED**.

Dated:  August 31, 2023                                                              RUDOLPH CONTRERAS
                                                                                               United States District Judge

---

[1] Plaintiff points to one out-of-circuit case in which a court issued an order pursuant to § 1610(c) after just weeks, but that court offered no explanation in its one-page order, so the Court has no basis on which to credit it as persuasive authority.  *See Elliott Assocs. v. Banco de la Nacion*, No. 96 Civ. 7916, No. 96 Civ. 7917, 2000 U.S. Dist. LEXIS 15649 (S.D.N.Y. June 22, 2000).